UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT -4  P 4: 15

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MARLENE V. ALLEN, Executrix of the Estate of JAMES R. ALLEN, PH.D.,,<br><br>Plaintiff<br><br>v.<br><br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATIONAL RAILROAD PASSENGER SERVICE (A/K/A "AMTRAK") AND CSX TRANSPORTATION, INC.,<br><br>Defendant. | Civil Action<br>No. **04-12080-PBS** |

## DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S ANSWER AND JURY DEMAND

The defendant National Railroad Passenger Corporation ("Amtrak") hereby answers the

plaintiff's Complaint as follows:

1.      The defendant is presently without sufficient information so as to form a belief as to the

allegation set forth in Paragraph One of the plaintiff's Complaint.

2.      The defendant admits that the MBTA is a corporate body politic organized under the laws

of the Commonwealth of Massachusetts with its usual place of business at Ten Park

Plaza, Boston, Suffolk County, Massachusetts.

3.      The defendant denies that it is accurately identified in the Plaintiff's Complaint and

admits that it is known as the National Railroad Passenger Corporation ("Amtrak"). The

defendant admits the remainder of the allegations contained within Paragraph Three of

the Plaintiff's Complaint.

4.    The defendant is presently without sufficient information so as to form a belief as to the allegation set forth in Paragraph One of the plaintiff's Complaint.

5.    The information set forth in Paragraph Five of the plaintiff's Complaint is not an allegation which calls for a response. To the extent the allegations of Paragraph Five call for a response, Denied.

**Factual Background**

6.    The defendant admits that James Allen ("Dr. Allen") boarded a commuter rail train owned by the MBTA and operated by Amtrak at the Wellesley Hills commuter rail station on July 30, 2002. The defendant denies the remainder of the allegations contained in Paragraph Six of the plaintiff's Complaint.

7.    The defendant denies the allegations contained within Paragraph Seven of the plaintiff's Complaint.

8.    The defendant denies the allegations contained within Paragraph Eight of the plaintiff's Complaint.

9.    The defendant denies the allegations contained within Paragraph Nine of the plaintiff's Complaint.

10.    The defendant admits that the Newton-Wellesley Hospital is located approximately one mile from the Auburndale commuter rail station. The defendant further admits that the Newton Fire Station No. 2 is located approximately six-tenths of a mile from the Auburndale commuter rail station. The defendant denies the remainder of the allegations contained within Paragraph Ten of the plaintiff's Complaint.

11.    The defendant denies the allegations contained within Paragraph Eleven of the plaintiff's Complaint.

12.    The defendant denies the allegations contained within Paragraph Twelve of the plaintiff's Complaint.

13.    The defendant denies the allegations contained within Paragraph Thirteen of the plaintiff's Complaint.

14.    The defendant denies the allegations contained within Paragraph Fourteen of the plaintiff's Complaint.

15.    The defendant admits that the Newton Police Headquarters is located as alleged by the plaintiff in Paragraph Fifteen of the Complaint and denies the remainder of the allegations therein.

16.    The defendant denies the allegations contained within Paragraph Sixteen of the plaintiff's Complaint.

17.    The defendant denies the allegations contained within Paragraph Seventeen of the plaintiff's Complaint.

18.    The defendant admits that the Newton Fire Station #4 is located as alleged by the plaintiff in Paragraph Eighteen of the Complaint and denies the remainder of the allegations therein.

19.    The defendant denies the allegations contained within Paragraph Nineteen of the plaintiff's Complaint.

20.    The defendant denies the allegations contained within Paragraph Twenty of the plaintiff's Complaint.

<u>**COUNT I**</u>

Wrongful Death - Compensatory Damages

21.    Defendant incorporates each of its responses to Paragraphs One through Twenty above as if fully set forth herein.

22.    The defendant denies the allegations set forth in Paragraph Twenty-Two of the plaintiff's Complaint.

23.    The defendant denies the allegations set forth in Paragraph Twenty-Three of the plaintiff's Complaint.

24.    The defendant denies the allegations set forth in Paragraph Twenty-Four of the plaintiff's Complaint.

25.    The defendant denies the allegations set forth in Paragraph Twenty-Five of the plaintiff's Complaint.

WHEREFORE, the defendant denies that the plaintiff is entitled to the relief sought and respectfully requests this court deny the plaintiff the damages sought, dismiss Count I, and award the defendant its costs and fees associated with its defense of this matter.

