MAS-20030912
guen

09/28/2004
03:01 PM

# Commonwealth of Massachusetts
## SUFFOLK SUPERIOR COURT
### Case Summary
### Civil Docket

## SUCV2004-03234
### Allen, Executrix v MBTA et al

| | | | | |
|---|---|---|---|---|
| File Date | 07/21/2004 | Status | Disposed: transfered to other court (dtrans) | |
| Status Date | 09/28/2004 | Session | B - Civil B | |
| Origin | 1 | Case Type | B99 - Misc tort | |
| Lead Case | | Track | F | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Service | 10/19/2004 | Answer | 12/18/2004 | Rule12/19/20 | 12/18/2004 |
| Rule 15 | 12/18/2004 | Discovery | 05/17/2005 | Rule 56 | 06/16/2005 |
| Final PTC | 07/16/2005 | Disposition | 09/14/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Marlene V Allen, Executrix
Active 07/21/2004

**Private Counsel 052700**
Leo V Boyle
Meehan Boyle Black & Fitzgerald
2 Center Plaza
Suite 600
Boston, MA 02108-1922
Phone: 617-523-8300
Fax: 617-523-0525
Active 07/21/2004 Notify

**Private Counsel 559501**
Bradley M Henry
Meehan Boyle Black & Fitzgerald
2 Center Plaza
Suite 600
Boston, MA 02108-1922
Phone: 617-523-8300
Fax: 617-523-0525
Active 07/21/2004 Notify

**Alias plaintiff name**
James R Allen PhD, estate of
Active 07/21/2004

**Private Counsel 052700**
Leo V Boyle
Meehan Boyle Black & Fitzgerald
2 Center Plaza
Suite 600
Boston, MA 02108-1922
Phone: 617-523-8300
Fax: 617-523-0525
Active 07/21/2004 Notify

**Private Counsel 559501**
Bradley M Henry
Meehan Boyle Black & Fitzgerald
2 Center Plaza
Suite 600
Boston, MA 02108-1922
Phone: 617-523-8300
Fax: 617-523-0525
Active 07/21/2004 Notify

Case 1:04-cv-12080-PBS   Document 6   Filed 10/04/2004   Page 2 of 14

MAS-20030912      **Commonwealth of Massachusetts**      09/28/2004
guen      SUFFOLK SUPERIOR COURT      03:01 PM
Case Summary
Civil Docket

## SUCV2004-03234
## Allen, Executrix v MBTA et al

**Defendant**
MBTA
Served: 09/13/2004
Served (answr pending) 09/24/2004

**Defendant**
National Railroad Passenger Service, aka
Served: 09/13/2004
Served (answr pending) 09/22/2004

**Private Counsel 329680**
Michael J McCormack
McCormack & Epstein
1 International Place
7th floor
Boston, MA 02110
Phone: 617-951-2929
Fax: 617-951-2672
Active 09/28/2004 Notify

**Private Counsel 645775**
David Mitrou
McCormack & Epstein
1 International Place
Boston, MA 02110
Phone: 617-951-2929
Active 09/28/2004 Notify

**Alias defendant name**
Amtrak
Active 07/21/2004

**Defendant**
CSX Transportation Inc
Served: 09/13/2004
Served (answr pending) 09/24/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/21/2004 | 1.0 | Complaint & jury demand on complaint (all issues) |
| 07/21/2004 | | Origin 1, Type B99, Track F. |
| 07/21/2004 | 2.0 | Civil action cover sheet filed |
| 09/22/2004 | 3.0 | Affidavit of compliance by Leo V Boyle with proof of service of complaint re: National Railroad Passenger Service, aka (certified |

MAS-20030912  
guen

**Commonwealth of Massachusetts**  
SUFFOLK SUPERIOR COURT  
Case Summary  
Civil Docket

09/28/2004  
03:01 PM

## SUCV2004-03234
### Allen, Executrix v MBTA et al

| Date | Paper | Text |
|---|---|---|
| | 3.0 | mail) |
| 09/24/2004 | 4.0 | SERVICE RETURNED: MBTA(Defendant) (in hand) |
| 09/24/2004 | 5.0 | SERVICE RETURNED: CSX Transportation Inc(Defendant) (in hand) |
| 09/28/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. National Railroad Passenger Corporation,(Amtrak) U. S. Dist.#(04-CV12080PBS). |
| 09/28/2004 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

