UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

NO. 04-CV-12080-PBS

---

MARLENE V. ALLEN, Executrix of the Estate of  )
James R. Allen, Ph.D.,                         )
                                Plaintiff,    )
                                              )
v.                                             )
                                               )
MASSACHUSETTS BAY TRANSPORTATION               )
AUTHORITY, NATIONAL RAILROAD                   )
PASSENGER SERVICE (a/k/a "AMTRAK") and         )
CSX TRANSPORTATION, INC.,                      )
                              Defendants.   )

---

## ANSWER OF THE DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

1. The defendant, Massachusetts Bay Transportation Authority is without knowledge concerning the allegations contained in this paragraph and calls upon the plaintiff to prove her appointment.

2. The defendant, Massachusetts Bay Transportation Authority says this paragraph states a conclusion of law which is for the Court to determine.

3. The defendant Massachusetts Bay Transportation Authority is without knowledge as to the allegations of paragraph 3 of the complaint.

4. The defendant Massachusetts Bay Transportation Authority is without knowledge as to the allegations of paragraph 4 of the complaint.

5. The defendant Massachusetts Bay Transportation Authority cannot respond to the allegations of paragraph 5 of the complaint as they state conclusions of law, and to the extent a response is required the defendant denies the allegations.

6. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 6 of the complaint on information and belief.

7. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 7 of the complaint on information and belief.

8. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 8 of the complaint on information and belief.

9. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 9 of the complaint on information and belief.

10. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 10 of the complaint on information and belief.

11. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 11 of the complaint on information and belief.

12. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 12 of the complaint on information and belief.

13. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 13 of the complaint on information and belief.

14. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 14 of the complaint on information and belief.

15. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 15 of the complaint on information and belief.

16. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 16 of the complaint on information and belief.

17. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 17 of the complaint on information and belief.

18. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 18 of the complaint on information and belief.

19. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 19 of the complaint on information and belief.

20. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 20 of the complaint on information and belief.

## COUNT I

21. The Defendant, Massachusetts Bay Transportation Authority incorporates and reasserts paragraphs 1 through 20 of this Answer as if set forth fully herein.

22. The defendant Massachusetts Bay Transportation Authority cannot respond to the allegations of paragraph 22 of the complaint as they state conclusions of law, and to the extent a response is required the defendant denies the allegations.

23.  The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 23 of the complaint.

24.  The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 24 of the complaint.

25.  The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 25 of the complaint.

## COUNT II

26.  The defendant Massachusetts Bay Transportation Authority incorporates and reasserts paragraphs 1 through 26 of this Answer as if set forth fully herein.

27.  The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 27 of the complaint.

28.  The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 28 of the complaint.

## COUNT III

29.  The defendant Massachusetts Bay Transportation Authority incorporates and reasserts paragraphs 1 through 28 of this Answer as if set forth fully herein.

30.  The defendant Massachusetts Bay Transportation Authority cannot respond to the allegations of paragraph 30 of the complaint as they state conclusions of law, and to the extent a response is required the defendant denies the allegations.

31.  The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 31 of the complaint.

32.  The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 32 of the complaint.

33.  The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 33 of the complaint on information and belief.

## **GENERAL STATEMENT**

The following affirmative defenses are pled in accordance with the requirements of the Massachusetts Rules of Civil Procedure and to provide the plaintiffs and their attorney with notice that these affirmative defenses will be relied upon if evidence is developed during discovery to support the affirmative defenses. If such evidence is not developed during discovery, the affirmative defenses will be waived.

## FIRST AFFIRMATIVE DEFENSE

The defendant further says that the plaintiffs' complaint fails to state a claim upon which relief can be granted, and, therefore, should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

The defendant further says that the plaintiffs' claims must fail for insufficiency of process.

## THIRD AFFIRMATIVE DEFENSE

The defendant further says that the plaintiffs' claims must fail for insufficiency of service of process.

## FOURTH AFFIRMATIVE DEFENSE

The defendant further says that the plaintiffs' claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The defendant further says that the injuries alleged in the plaintiff's complaint, if any, were the result of the conduct of others for whose conduct this defendant is not legally responsible and, therefore, the plaintiff may not recover.

## SIXTH AFFIRMATIVE DEFENSE

The defendant denies the existence of any actions or activities which would serve as a basis for a finding of a violation of Chapter 93A and/or any of its sections; the defendant further states an award of Chapter 93A damages cannot be made against it.

## SEVENTH AFFIRMATIVE DEFENSE

The defendant denies it was negligent and further denies the plaintiff's right to punitive damages.

**THE DEFENDANT RESERVES THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES UPON COMPLETION OF DISCOVERY.**

## DEMAND FOR TRIAL BY JURY

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS AND ISSUES.

        Defendants
        By their attorneys,

        */s/ Harry A. Pierce*
        William J. Dailey, Jr., BBO No. 112200
        Harry A. Pierce, BBO No. 399275
        Sloane & Walsh, LLP
        Three Center Plaza
        Boston, MA 02108
        (617) 523-6010

Dated: October 4, 2004

## CERTIFICATE OF SERVICE

I, Harry A. Pierce, attorney for the Defendant, Massachusetts Bay Tranbsportation Authority, do hereby certify that on this 5th day of Ocotber 2004, I caused copies of the within documents to be served on all counsel of record by mailing copy of same, first class, postage pre-paid to:

*Harry A. Pierce*
Harry A. Pierce