UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARLENE V. ALLEN, Executrix of the Estate of James R. Allen, Ph.D.,

    Plaintiff,

v.

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATIONAL RAILROAD PASSENGER SERVICE (a/k/a "AMTRAK"), and CSX TRANSPORTATION, INC.,

    Defendants.

Civil Action
No.: 04 CV 12080 PBS

### DEFENDANT CSX TRANSPORTATION, INC.'S ANSWER, DEFENSES AND JURY DEMAND

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 1 and calls upon the plaintiffs to prove the same.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 2 and calls upon the plaintiffs to prove the same.

3. Admitted that the National Railroad Passenger Corporation is a corporate entity organized under the laws of the District of Columbia with its principal place of business located at 60 Massachusetts Avenue, N.E., Washington, D.C., but defendant CSX Transportation, Inc. ("CSX") is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 3 and calls upon the plaintiffs to prove the same.

4. Admitted.

5. CSX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 5 and calls upon the plaintiffs to prove the same.

6. CSX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 6 and calls upon the plaintiffs to prove the same.

7. CSX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 7 and calls upon the plaintiffs to prove the same.

8. CSX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 8 and calls upon the plaintiffs to prove the same.

9. CSX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 9 and calls upon the plaintiffs to prove the same.

10. CSX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 10 and calls upon the plaintiffs to prove the same.

11. CSX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 11 and calls upon the plaintiffs to prove the same.

12. CSX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 12 and calls upon the plaintiffs to prove the same.

13. CSX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 13 and calls upon the plaintiffs to prove the same.

14. CSX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 14 and calls upon the plaintiffs to prove the same.

15. CSX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 15 and calls upon the plaintiffs to prove the same.

16. CSX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 16 and calls upon the plaintiffs to prove the same.

17. CSX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 7 and calls upon the plaintiffs to prove the same.

18. CSX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 18 and calls upon the plaintiffs to prove the same.

19. CSX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 19 and calls upon the plaintiffs to prove the same.

20. CSX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 7 and calls upon the plaintiffs to prove the same.

## COUNT I
### Wrongful Death – Compensatory Damages

21. CSX repeats and incorporates by reference ¶ 1 through ¶ 20 above as though fully set forth herein.

22. CSX denies the allegations set forth in ¶ 22 that are made against CSX and is without knowledge or information sufficient to form a belief as to the truth of the allegations as against CSX's co-defendants and calls upon the plaintiffs to prove each such allegation.

23. CSX denies the allegations set forth in ¶ 23 that are made against CSX and is without knowledge or information sufficient to form a belief as to the truth of the allegations as against CSX's co-defendants and calls upon the plaintiffs to prove each such allegation.

24. CSX denies the allegations set forth in ¶ 24 that are made against CSX and is without knowledge or information sufficient to form a belief as to the truth of the allegations as against CSX's co-defendants and calls upon the plaintiffs to prove each such allegation.

25. CSX denies the allegations set forth in ¶ 25 that are made against CSX and is without knowledge or information sufficient to form a belief as to the truth of the allegations as against CSX's co-defendants and calls upon the plaintiffs to prove each such allegation.

WHEREFORE, CSX says that the plaintiffs' complaint against it should be dismissed and that judgment enter for CSX together with its attorneys' fees, costs, expenses, interest and such other relief as this Honorable Court deems proper under the circumstances.

## COUNT II
### Wrongful Death – Punitive Damages

26. CSX repeats and incorporates by reference ¶ 1 through ¶ 25 above as though fully set forth herein.

27. CSX denies the allegations set forth in ¶ 27 that are made against CSX and is without knowledge or information sufficient to form a belief as to the truth of the allegations as against CSX's co-defendants and calls upon the plaintiffs to prove each such allegation.

28. CSX denies the allegations set forth in ¶ 28 that are made against CSX and is without knowledge or information sufficient to form a belief as to the truth of the allegations as against CSX's co-defendants and calls upon the plaintiffs to prove each such allegation.

WHEREFORE, CSX says that the plaintiffs' complaint against it should be dismissed and that judgment enter for CSX together with its attorneys' fees, costs, expenses, interest and such other relief as this Honorable Court deems proper under the circumstances.

## COUNT III
### Violations of M.G.L., c. 93A

29.     CSX repeats and incorporates by reference ¶ 1 through ¶ 28 above as though fully set forth herein.

30.     Denied.

31.     CSX denies the allegations set forth in ¶ 31 that are made against CSX and is without knowledge or information sufficient to form a belief as to the truth of the allegations as against CSX's co-defendants and calls upon the plaintiffs to prove each such allegation.

