UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARLENE V. ALLEN, Executrix of the Estate of James R. Allen, Ph.D.,<br><br>     Plaintiff,<br><br>    v.<br><br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATIONAL RAILROAD PASSENGER SERVICE (a/k/a "AMTRAK"), and CSX TRANSPORTATION, INC.,<br><br>     Defendants. | Civil Action<br>No.: 04-12080-PBS |

## JOINT SCHEDULING STATEMENT

The parties, in the above-captioned action, submit the following joint scheduling statement pursuant to the provisions of Fed. R. Civ. P. 16(b) and L. R. 16.1. An initial scheduling conference will be held at 3:15 p.m. on November 17, 2004.

### I. Obligation of Counsel to Confer:

Counsel for the parties have conferred in accordance with the provisions of L. R. 16.1. The parties have agreed to explore the possibilities of alternative dispute resolution upon the completion of discovery. Counsel also certify that they have conferred with their respective clients concerning those matters mentioned in L. R. 16.1(D)(3) prior to the scheduling conference and have submitted certifications signed by counsel and authorized representatives of each party.

**II.     Proposed Joint Discovery Plan:**

This case arises out of an incident that allegedly occurred on July 30, 2002, at approximately 8:55 a.m., on MBTA train P514 between Wellesley Farms and Back Bay Station when the decedent, James Allen, suffered a medical emergency onboard the train.  The parties propose, pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16.1(F), the following discovery schedule:

    **A.     Agreed Schedule**

        1.   Motions to amend and/or supplement the pleadings, including motions to add parties, no later than January 7, 2005.

        2.   All written discovery to be completed by February 16, 2005.

    **B.     Alternative Proposed Schedules**

        **1.     Plaintiff:**

The plaintiff, Marlene Allen, respectfully opposes efforts by the defense to prolong this case, and urges the court to set the matter down for trial no later than September 2005.  Mrs. Allen's reasons follow:

The events giving rise to this case occurred over two years ago, in July 2002.  In the two years before she was required to file suit, Mrs. Allen did everything humanly possible to provide defendants MBTA and Amtrak with information about her claims, in hopes of settling the case without having to endure the trauma of litigating the matter.  Through undersigned counsel, she provided those defendants with:  all of her late husband's medical records; the identities, opinions, resumes and written reports of her medical expert witnesses on the issues of injury and causation; the identity, opinions, resume and written report of her expert economist; allowed them to review numerous signed statements from witnesses to Jim Allen's death; and, in a 13-

page claim letter dated January 14, 2003, provided them with the full theory of her case on negligence, causation and damages. In all, prior to suit, Mrs. Allen provided the MBTA and Amtrak with nearly 400 pages of investigative, research, medical and damages information for their review. Finally, Mrs. Allen's case was presented in full detail to representatives of the MBTA and Amtrak at a mediation held with them on October 22, 2003, before John P. Fitzgerald, Esq. of Cogavin & Waystack. In short, the MBTA and Amtrak have had the benefit of an extraordinary amount of pre-litigation, one-way discovery.

Unfortunately, the MBTA, acting on behalf of itself and Amtrak, has made extraordinary efforts to delay the resolution of this case. It postponed the mediation for nearly *nine* months in 2003. When the mediation was finally convened (and, indeed, to date), the MBTA produced no written reports of liability, causation, damage, economic or medical experts. It prolonged negotiations for another seven months after the mediation date. It made a final offer of settlement to Mrs. Allen on May 11, 2004 and reiterated that offer on May 18, 2004. After Mrs. Allen accepted that offer on May 26, 2004, the MBTA promptly, and without explanation, withdrew the offer, offered her nothing, and forced her to file suit, which she did.

Mrs. Allen sued in Suffolk Superior Court in July, 2004. Under the state tracking order issued by Suffolk Superior Court, a Final Pre-Trial Conference was scheduled for July 16, 2005, with a case disposal date of September 14, 2005. Defendant Amtrak then removed the case to Federal Court, where the defendants now attempt to delay the trial to mid-2006, close to four years after the event in which Jim Allen lost his life.

Given the long history of this case pre-suit, and the considerable amount of information the plaintiff long ago voluntarily provided to defendants MBTA and Amtrak, the plaintiff respectfully requests that the Court grant her the relief of a prompt trial so that this matter can be

put behind her.  A September 2005 trial would give all parties more than enough time to complete what limited discovery remains to be done.

        **2.**        **Defendant CSX Transportation, Inc.**

The defendant CSX Transportation, Inc. ("CSX") respectfully states that the plaintiff's reasons for failing to agree to the initial proposed discovery plan are without merit as to CSX. CSX has only been in this case since the lawsuit was filed and was not involved in any pre-suit settlement discussions; were not and still have not been provided with any medical records; have <u>never</u> been provided with identities, opinions, resumes, and written reports of plaintiff's medical expert witnesses on the issues of injury and causation; were never provided with the identity, opinions, resume, or written report of plaintiff's economist; and only recently were provided with copies of plaintiff's witnesses' statements and the MBTA investigatory report through the party's initial disclosures.  CSX has never received the pre-litigation 400 pages of investigative, research, medical and damages information for review.  Last, CSX was not present and did not participate in the mediation which the other parties conducted in October 2003.

