UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARLENE V. ALLEN, Executrix of the Estate of James R. Allen, Ph.D.,<br>　　　　　　　Plaintiff,<br>v.<br><br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATIONAL RAILROAD PASSENGER SERVICE (a/k/a "AMTRAK") and CSX TRANSPORTATION, INC.,<br>　　　　　　　Defendants. | CIVIL ACTION<br>NO: 04-12080-PBS |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, PLAINTIFF'S L.R. 7.1 / 37.1 CERTIFICATIONS AND REQUEST FOR ORAL ARGUMENT**

Plaintiff Marlene V. Allen, Executrix of the Estate of James R. Allen, Ph.D. files this motion pursuant to Fed. R. Civ. P. 37 and L.R. 37.1(A) to compel defendant Massachusetts Bay Transportation Authority ("MBTA") to serve answers interrogatories, to designate one or more witnesses to testify pursuant to plaintiff's timely-served Rule 30(b)(6) deposition notice and to provide amended and supplemental responses to document requests. As grounds for this motion, plaintiff states that the MBTA has: (a) failed to answer interrogatories and has indicated its intention to refuse to substantively do so on grounds that they are, in their entirety, commutative; (b) has indicated its intention to refuse to designate a witness for a Rule 30(b)(6) deposition scheduled five weeks earlier; and (c) has failed to properly respond to requests for amended and supplemental responses to document requests and failed to produce various documents pursuant to such requests.

Further grounds are set forth in detail in the Plaintiff's Memorandum in Support and the exhibits attached thereto which accompany this motion.

WHEREFORE, plaintiff respectfully requests that, pursuant to Fed. R. Civ. P. 37 and L.R. 37.1, this Court issue an order that includes the following or such other, similar, remedies as the court deems appropriate:

(1) the defendant MBTA shall, within fourteen (14) days, serve complete, substantive answers to plaintiff's interrogatories;

(2) the defendant MBTA shall, within fourteen (14) days, designate one or more persons to testify on its behalf who have knowledge of the matters sought in the plaintiff's Schedules A and B and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by plaintiff's counsel;

(3) the defendant MBTA shall, within fourteen (14) days, serve amended and supplemental responses to the document requests served by the plaintiff on September 14, 2004 that address the issues raised by plaintiff's April 6, 2005 letter (**Exhibit E**); and

(4) the defendant MBTA's failure to serve timely answers, responses and/or objections to discovery requests served by the plaintiff shall be deemed, in accordance with Local Rule 33.1(C)(1), as a waiver of any belated objections.

## **LOCAL RULE 7.1 and 37.1 CERTIFICATIONS**

I, Bradley M. Henry, counsel for the plaintiff, certify that, on April 6, 2005, I served a detailed, seven-page letter upon the MBTA's counsel, Harry A. Pierce, requesting amended responses and further production of documents and also requesting a discovery conference pursuant to L.R. 7.1 and 37.1. (*See* Letter of Counsel dated April 6, 2005 attached to Memorandum in Support as **Exhibit E**.) On April 11, 2005, Mr. Pierce called to request an additional seven (7) days (i.e., until April 20, 2005) to respond to plaintiff's request for a conference on grounds of illness and plaintiff's counsel immediately granted the additional time.

Since that time, however, counsel for the MBTA has failed to respond to plaintiff's request for discovery conferences under L.R. 7.1 and 37.1 other than to state that the MBTA intended to make some type of response at some point in the future. (*See* E-Mail exchange dated

April 22, 2005 attached to Memorandum in Support as **Exhibit F**.) Moreover, on April 20, 2005, rather than responding to plaintiff's April 6, 2005 request for a discovery conference, Mr. Pierce instead served a motion for summary judgment.

On March 24, 2005, plaintiff timely a first set of interrogatories and a Rule 30(b)(6) deposition notice upon defendant MBTA. On April 22, 2004, Mr. Pierce indicated for the first time in an e-mail that, rather than answer the plaintiff's interrogatories or designate one or more witnesses pursuant to plaintiff's Rule 30(b)(6) deposition notice, the MBTA was considering the possible filing of a motion for a protective order apparently on grounds that serving interrogatories and noticing a corporate deposition of the defendant was "cumulative, unnecessary, burdensome and unlikely to add to the material facts concerning liability issues." (*See* **Exhibit F**, E-Mail.)

