COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                                                          SUPERIOR COURT

| | |
|---|---|
| MARLENE V. ALLEN, Executrix of the Estate of James R. Allen, Ph.D., <br><br> Plaintiff, <br><br> v. <br><br> MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATIONAL RAILROAD PASSENGER SERVICE (a/k/a "AMTRAK") and CSX TRANSPORTATION, INC., <br><br> Defendants. | CIVIL ACTION <br> NO: 2004-03234-B |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

The plaintiff, pursuant to Massachusetts Rules of Civil Procedure Rule 34, requests that the defendant, Massachusetts Bay Transportation Authority, produce and permit the plaintiff's attorneys to inspect and copy the following documents within thirty (30) days from the date of service of this request. Production, inspection and copying shall take place at the offices of MEEHAN, BOYLE, BLACK & FITZGERALD, P.C., Two Center Plaza, Suite 600, Boston, MA 02108, within thirty (30) days of defendant's counsels' receipt of this request or at such time prior thereto upon which counsel for the parties may agree.

In accordance with Rule 34, any and all documents and writings which are produced pursuant to these requests should be produced either as they are kept in the usual course of the defendant's business or shall be organized and labeled to correspond with the categories in each of the following requests. Plaintiff will accept legible copies delivered on or before the thirtieth day following receipt of such requests, *provided* that defendant's counsel represents in writing

**EXHIBIT A**

that the originals of any such copies are in counsels' possession, custody or control and will be made available to the plaintiff upon request. Finally, in accordance with Mass. R. Civ. P. 26(e), the defendant is requested to update its production of documents with any responsive, after-acquired documents by forwarding copies to the plaintiff's attorneys or by notice to the plaintiff's attorneys of any such newly acquired documents.

## DEFINITIONS

The following definitions are not intended to replace the ordinary, accepted or common dictionary meaning of the words or phrases used herein. Rather, these definitions are intended to supplement commonly understood definitions to assist the defendant to understand the plaintiff's intended usage, limit confusion and facilitate the defendants' responses.

A.  "**PLAINTIFF**" means, unless otherwise indicated, Marlene V. Allen ("Mrs. Allen"), Administratrix of the Estate of James R. Allen, Ph.D., her agents, servants, representatives and attorneys.

B.  "**DECEDENT**" means, unless otherwise indicated, James R. Allen, Ph.D. ("Dr. Allen"), who was pronounced dead on July 30, 2002, as more fully described in the Plaintiff's Complaint.

C.  "**DEFENDANT**" means, unless otherwise indicated, the MASSACHUSETTS BAY TRANSPORTATION AUTHORITY ("MBTA"), specifically including the MBTA Police, as well as any of their predecessors, successors, parents or subsidiary entities or organizations, including their officers, directors, appointees, trustees, employees, agents, staff, committees, subcommittee, boards, representatives, members, insurers and attorneys (except with respect to matters claimed to be protected by the attorney-client privilege or work product doctrine in which case plaintiff requests a privilege log.)

D.  "**INCIDENT**" means the events and activities which occurred on July 30, 2002 which resulted in the death of the decedent as alleged in the Plaintiff's Complaint.

E.  "**RELATING TO, CONCERNING, AND REFERRING TO**" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or concerning.

F.  "**SUBJECT TRAIN**" means, unless otherwise indicated, the commuter rail train designated P514 traveling the "Framingham / Worcester Line" on July 30, 2002.

G.  **"TRAIN CREW" or "CREW"** means, unless otherwise indicated, the conductor, all assistant conductors, the engineer and any and all other railroad personnel operating train P514 on July 30, 2002.

H.  **"EXPERT"** means, unless otherwise indicated, any person you reasonably anticipate calling to give expert opinion testimony at trial.

I.  **"DOCUMENTS"** shall mean all written, typewritten, printed and photocopied, drawn, graphic, pictorial, photographic, tape-recorded, digitally-recorded, video-recorded, filmed, microfilmed and computerized materials of every description. It includes, by way of illustration only, the following:

   (a)  sketches, diagrams, drawings, maps, charts, graphs, blueprints, plans and models;

   (b)  books, logs, diaries, journals, ledgers, notebooks, time-lines, schedules and reports;

   (c)  notes, minutes of meetings, transcripts, memoranda, letters, correspondence, electronic mail ("e-mail"), telegrams, computerized transmissions, and notations, and records of telephone calls and conversations;

   (d)  photographs, films, microfilms, tapes, videotapes, digital and other recordings;

   (e)  confirmations, contracts, agreements, letters of understanding or of agreement, leases, tariffs, equipment leases, purchase orders, invoices, sales slips, receipts, bills and canceled checks; and

   (f)  preliminary drafts and amended or modified versions or copies of any of the foregoing.