## COUNT II

### Wrongful Death - Punitive Damages

26.    Defendant incorporates each of its responses to Paragraphs One through Twenty-Five above as if fully set forth herein.

27.    The defendant denies the allegations set forth in Paragraph Twenty-Seven of the plaintiff's Complaint.

28.    The defendant denies the allegations set forth in Paragraph Twenty-Eight of the plaintiff's Complaint.

WHEREFORE, the defendant denies that the plaintiff is entitled to the relief sought and respectfully requests this court deny the plaintiff the damages sought, dismiss Count II, and award the defendant its costs and fees associated with its defense of this matter.

## Count III

### Violations of Mass.Gen.L. C. 93A

29.    Defendant incorporates each of its responses to Paragraphs One through Twenty-Eight above as if fully set forth herein.

30.    The defendant denies the allegations set forth in Paragraph Thirty of the plaintiff's Complaint.

31.    The defendant denies the allegations set forth in Paragraph Thirty-One of the plaintiff's Complaint.

32.    The defendant denies the allegations set forth in Paragraph Thirty-Two of the plaintiff's Complaint.

33.    The defendant denies the allegations set forth in Paragraph Thirty-Three of the plaintiff's Complaint.

WHEREFORE, the defendant denies that the plaintiff is entitled to the relief sought and respectfully requests this court deny the plaintiff the damages sought, dismiss Count III, and award the defendant its costs and fees associated with its defense of this matter.

## DEFENDANT'S DEMAND FOR TRIAL BY JURY

The National Railroad Passenger Corporation demands a trial by jury as to all counts so triable.

## AFFIRMATIVE DEFENSES

1.  The plaintiff has failed to state a claim upon which relief can be granted.

2.  The plaintiff is not entitled to recover because the decedent's death was not caused by the defendant.

3.  The defendant did not breach its duty of care owed to the decedent.

4.  The defendant is not engaged in trade or commerce and thus is not liable pursuant to M.G.L. c. 93A.

5.  The plaintiff failed to comply with the requirements of M.G.L. c. 93A, §§ 2 and 9.

6.  The damages alleged by the plaintiff were, if at all, caused by an individual or entity over which the defendant bears no legal control or responsibility.

7.  The alleged acts or omissions of the defendant were not the proximate cause of the decedent's death or any damages/injuries alleged to have been suffered by the plaintiff.

8.  The plaintiff's claims are preempted, in whole or in part, by federal law.

National Railroad Passenger Corporation,
Defendant,
By its Attorneys,

Michael J. McCormack
BBO #329680

and

David T. Mitrou
BBO #645775
McCORMACK & EPSTEIN
One International Place
Boston, MA 02110
(617) 951-2929

Date: October 4, 2004

## Service List

1.    Plaintiff

     Leo v. Boyle
     Bradley Henry
     Meehan, Boyle, Black & Fitzgerald
     Two Center Plaza, Suite 600
     Boston, MA 02108

2.    Massachusetts Bay Transportation Authority

     William Dailey, Jr.
     Sloane & Walsh
     Three Center Plaza
     Boston, MA 02108

3.    CSX Transportation Inc.

     Michael Flynn
     Flynn & Associates, P.C.
     400 Crown Colony Drive, Suite 200
     Quincy, MA 02169

### CERTIFICATE OF SERVICE

I, David T. Mitrou, hereby certify that on October 4, 2004 I served the attached pleading upon all parties, mailing a copy by mail to all counsel listed above.