I HEREBY ATTEST AND CERTIFY ON

SEPT. 29, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN  
CLERK / MAGISTRATE  
SUFFOLK SUPERIOR CIVIL COURT  
DEPARTMENT OF THE TRIAL COURT

BY. _____

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                        SUPERIOR COURT

MARLENE V. ALLEN, Executrix of the Estate of
James R. Allen, Ph.D.,
                          Plaintiff,

v.                                                                  CIVIL ACTION
                                                                    NO:
MASSACHUSETTS BAY TRANSPORTATION
AUTHORITY, NATIONAL RAILROAD
PASSENGER SERVICE (a/k/a "AMTRAK") and
CSX TRANSPORTATION, INC.,
                          Defendants.

## COMPLAINT and DEMAND FOR TRIAL BY JURY

1. Plaintiff Marlene V. Allen ("plaintiff") is the duly appointed Executrix of the Estate of James R. Allen, Ph.D. as evidenced by Norfolk Division Probate and Family Court, Docket No. 02P2173AA. She is a resident of Wellesley, Norfolk County, Massachusetts.

2. Defendant Massachusetts Bay Transportation Authority ("MBTA") is a corporate entity organized under the laws of the Commonwealth of Massachusetts with its usual place of business at Ten Park Plaza, Boston, Suffolk County, Massachusetts.

3. Defendant National Railroad Passenger Service (a/k/a "Amtrak") is a corporate entity organized under the laws of the District of Columbia and 49 U.S.C. § 24101, *et seq.* with its usual place of business at 60 Massachusetts Avenue, N.E., Washington, D.C. and which regularly conducts business in Suffolk County and elsewhere in the Commonwealth of Massachusetts.

4. Defendant CSX Transportation, Inc. ("CSX") is a corporate entity organized under the laws of Virginia with its usual place of business at 500 Water Street, Jacksonville, Florida and which regularly conduct business in Suffolk County and elsewhere in the Commonwealth of Massachusetts.

5. This action is brought to recover compensatory and punitive damages for the wrongful death of James R. Allen, Ph.D. ("decedent") pursuant to Mass. Gen. L. c. 229, §1, *et. seq.* and for wrongful conduct on the part of the defendants pursuant to c. 93A, §2, *et. seq.*

## FACTUAL BACKGROUND

6. At about 8:46 a.m., on July 30, 2002, decedent James R. Allen ("Dr. Allen") boarded MBTA commuter rail train P514 at the MBTA's Wellesley Hills commuter rail station and took an aisle seat on the lower level of one of the train's five, bi-level passenger cars.

7. At about 8:52 a.m., Dr. Allen began to gasp and make raspy, snore-like sounds drawing the attention of several passengers. Within moments, Dr. Allen slumped sideways with his head and shoulders over the armrest into the aisle. A nearby passenger immediately checked on him while another flagged down an Amtrak assistant conductor. As the assistant conductor arrived, another passenger checked and found Dr. Allen's skin purplish and clammy. Upon finding no pulse, the passenger quickly laid Dr. Allen down as another passenger suggested that the assistant conductor make a public address announcement for anyone with medical training to report to scene of the emergency.

8. A fellow passenger with a medical doctor's degree arrived just as Dr. Allen was being laid down. Finding Dr. Allen unresponsive, the doctor assessed his airway and heard another of the snore-like sounds, but could find no pulse. Asking the Amtrak personnel if 911 had yet been called, at about 8:53 a.m., the doctor immediately began cardiopulmonary resuscitation ("CPR"). Other passengers heard that someone was "not breathing" and, with their assistance, Dr. Allen was moved to the rear vestibule where CPR was continued. Two Amtrak assistant conductors were present when it was clearly stated that Dr. Allen had no pulse, was not breathing and was, therefore, critically ill.