32.     CSX denies the allegations set forth in ¶ 33 that are made against CSX and is without knowledge or information sufficient to form a belief as to the truth of the allegations as against CSX's co-defendants and calls upon the plaintiffs to prove each such allegation.

33.     CSX denies the allegations set forth in ¶ 33 that are made against CSX and is without knowledge or information sufficient to form a belief as to the truth of the allegations as against CSX's co-defendants and calls upon the plaintiffs to prove each such allegation.

WHEREFORE, CSX says that the plaintiffs' complaint against it should be dismissed and that judgment enter for CSX together with its attorneys' fees, costs, expenses, interest and such other relief as this Honorable Court deems proper under the circumstances.

## FIRST AFFIRMATIVE DEFENSE

And further answering, CSX says that the acts complained of were not committed by a person for whose conduct CSX was legally responsible.

## SECOND AFFIRMATIVE DEFENSE

And further answering, CSX says that even if it was negligent as alleged, which the CSX denies, the plaintiff was negligent to a greater degree than CSX and is barred from recovery under the comparative negligence law of the Commonwealth of Massachusetts.

## THIRD AFFIRMATIVE DEFENSE

And further answering, CSX says that the *Complaint and Jury Demand* should be dismissed pursuant to Rule 12(b)(4) for insufficiency of process.

## FOURTH AFFIRMATIVE DEFENSE

And further answering, CSX says that the *Complaint and Jury Demand* should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process.

## FIFTH AFFIRMATIVE DEFENSE

And further answering, CSX says that the *Complaint and Jury Demand* should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

And further answering, CSX says that the *Complaint and Jury Demand* should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff has each failed to give proper notice or demand as required by law, and CSX was thereby prejudiced, wherefore the plaintiff is barred from recovery.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, CSX says that the plaintiff's recovery, if any, is barred or limited according to the applicable common law, case law, statutes, and regulations.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering, CSX says that to the extent that it had any obligations to the plaintiffs, such obligations have been fully, completely and properly performed in every respect.

### NINTH AFFIRMATIVE DEFENSE

And further answering, CSX says that the plaintiffs' recovery, if any, must be diminished in accordance with M.G.L. c. 231, § 85 by the proportion of negligence which is attributable to the decedent.

### TENTH AFFIRMATIVE DEFENSE

And further answering, CSX says that any alleged negligence it may have committed, which CSX denies, was superseded and/or replaced by the conduct of third persons or that of the decedent, his servants, agents, and employees, over whom CSX exercised no responsibility or control.

### ELEVENTH AFFIRMATIVE DEFENSE

And further answering, CSX says that it performed and fulfilled all of its promises and obligations to the plaintiff, if any, whether they arise out of contract, statute, regulation, or rules, whether promulgated by the Association of American Railroads or otherwise, therefore the plaintiffs are barred from recovery.

### TWELTH AFFIRMATIVE DEFENSE

And further answering, CSX says that thirds persons or other entities, their employees, servants, and/or agents, over which CSX had no authority were guilty of a violation of law or job regulation which contributed to or caused the injury or damage, therefore the plaintiffs are barred from recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, CSX says that it is not liable pursuant to M.G.L. c. 93A in that it did not offer the service utilized by the decedent and/or it was not engaged in trade or commerce as it related to the decedent's use of the co-defendants' rail passenger service.

### FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, CSX says that the plaintiff has failed to comply with the requirements of M.G.L. c. 93A, §§ 2 and 9.

**FIFTEENTH AFFIRMATIVE DEFENSE**

And further answering, CSX says that the damages alleged by the plaintiff were, if at all, caused by an individual or entity over which CSX bears no legal control or responsibility.

**SIXTEENTH AFFIRMATIVE DEFENSE**

And further answering, CSX says that the alleged acts or omissions, if any, of CSX were not the proximate cause of the decedent's death or any damages or injuries alleged to have been suffered by the plaintiff.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Any further answering, CSX says that the plaintiff's claims are preempted, in whole or in part, by federal law.

WHEREFORE, CSX says that the plaintiffs' complaint against it should be dismissed and that judgment enter for CSX together with its attorneys' fees, costs, expenses, interest and such other relief as this Honorable Court deems proper under the circumstances.

**JURY DEMAND**

CSX hereby makes a claim for a trial by jury as to all issues.

Respectfully submitted,
CSX TRANSPORTATION, INC.,
by its attorneys,

 /s/  Richard A. Davidson, Jr.
Michael B. Flynn           BBO# 559023
Richard A. Davidson, Jr.   BBO# 552988
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

Dated:  October 18, 2004