CSX cannot be held responsible for any actions or strategy that its co-defendants may or may not have employed in the pre-litigation phase of this case including, but not limited to, the exchange of information, or lack thereof, with the plaintiff, any settlement discussions and/or agreements, or the amount of time which passed between events.

Under the defendants' proposed dates the party's will have sufficient time in order to conduct discovery and prepare their cases.  This case involves significant liability and medical causation issues, four separate law firms which each carry heavy litigation case loads, and to try to obtain the necessary discovery under the plaintiff's plan would be extremely difficult and most likely such a restrictive schedule would be unworkable.

      **3.**      **Defendant National Railroad Passenger Corporation ("AMTRAK")**

Amtrak denies that the plaintiff has accurately characterized the course of pre-litigation activities, including the course of settlement efforts, and further denies that the pre-litigation activities are in any way relevant to the current issues at hand. The plaintiff is making claims based both under the Massachusetts Wrongful Death Statute and General Laws Chapter 93A, and further is seeking punitive damages based upon the actions of several defendants. The parties have identified in excess of 30 witnesses in their initial disclosures, a large portion of which may need to be deposed notwithstanding the existence of signed statements by many of the individuals. In light of the significant liability and medical causation issues presented in this case, and in light of the $25 million demand presented in the plaintiff's January 2003 demand letter, the defendants are entitled to discovery at a reasonable pace. Mr. Allen died on July 30, 2002. The typical statute of limitations period for a wrongful death action pursuant to Massachusetts law is three years, reduced in this case only by the two year statute of limitations applicable to the Massachusetts Bay Transportation Authority. Accordingly, this matter is not an old case. Notwithstanding, Amtrak intends to conduct discovery in a diligent fashion, but recognizes the practicality involved in scheduling discovery where four firms are involved. Amtrak maintains that the discovery schedule proposed the defendants is not unreasonable in light of the issues presented and deny that there is any effort to "delay" the trial of this matter for any period of time other than that which is reasonable to permit counsel to investigate the issues and effectively represent their respective clients.

      **4.**      **Defendant Massachusetts Bay Transportation Authority**

The defendant Massachusetts Bay Transportation Authority ("MBTA") respectfully states that it disagrees with the statement of the plaintiff and agrees with the statements of its two co-defendants Amtrak

and CSX regarding the necessary and appropriate time for preparation of the defense of this case. There is no good reason for accelerating the discovery schedule, least of all counsel's evident impatience with prior settlement efforts.

    **5.**     **Proposed Schedules**

|   |   | **Plaintiff** | **Defendants** |
|---|---|---|---|
| A. | All non-expert depositions to be completed: | April 1, 2005 | September 1, 2005 |
| B. | Plaintiff's designation of trial experts and disclosures under Rule 26(a)(2)(B): | April 29, 2005 | October 14, 2005 |
| C. | Defendants' designation of trial experts and disclosures under Rule 26(a)(2)(B): | June 1, 2005 | November 30, 2005 |
| D. | All expert depositions to be completed: | July 15, 2005 | January 30, 2006 |
| E. | All dispositive motions and/or motions for summary judgment to be filed by: | August 31, 2004 | March 15, 2006 |
| F. | Final pre-trial conference to be held on or before: | September 23, 2005 | April 17, 2006 |

**IV.**     **Agenda of Matters To Be Discussed:**

The parties have conferred in compliance with L. R. 16.1(B)(1) and prepared the following proposed agenda of matters to be discussed at the Initial Scheduling Conference:

1. The identification of principal issues in contention and issues of fact and law not reasonably in dispute.

2. The parties' joint discovery plan.

3. The status of settlement discussions.

4. The parties' willingness to consent to trial by magistrate judge.

5. Whether the medical records should be produced pursuant to a protective order.

Respectfully submitted,

| | |
|---|---|
| MARLENE V. ALLEN, Executrix of the Estate of James R. Allen, Ph.D. by her attorneys, | CSX TRANSPORTATION, INC., by its attorneys, |
| /s/ Bradley Henry | /s/ Richard A. Davidson, Jr. |
| Leo V. Boyle          BBO# 052700<br>Bradley Henry     BBO# 559501<br>Meehan, Boyle, Black & Fitzgerald, P.C<br>Two Center Plaza, Suite 600<br>Boston, MA 02109<br>(617) 523-8300 | Michael B. Flynn         BBO# 559023<br>Richard A. Davidson, Jr.   BBO# 552988<br>FLYNN & ASSOCIATES, PC<br>400 Crown Colony Drive, Suite 200<br>Quincy, MA 02169<br>(617) 773-5500 |
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, by its attorneys, | NATIONAL RAILROAD PASSENGER CORPORATION, by its attorneys, |
| /s/ Harry A. Pierce | /s/ David T. Mitrou |
| William J. Dailey, Jr.    BBO# 112200<br>Harry A. Pierce        BBO# 399275<br>Sloan and Walsh<br>Three Center Plaza<br>Boston, MA 02109<br>(617) 523-6010 | Michael J. McCormack    BBO# 329680<br>David T. Mitrou         BBO# 645775<br>McCormack & Epstein<br>One International Place, 7th Floor<br>Boston, MA 02110<br>(617) 951-2929 |

Dated: November 10, 2004