Having received no answers or objections to interrogatories and in response to the April 22, 2005 e-mail indicating that the MBTA did not intend to substantively answer plaintiff's interrogatories, the undersigned contacted Mr. Pierce at 12:00 pm on April 26, 2005 in anticipation of what would become a combined Motion to Compel answers to interrogatories, the designation of Rule 30(b)(6) witnesses and amended/supplemental responses to document requests consistent with plaintiff's April 6 letter. The conference lasted for nearly one hour and all substantive issues were discussed. Mr. Pierce reasserted the MBTA's intention to seek a protective order rather than to substantively respond to the plaintiff's interrogatories and Rule 30(b)(6) deposition notice notwithstanding the fact that the interrogatory answers were due and the deposition had already been scheduled for over a month to take place on April 29, 2005. He did indicate, however, that the summary judgment materials served on April 20, 2005 had been

prepared in advance and that he had not used the additional time granted for responding to plaintiff's April 6, 2005 letter to prepare the summary judgment materials.  Nevertheless, this did not explain why the MBTA failed to respond the plaintiff's April 6 letter requesting a discovery conference and, to this date, plaintiff still has no response to her letter regarding the MBTA's belated responses to document requests.  The defendant's position during the discovery conference was that defense counsel had been unaware of the interrogatories or deposition notice served by the plaintiff on March 24, 2005 until the week of April 11, 2005.  Insofar as the factual discovery deadline is May 2, 2005 and it is unclear when the defendant MBTA will attend to the aforementioned discovery or, alternatively, seek a protective order, plaintiff has opted to file a combined motion to compel the defendant to make discovery pursuant to Fed. R. Civ. P. 37.

      Finally, during this discovery conference, plaintiff's counsel indicated that, to the extent the defendant MBTA provided complete answer to interrogatories without objection prior to the date on which any opposition to the plaintiff's motion would be due, the plaintiff would withdraw that portion of the motion.  Plaintiff's counsel further indicated that, to the extent the defendant MBTA designated one or more fully prepared witnesses to testify on its behalf at the previously scheduled April 29, 2005 corporate deposition of the MBTA, the plaintiff would also withdraw that portion of the motion.  Plaintiff's counsel further indicated that, to the extent the defendant MBTA served amended and supplemental responses to document requests addressing the issues plaintiff's letter of April 6, 2005, plaintiff would withdraw so much of that portion of the motion as was met by the defendant's amended or supplemental responses.  Plaintiff understands that the defendant MBTA may, at some point seek a protective order, but plaintiff's position is that any such motion would be, among other things, untimely.

## REQUEST FOR ORAL ARGUMENT

Plaintiff respectfully requests the opportunity for oral argument on all or some of these issues as the court deems appropriate and submits that argument should require not more than forty-five (45) minutes.

Respectfully submitted,
Plaintiff, Marlene V. Allen, Executrix of the
Estate of James R. Allen, Ph.D.
By Her Attorneys,

/s/ Bradley M. Henry
_____
Leo V. Boyle, BBO No. 052700
Bradley M. Henry, BBO No. 559501
MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.
Two Center Plaza, Suite 600
Boston, MA  02108-1922
(617) 523-8300

## CERTIFICATE OF SERVICE

I, Bradley M. Henry, hereby certify that on this 27th day of April 2005, I served the foregoing PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, PLAINTIFF'S L.R. 7.1 / 37.1 CERTIFICATIONS AND REQUEST FOR ORAL ARGUMENT by electronic filing and by mailing an exact copy thereof, via first class mail postage prepaid to all counsel of record:  Michael J. McCormack, Esq., David T. Mitrou, Esq. and Amy M. Soisson, Esq., McCormack & Epstein, 1 International Place - 7th Floor, Boston, MA 02110; William J. Dailey, Jr., Esq. and Harry A. Pierce, Esq., Sloan and Walsh, Three Center Plaza, Boston, MA 0210.

/s/ Bradley M. Henry
_____
Bradley M. Henry