J.  **"STATEMENT"** means:

   (a)  Any written or recorded statement, whether signed or unsigned, which has been made by, adopted or approved by, or on behalf of, the person making it; as well as

   (b)  Any stenographic, mechanical, electrical, digital or other recording, or a transcription thereof, which is reasonably believed to be a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

In the event the attorney-client and/or attorney work-product privilege is claimed with respect to any document otherwise responsive to these requests, please provide a so-called "privilege log" in which the precise nature of the privilege claimed is set forth together with the

persons involved, the reason for the claim of privilege, the general nature of the document, the date, author and recipient(s) of the document.

## REQUESTS

### REQUEST NO. 1

Complete copies of each report, evaluation, chronology and/or other such document prepared by any person, agent, employee or representative of the defendant relating to the incident, including but not limited to, any reports which describe or reflect the conduct, actions and/or communications of any member of the passengers and crew on board P514 on July 30, 2002.

### REQUEST NO. 2

Complete copies of each report, evaluation, chronology and/or other such documents concerning the incident that was prepared for, submitted to and/or filed with, the defendant by any other person or entity.

### REQUEST NO. 3

Complete copies of each report, evaluation, chronology or other such document concerning the incident prepared and/or filed by or on behalf of any entity with any governmental body, division, department, board, bureau, committee or registry.

### REQUEST NO. 4

Complete copies of each document, including correspondence, memoranda, e-mails, written messages, notices or other materials of any nature, containing, embodying or referring to any communications between the defendant and any agency, body, division, department, board, committee, official or authority of the state, federal or municipal governments concerning any aspect of the incident.

### REQUEST NO. 5

Complete copies of all time schedules and operating schedules in effect for P514 as of July 30, 2002 together with any and all documents that reflect the actual operation times (arrivals, departures, etc.) of for P514 on July 30, 2004.

### REQUEST NO. 6

Complete copies of each report and other document containing or referring to any statement made by any witness to the incident and/or to the condition of the decedent and/or the conducts, acts or omissions of the crew of P514 on July 30, 2002.

**REQUEST NO. 7**

Complete copies of any lists, summaries, compilations or reports that contain the names of any and all persons, whether passengers, crew members or employees, representatives, contractors or agents of any of the defendants on board P514 on July 30, 2002.

**REQUEST NO. 8**

Complete copies of each statement, whether recorded, transcribed, handwritten, typed, e-mailed or otherwise, obtained from or given by each witness to the incident and/or passenger who was, or claims to have been, on board P514 on July 30, 2002.

**REQUEST NO. 9**

Complete copies of each statement, whether recorded, transcribed, handwritten, typed, e-mailed or otherwise, obtained from or given by any employee of any of the defendants in this matter relating in any way to the incident, the decedent, the conduct or observations of any person on board P514 on July 30, 2002 and/or any medical or emergency procedures relating to the incident.

**REQUEST NO. 10**

Complete copies of each statement, whether recorded, transcribed, handwritten, typed or otherwise, purportedly given by or on behalf of the decedent or the plaintiff.

**REQUEST NO. 11**

Complete copies of each statement, whether recorded, transcribed, handwritten, typed or otherwise, purportedly given by or on behalf of any of the defendants (including, but not limited to, any of the crew members of P514 and their supervisors) relating to the incident.

**REQUEST NO. 12**

Complete copies of each contract, agreement, letter of understanding, written arrangement, or other such documents (including complete copies of all exhibits or attachments thereto) that initiate, constitute, modify or embody any agreement, business or operational arrangement between the defendant and any other person or entity relating to the travel, management, operation, dispatch or control of commuter rail trains along the Framingham / Worcester Line in effect as of July 30, 2002.