9. CPR was ongoing when the train pulled into Auburndale station in Newton at about 8:54 a.m. The stop was longer than usual, and many passengers assumed the crew was awaiting paramedics. More than one passenger offered to call 911 for the crew, but were told: "we've got it." As commuters boarded at Auburndale, the crew decided that the train would proceed to Back Bay located four stations, and nearly twenty minutes, away.

10. Newton-Wellesley Hospital ("NWH") is located one mile from the Auburndale station and is about one minute away by ambulance. Newton Fire Station No. 2 is located less than six-tenths of a mile, or about forty-five seconds for an emergency vehicle, from the Auburndale station. Like all ambulances regularly serving NWH, as of July 30, 2002, every Newton Fire Department emergency vehicle contained portable external defibrillation equipment. Between 8:40 a.m. and 9:05 a.m., rescue vehicles and personnel were in quarters at the Fire Station No. 2 and were available to respond if called. Despite this, Train P514 departed Auburndale at about 8:56 a.m.

11. It was not until the train was stopped at Auburndale that Amtrak's lead conductor arrived at the scene to evaluate the emergency. When challenged by passengers as to why they were not awaiting medical assistance, the conductor inaccurately stated that emergency personnel could not access the station down the 34, six-foot-wide steps from the roadway

to the platform. As the train departed Auburndale, the crew had still made no attempt to contact emergency medical services or to even report the situation as an emergency either to dispatch or to anyone else.

12. As Train P514 proceeded on its usual schedule from Auburndale to West Newton, Amtrak's lead conductor was observed casually collecting tickets from seat-backs. It was not until the train slowed for its scheduled stop at West Newton, minutes later, that the engineer reached CSX dispatch in Albany, New York, to advise, incorrectly, that: "Our conductor's got a passenger who has apparently passed out, he's breathing, but passed out. We need medical attention at Back Bay station." That call was placed to CSX in Albany, rather than to local Emergency Medical Services ("EMS") or MBTA or Amtrak officials because CSX required that all such communications be directed through it. Neither the conductor nor the engineer declared an emergency as provided for under all standard railroad operating rules or under the operating rules of either the MBTA or Amtrak. The train crew made no attempt to make direct, local contact with Amtrak, the MBTA, EMS or 911.

13. The conductor's description of the emergency was first conveyed by radio to the train's engineer who conveyed the erroneous message by radio to CSX Albany Dispatch which then conveyed the message to Amtrak dispatch at South Station which conveyed the message to Amtrak emergency dispatch elsewhere in South Station which, at last, called Boston EMS via 911. That call was placed a full ten minutes after the conductors first knew that Dr. Allen had no pulse, was not breathing and was receiving CPR.

14. As Train P514 slowed to a stop at West Newton, another passenger challenged the lead conductor and demanded to know why, if they had to proceed to Back Bay, they were still stopping for passengers instead of going straight through. The conductor responded, "What about the people on the platform?" and dismissed the passenger, telling him to "take it up with the T." Passengers looked on in disbelief as the crew made yet another routine stop to disembark and board commuters. Many on board began yelling at the crew to do something.

15. Newton Police Headquarters is located about two hundred yards from the MBTA's West Newton commuter rail station. A portable, Automated External Defibrillator ("AED") was available in or near the Police Station's front lobby. All Newton police vehicles were equipped with AEDs. One such vehicle was sitting in front of Police Headquarters between 8:39 and 9:00 that morning. No fewer than four other vehicles were on patrol just moments away. Two more such vehicles were outside at the Police Department's Chestnut Street Annex down the street. Despite this, Train P514 pulled out of West Newton at 9:00:41. a.m.

16. Within about thirty seconds after departing West Newton, a young man trained as an Emergency Medical technician ("EMT") arrived to assist in providing CPR to Dr. Allen. The young man urgently instructed the crew to call ahead and have paramedics waiting at Newtonville, the next stop, but when the conductor responded that they could not and that

it would somehow be faster to have paramedics waiting at Back Bay, the young man told him to make certain they were routed express. None of these instructions were heeded.