**REQUEST NO. 13**

Complete copies of each letter, communication, minutes of meetings, transcript, report, e-mail, telex, written message or other document that alleges or suggests any breach, violation, infraction, noncompliance, infringement or other such failure to follow or abide by the terms, provisions or conditions of any contract or agreement between the defendant and any other person or entity relating in any way to the incident.

**REQUEST NO. 14**

Complete copies of all photographs, videotapes, sketches, diagrams, maps, drawings, images, depictions or other visual representations of the incident scene and/or the subject train including, but not limited to, images or representations that reflect any passenger rail cars, locomotives, the location of persons (crew members, incident participants, witnesses and/or the decedent), commuter rail stations, the route or track of the train, and/or any other image or representation relating to the subject incident.

**REQUEST NO. 15**

Complete copies of all insurance policies, whether primary, excess, umbrella (or which name the defendant as an additional insured), which may afford any insurance coverage to the defendant in connection with the incident which is the subject of this action.

**REQUEST NO. 16**

Complete copies of any documents in the nature of indemnification agreements between the defendant and any other party or entity relating in any way to the incident or the instant civil action.

**REQUEST NO. 17**

Complete copies of all schedules, rosters and/or assignment lists that identify any and all personnel assigned to work on board all commuter rail trains designated P514 from July 15, 2002 through August 15, 2002.

**REQUEST NO. 18**

Complete copies of all schedules, rosters and/or assignment lists that identify any and all personnel assigned to manage, supervise, monitor, dispatch or otherwise oversee train crews working on board all commuter rail trains designated P514 from July 15, 2002 through August 15, 2002.

**REQUEST NO. 19**

Complete copies of all personnel files for all members of the crew on board the subject train on July 30, 2002 including, but not limited to applications for hire, resumes, background checks,

references, evaluations, applications for promotion, promotions, demotions, disciplinary actions, reprimands, suspensions, commendations, complaints, assignments and/or others such materials contained in such personnel files.

**REQUEST NO. 20**

Complete copies of any licenses, credentials, permits and/or other certifications entitling the operators and crew members of the subject train to work on and operate the train.

**REQUEST NO. 21**

Complete copies of all records which were generated as a consequence of or relating to drug or alcohol tests conducted on any of the defendants' employees, servants, contractors or agents in connection with the incident.

**REQUEST NO. 22**

Complete copies of all training and education files or records of each crew member on board P514 on July 30, 2002 including, but not limited to, initial training, recurrent training, refresher training, annual training, courses, seminars, classes, any training relating to communications, emergency procedures, medical emergencies, first aid, cardiopulmonary resuscitation ("CPR") and/or local (meaning along the Framingham / Worcester Line) medical or emergency resources, together with proofs or certifications of attendance and/or completion, grades, test scores or results relating to such training by each such crew member.

**REQUEST NO. 23**

Complete copies of all training and education manuals, materials, course-books, text books, pamphlets, bulletins, syllabi, outlines, guidelines, simulated emergency response exercises, computerized training programs, quizzes, tests and/or other materials provided to or used in the training of each train crew member on board P514 on July 30, 2002.

**REQUEST NO. 24**

Complete copies of all documents regarding the assignments, duties, obligations and responsibilities of the employees, representatives or contractors operating train P514 on July 30, 2002.

**REQUEST NO. 25**

Complete copies of all notebooks, notations, logs, written messages, onboard communications or reports, memoranda, or other written documents of any type or nature completed by any member of the train crew of P514 for a period commencing July 15, 2002 through August 15, 2002.

**REQUEST NO. 26**

Complete copies of all notebooks, notations, logs, written messages, communications or reports, memoranda, or other written documents of any type or nature completed by any dispatcher to, supervisor of or any other employee, representative, contractor or agent of the defendant in direct communication with any member of the P514 train crew between at 12:00 a.m., July 30, 2002 through 12:00 a.m. July 31, 2002.

**REQUEST NO. 27**

Complete copies of any recordings, transmissions, communications, written messages, transcriptions, verbatim notations and/or other documents which reflect radio, telephone, telex, computerized transmissions or forms of communication of any nature or description received from or by any person on board, or believed to be on board, train P514 on July 30, 2002.

**REQUEST NO. 28**

Complete copies of any recordings, transmissions, communications, written messages, transcriptions, verbatim notations and/or other documents which reflect radio, telephone, telex, computerized transmissions or forms of communication of any nature or description exchanged between train crew members on board train P514 on July 30, 2002.