17. Shortly after the train departed West Newton, another concerned passenger followed a male crew member through a car demanding to know what they were doing and seeking assurances that, if they had to proceed to Back Bay, the train would make no further stops en route. When the conductor asked the passenger why, the man explained in disbelief the seriousness of Dr. Allen's medical situation and that he would die if the crew continued to stop for passengers. The conductor promised that no more stops would be made. The train then made yet another routine stop for passengers at the Newtonville station at 9:02:39 a.m.

18. Newton Fire Station No. 4 is located less than one-half mile from the Newtonville station and is staffed with rescue personnel and paramedics who were in quarters at 9:00 a.m. on July 30, 2002. Travel time from the firehouse to the MBTA's Newtonville station is approximately 45 seconds.

19. At about 9:15 a.m., Train P514 pulled into Back Bay station. The medical doctor and her assistants continued CPR until Boston EMS paramedics took over. According to the EMS Report, the train crew claimed that they had started CPR at 8:50 a.m. In the hands of the paramedics, Dr. Allen's heart was sufficiently strong that defibrillation produced a pulse and rhythm for 30-40 seconds before Dr. Allen's heart returned to ventricular fibrillation. However, despite having been provided advanced emergency care en route to Boston City Hospital, James Allen was declared dead at 10:14 a.m.

20. At the time of Dr. Allen's collapse and cardiopulmonary resuscitation, it was or should have been clear to the train's crew that Dr. Allen needed emergency medical services, including defibrillation and advanced life support, and that such services were readily available near the three rail stations at which the train stopped immediately after Dr. Allen's collapse. As a result of the gross negligence, recklessness and unfair acts and practices of the defendants, the crew failed to immediately contact emergency services, failed to report the emergency in a timely manner, and failed to access available emergency services at various stops along the route. Had the defendants satisfied their duty of care to Dr. Allen, he would have recovered from this incident and resumed his regular activities; instead, the decedent died as a result of the negligence, gross negligence and violations of Mass. Gen. L. c. 93A on the part of the defendants, their employees and agents.

## COUNT I
### Wrongful Death - Compensatory Damages

21. Plaintiff incorporates and reasserts paragraphs 1 through 20 of this Complaint as if set forth fully herein.

22. The defendants each owed a duty of reasonable care to James R. Allen.

23. The defendants, their employees and agents were negligent on, and prior to, July 30, 2002 with respect to the operation of the MBTA commuter rail system by, among other things, failing to take reasonable steps in response to Dr. Allen's need for emergency services, failing to have and follow adequate emergency and communications procedures and failing to properly train their personnel.

24. The defendants breached their respective duties of reasonable care owed to James R. Allen.

25. As a proximate result of the defendants' breaches of duty, James R. Allen suffered grievous injuries of body and mind, as well as pain and suffering, which ultimately led to his death, and his family and next of kin suffered and incurred funeral, burial and other expenses associated with his death. Furthermore, his family and next of kin have been deprived of his love, services, protection, care, assistance, society, comfort, companionship, guidance, counsel and advice and decedent's estate has been deprived of the economic value of his capacity to earn money during the normal span of his life.

WHEREFORE, the plaintiff, Marlene V. Allen, Administratrix of the Estate of James R. Allen, Ph.D., pursuant to the Massachusetts Wrongful Death Act, Mass. Gen. L. c. 229, § 2, prays that judgment be entered against the defendants in an amount which will fairly and adequately compensate for the death of James R. Allen and all other damages recoverable under said statute, together with interest, costs, attorneys' fees and such other relief as may be appropriate.

## COUNT II
### Wrongful Death - Punitive Damages

26. Plaintiff incorporates and reasserts paragraphs 1 through 25 of this Complaint as if set forth fully herein.

27. The defendants' conduct, acts and omissions were grossly negligent and reckless.

28. As a proximate result of the defendants' grossly negligent and reckless conduct, acts and omissions, James R. Allen suffered grievous injuries of body and mind, as well as pain and suffering, which ultimately led to his death.