**REQUEST NO. 29**

Complete copies of any recordings, transmissions, communications, written messages, transcriptions, verbatim notations and/or other documents which reflect radio, telephone, telex, computerized transmissions or forms of communication of any nature or description exchanged between any of the defendants, their agents, contractors or representatives on July 30, 2002, relating in any way to the incident.

**REQUEST NO. 30**

Complete copies of any recordings, transmissions, communications, written messages, transcriptions, verbatim notations and/or other documents which reflect radio, telephone, telex, computerized transmissions or forms of communication of any nature or description that reflect any 911 calls, emergency transmissions or calls to emergency services of any type or description on July 30, 2002 relating in any way to the incident.

**REQUEST NO. 31**

Complete copies of any documents which reflect any emergency preparedness plans, policies or procedures to be followed by defendant's employees, agents, representatives or contractors for the evaluation and/or reporting of a medical emergency on board any train operated by or on behalf of the defendant as of July 30, 2002.

**REQUEST NO. 32**

Complete copies of all modifications, revisions, corrections, supplements, additions, amendments, substitutions, new editions and/or other alterations or replacements of any type or nature to any documents identified or produced in response to the previous request since July 30, 2002.

**REQUEST NO. 33**

Complete copies of any documents which reflect any emergency preparedness plans, policies or procedures to be followed by defendant's employees, agents, representatives or contractors for the evaluation and/or reporting of a medical emergency on board the defendant's subway, light rail, bus, paratransit, and commuter boat systems from July 30, 1997 to the present.

**REQUEST NO. 34**

Complete copies of all manuals of instruction, rulebooks, rules of conduct, safety rules, employee timetables, special instructions, general orders, bulletin orders, summary bulletin orders, division notices, customer service notices, policies, regulations, guidelines, standard operating procedures, principles or practices (including any and all attachments) and other such documents provided to and/or in use by train crew members (conductors, assistant conductors, engineers, trainmen, etc.) for the operation of commuter rail trains as of July 30, 2002.

**REQUEST NO. 35**

Complete copies of all modifications, revisions, corrections, supplements, additions, amendments, substitutions, new editions and/or other alterations or replacements of any type or nature to any documents identified or produced in response to the previous request since July 30, 2002.

**REQUEST NO. 36**

Complete copies of all emergency preparedness plans, emergency manuals, emergency procedures, manuals of instruction, rulebooks, rules of conduct, safety rules, employee timetables, special instructions, general orders, bulletin orders, summary bulletin orders, division notices, customer service notices, policies or regulations, medical emergency guidelines, que cards, outlines, checklists, etc. (hereinafter "emergency procedures") relating to train crew member action, conduct, communications and activities in the event of a medical emergency on board commuter rail trains operated by or on behalf of the defendant as of July 30, 2002. as of July 30, 2002.

**REQUEST NO. 37**

Complete copies of all modifications, revisions, corrections, supplements, additions, amendments, substitutions, new editions and/or other alterations or replacements of any type or nature to any to any documents identified or produced in response to the previous request since July 30, 2002.

**REQUEST NO. 38**

Complete copies of all emergency preparedness plans, emergency manuals, emergency procedures, manuals of instruction, rulebooks, rules of conduct, safety rules, employee timetables, special instructions, general orders, bulletin orders, summary bulletin orders, division notices, customer service notices, policies or regulations, medical emergency guidelines, que cards, outlines, checklists, etc. (hereinafter "emergency procedures") relating to the evaluation, reporting and handling of a medical emergency on board the defendant's subway, light rail, bus, paratransit, and commuter boat systems from July 30, 1997 to the present.

**REQUEST NO. 39**

Complete copies of any documents which reflect corrective or remedial actions and/or measures taken by or on behalf of the defendant as a result of, caused by or relating to the incident.

**REQUEST NO. 40**

Complete copies of any documents wherein the defendant's emergency procedures as they relate to medical emergencies or communications were criticized or commented upon from July 30, 1997 to the present.

**REQUEST NO. 41**

All documents that pertain to or evidence each action which was taken to improve the emergency medical response abilities of, and/or procedures for, train crews operating any train by or on behalf of any defendant from July 30, 1997 to the present.

**REQUEST NO. 42**

Complete copies of all documents that identify, reflect or describe any improvements to the safety of passengers on board the defendant's commuter rail trains from July 30, 2002 to the present.