WHEREFORE, the plaintiff, Marlene V. Allen, Administratrix of the Estate of James R. Allen, Ph.D, pursuant to the Massachusetts Wrongful Death Act, Mass. Gen. L. c. 229, § 2, prays that judgment be entered against the defendants in an amount which will adequately punish and deter said defendants for their gross negligence and recklessness, together with interest, attorneys' fees and costs and such other relief as the court deems just and appropriate.

## COUNT III
### Violations of Mass. Gen. L. C. 93A

29. Plaintiff re-alleges and incorporates herein paragraphs 1 through 28 of this Complaint as if set forth fully herein.

30. The defendants owned, operated, controlled, marketed, supervised, contracted for and otherwise engaged in the trade or commerce of providing transportation services to consumers in the Commonwealth.

31. The defendants violated the Massachusetts Consumer Protection Act, Mass. Gen. L. c. 93A, with respect to the operation, control and provision of services on and for the MBTA commuter rail system on, and prior to July 30, 2002, by, among other things, violating safety rules and regulations intended to protect consumers and failing to develop, institute and implement proper emergency medical procedures and preparedness training.

32. As a direct and proximate result of such violations, the decedent, his family, his next-of-kin and his estate were caused to suffer damages as set forth above rendering the defendants liable for an award of compensatory damages and attorneys' fees. As such violations were willful and knowing, defendant is liable for double or treble damages pursuant to c. 93A.

33. Moreover, on or about January 14, 2003, plaintiff sent a detailed demand letter in accordance with the Massachusetts Consumer Protection Act Mass. Gen. L. c. 93A to each defendant. The defendants failed to respond as required by c. 93A and, for that failing, have further violated c. 93A and are liable for damages thereunder.

WHEREFORE, the plaintiff, pursuant to Mass. Gen. L. c. 93A, prays that judgment be entered against the defendants for compensatory damages in an amount which will fairly and adequately compensate for the decedent's death and for double or treble damages as a result of defendant's willful and knowing violations of c. 93A, together with all recoverable interest, attorneys' fees and costs and all such other relief as the court deems just and appropriate.

## PLAINTIFF'S DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on each claim asserted and on each defense so triable.

The Plaintiff,
By Her Attorneys,

Leo V. Boyle, BBO No. 052700
Bradley M. Henry, BBO No. 559501
MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.
Two Center Plaza, Suite 600
Boston, MA 02108-1922
(617) 523-8300

. HEREBY ATTEST AND CERTIFY ON SEPT. 29, 2004 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.
ASSISTANT CLERK.

DATED: 21 July 2004

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-3231 B | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|
| PLAINTIFF(S) Marlene V. Allen, Executrix of the Estate of James R. Allen, Ph.D. | | DEFENDANT(S) Massachusetts Bay Transportation Authority, National Railroad Passenger Service (a/k/a Amtrak) and CSX Transportation, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Leo V. Boyle, Esq. / Bradley M. Henry, Esq. Meehan, Boyle, Black & Fitzgerald, P.C. Two Center Plaza, Ste 600, Boston, MA 02108   617-523-8300 Board of Bar Overseers number:  052700 / 559501 | | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
[x] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231, s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231, s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)
[ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 Tort | M.G.L. c. 93A / Common Carrier Liability | ( F ) | ( x ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses.............................................................. $ c. 25,000.00
2. Total doctor expenses................................................................ $
3. Total chiropractic expenses........................................................ $
4. Total physical therapy expenses................................................. $ c. 10,000.00
5. Total other expenses (describe)................................................. $
   Subtotal $ 35,000.00
B. Documented lost wages and compensation to date......................... $
C. Documented property damages to date........................................... $
D. Reasonably anticipated future medical and hospital expenses......... $ c. 750,000.00
E. Reasonably anticipated lost wages................................................... $
F. Other documented items of damages (describe)............................. $ 750,000.00

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
James R. Allen, Ph.D., a passenger onboard an MBTA commuter train, suffered a cardiac arrest after which he endured a senseless 20-minute journey during which train officials continued to make routine station stops for passengers, but would not stop the train to obtain emergency assistance. Dr. Allen was declared dead one hour later. The defendants egregious conduct and failure to have adequate emergency procedures, training and equipment was negligent, reckless and in violation of M.G.L. c. 93A and displayed an utter disregard for the life of their passenger.