**REQUEST NO. 43**

Complete copies of any documents that reflect the defendant's compliance (or failure to comply) with Federal Railroad Administration ("FRA") requirements, recommendations or guidelines regarding emergency procedures, communications, training, reporting and equipment in relation to medical emergencies on board trains (including but not limited to any such communications

with the FRA's Safety Assurance and Compliance Program) since July 30, 1982.

**REQUEST NO. 44**

Complete copies of all materials provided by, on behalf of, or at the request of any person or entity, to Transportation Resource Associates, Inc. ("TRA") for the "Medical Emergency Procedures Review" it conducted between September 1, 2002 and May 14, 2002.

**REQUEST NO. 45**

Complete copies of all draft reports, status reports, surveys, preliminary or interim evaluations or other such submissions provided by TRA during the course of its Medical Emergency Procedures Review conducted between September 1, 2002 and May 14, 2002.

**REQUEST NO. 46**

Complete copies of all final reports, evaluations, surveys or other such submissions, including enclosure correspondence, provided by TRA at the conclusion of its Medical Emergency Procedures Review conducted between September 1, 2002 and May 14, 2002.

**REQUEST NO. 47**

Complete copies of all documents that constitute industry, trade and/or governmental standards, guidelines, procedures, studies, surveys, databases and/or practices that regulate and/or provide guidance to train crews, their supervisors and dispatchers in the handling of medical emergencies on board trains from July 30, 1997 and the present.

**REQUEST NO. 48**

Complete copies of all documents that constitute industry, trade and/or governmental standards, guidelines, procedures, studies, surveys, databases and/or practices that regulate and/or provide guidance to employees, operators, their supervisors and dispatchers in the handling of medical emergencies on the defendant's commuter rail, subway, light rail, bus, paratransit, and commuter boat transportation systems operated by or on behalf of the defendant from July 30, 1997 to the present.

**REQUEST NO. 49**

Complete copies of any incident or injury reports (together with any attachments of related documents filed with such reports) relating to any person suffering injury or illness on board the defendant's trains for which medical assistance was summoned from July 30, 1997 to the present.

**REQUEST NO. 50**

Complete copies of any incident or injury reports (together with any attachments of related documents filed with such reports) relating to any person suffering injury or illness on board the defendant's trains regardless of whether medical assistance was summoned from July 30, 2001 to the present.

**REQUEST NO. 51**

Complete copies of any claim and/or complaint (including, but not limited to, formal, legal complaints) against the defendant or any of its employees, agents or contractors brought by or on behalf of any person claiming to have suffered illness or injury while on board the defendant's trains from July 30, 1992 to the present.

**REQUEST NO. 52**

Complete copies of any lists, summaries, compilations or reports that identify each item of emergency and/or medical equipment and supplies that were supposed to be carried on board the defendant's commuter rail trains from July 30, 2001 to the present.

**REQUEST NO. 53**

Complete copies of any lists, summaries, compilations or reports that identify each item of emergency and/or medical equipment and supplies on board P514 on July 30, 2002.

**REQUEST NO. 54**

Complete copies of any documents that reflect, pertain to or evidence any recommendation, discussion, contemplation, or suggestion by an agent, servant, representative, contractor or employee of the defendant that automated external defibrillators ("AEDs") could or should be made available on board the defendant's trains or located at any of the defendant's stations since July 30, 1992.

**REQUEST NO. 55**

Complete copies of any documents that reflect, pertain to or evidence the purchase, shipment, delivery and disposition of any type of AED for installation and use in any vehicle, facility or office of the defendant and/or its agents, servants, representatives, contractors or employees at any time since July 30, 1992.

**REQUEST NO. 56**

Complete copies of any documents that reflect, pertain to or evidence contracts with any person or entity for the provision of, installation of and/or training on any type of AED obtained for use

in any vehicle, facility or office of the defendant and/or its agents, servants, representatives, contractors or employees at any time since July 30, 1992.

**REQUEST NO. 57**

Complete copies of all training and education manuals, materials, course-books, text books, pamphlets, bulletins, syllabi, outlines, guidelines, simulated emergency response exercises, computerized training programs, quizzes, tests and/or other materials relating to provision, installation and/or training on any type of AED obtained for use in any vehicle, facility or office of the defendant and/or its agents, servants, representatives, contractors or employees at any time since July 30, 1992.