Punitive Damages - unspecified-
TOTAL $ 785,000.00

CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods"

DATE: 7/21/04

Signature of Attorney of Record

AOTC-6 mtc005-11/99    A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
SEPT. 29, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                           SUPERIOR COURT

MARLENE V. ALLEN, Executrix
of the Estate of James R. Allen, Ph.D.,
   Plaintiff,

v.                                                     CIVIL ACTION
                                                       NO: 04-03234-B
MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY, et al.,
   Defendants.

## AFFIDAVIT OF PROOF OF SERVICE
## COMMONWEALTH OF MASSACHUSETTS

    I, Bradley H. Henry, attorney for the Plaintiff, MARLENE V. ALLEN, Executrix of the Estate of James R. Allen, Ph.D., hereby certify that notice of service of process in the above-captioned case was made upon the Defendant, National Railroad Passenger Corporation, and copies of the Summons, Complaint and Demand for Jury Trial, Civil Action Cover Sheet, Tracking Order and Requests for Production to each Defendant, were mailed by Certified Mail, return receipt requested on September 10, 2004, to the said Defendant's address, Attention: David L. Gunn, President and CEO, and was signed for on September 13, 2004, as per the attached original, signed, return receipt card.

Leo V. Boyle, Esq., BBO No.: 052700
Bradley H. Henry, Esq., BBO No.: 559501
Meehan, Boyle, Black & Fitzgerald, P.C.
Two Center Plaza, Suite 600
Boston, MA 02108
(617) 523-8300

I HEREBY ATTEST AND CERTIFY ON
SEPT. 29, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.



# Commonwealth of Massachusetts

SUFFOLK, ss



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. SUCV2004-03234-B

Marlene V. Allen, Executrix of
the Estate of James R. Allen, Ph.D.,   , Plaintiff(s)

v.

Massachusetts Bay Transportation Authority,
National Railroad Passenger Service (a/k/a "AMTRAK"),
and CSX Transportation, Inc.,   , Defendant(s)

## SUMMONS

Michael H. Mulhern, General Manager
Massachusetts Bay Transportation Authority
10 Park Plaza, Room 3910, Boston, MA 02116

To the above-named Defendant:

You are hereby summoned and required to serve upon Bradley M. Henry, Esq., Meehan, Boyle, Black & Fitzgerald, P.C.

plaintiff's attorney, whose address is 2 Center Plaza, Ste. 600, Boston, MA 02108 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the Ninth _____ day of September _____, in the year of our Lord two thousand Four _____.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON
SEPT. 29, 2004 _____
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____

ASSISTANT CLERK.

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. SUCV2004-03254-B

Marlene V. Allen, Executrix of
the Estate of James R. Allen, Ph.D.,   , Plaintiff(s)

v.

Massachusetts Bay Transportation Authority,
National Railroad Passenger Service (a/k/a "AMTRAK"),
and CSX Transportation, Inc.,   , Defendant(s)

## SUMMONS

CT Corporation System, Registered Agent for
CSX Transportation, Inc.
101 Federal Street, Boston, MA 02110

To the above-named Defendant:

You are hereby summoned and required to serve upon Bradley M. Henry, Esq., Meehan, Boyle, Black & Fitzgerald, P.C.

plaintiff's attorney, whose address is 2 Center Plaza, Ste. 600, Boston, MA 02108 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the Ninth     day of September    , in the year of our Lord two thousand Four

*Michael Joseph Donovan*
Clerk Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON
SEPT. 29, 2004 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.