**REQUEST NO. 58**

Complete copies of any documents that reflect, pertain to or evidence any recommendation, discussion, contemplation, or suggestion by any person or entity since July 30, 1992 that the defendant and/or its agents, servants, representatives, contractors or employees obtain, install and make use of AEDs in any aspect of the defendant's operations.

**REQUEST NO. 59**

Complete copies of any documents, memoranda, booklets, manuals or other writings which relate, in any way, to the availability or use of AEDs by the defendant and any of its employees, servants, agents, representatives or contractors since July 30, 1992.

**REQUEST NO. 60**

Complete copies of all documents that constitute or reflect any evaluation, summary, review, list, study, survey, database or examination of the medical and/or emergency services and contact information available along the routes of the defendant's trains since July 30, 1992.

**REQUEST NO. 61**

Complete copies of any citations or reprimands of any type or nature issued to any person or entity relating to the incident together with any documentation of any hearings on such citations or reprimands and the final dispositions thereof.
**REQUEST NO. 62**

Complete copies of any documents that contain recorded, transmitted, transcribed or reported speeds, stops, times idle, arrivals, departures and other such events for P514 on July 30, 2002.

**REQUEST NO. 63**

Complete copies of any documents that contain recorded, transmitted, transcribed or reported speeds, stops, times idle, arrivals, departures and other such events for P514 from July 15, 2002 through August 15, 2002.

**REQUEST NO. 64**

Complete copies of all press releases, news bulletins, media notices, responses to media inquiries and/or other such documents issued, formally or informally, by or on behalf of the defendant, its agents, representatives, contractors or employees, relating to the incident, the conduct and statements of the train crew and/or passengers of P514, interaction with the plaintiff or her counsel after the incident, any other incidents of medical emergencies on board the defendant's commuter rail trains or in its stations, AEDs, any reviews, evaluations or changes of emergency procedures or operations relating to medical emergencies and/or any change in contractors for commuter rail operations from July 30, 2002 to the present.

**REQUEST NO. 65**

Complete copies of all *curriculum vitae* of any experts retained by the defendant who are expected to testify at trial together with any lists of past testimony maintained by each such expert.

**REQUEST NO. 66**

Complete copies of any report or correspondence containing opinions of any nature or scope rendered by Robert J. Myerburg, M.D. regarding the decedent, the incident, AEDs, the use of AEDs in transportation and/or survivability from cardiac conditions or attacks.

**REQUEST NO. 67**

Complete copies of all organizational charts, diagrams, flow charts and/or other depictions of the defendant as it existed on July 30, 2002 including, but not limited to, those which identify, reflect, describe or define the structure, organization, roles and/or responsibilities of the defendant organization and its various components (e.g., departments, divisions, subsidiaries, boards, committees, officers, administration, employees, etc.)

**REQUEST NO. 68**

Complete copies of any organizational charts or diagrams and/or any other such documents or materials that reflect, describe or define the nature and extent of the relationship between the defendant and each and every other defendant in this matter.

**REQUEST NO. 69**

Complete copies of all minutes of meetings of the board of directors and/or officers of the defendant from July 30, 2002 up to and including the present.

**REQUEST NO. 70**

Complete copies of all minutes of meetings of the board of directors and/or officers of the defendant that reflect any reference to, discussion about, vote on or other mention of AEDs, medical emergencies on board trains and/or medical emergency policies, procedures, reporting, training or equipment since July 30, 1992.

        The Plaintiff, MARLENE V. ALLEN, Executrix
        of the Estate of James R. Allen, Ph.D.,
        By her Counsel,

        _____
        Leo V. Boyle, BBO No. 052700
        Bradley M. Henry, BBO No. 559501
        MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.
        Two Center Plaza - Sixth Floor
        Boston, MA 02108-1922
        (617) 523-8300

DATED: September 10, 2004

**CERTIFICATE OF SERVICE**

    I, Bradley M. Henry, certify that on September 10, 2004, I served an exact copy of the Plaintiff's First Request for Production of Documents to the Massachusetts Bay Transportation Authority in accordance with the time standards applicable to this action based upon its track designation, by serving an exact copy thereof with the Complaint to all parties.

        _____
        Bradley M. Henry