UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

NO. 04-CV-12080-PBS

| | |
|---|---|
| MARLENE V. ALLEN, Executrix of the Estate of James R. Allen, Ph.D.,<br><br>      Plaintiff,<br><br>v.<br><br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATIONAL RAILROAD PASSENGER SERVICE (a/k/a "AMTRAK") and CSX TRANSPORTATION, INC.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

THE DEFENDANT MASSACHUSETTS
BAY TRANSPORTATION AUTHORITY'S
INITIAL DISCLOSURES PURSUANT TO
FED.R.CIV.P.26(a)(1) AND LOCAL RULE 26.2(A)

The defendant, Massachusetts Bay Transportation Authority (MBTA) makes the following initial disclosures in the above-captioned matter pursuant to the provisions of Fed.R.Civ.P.26(a)(1) and Local Rule 26.2(A). The attached documents are provided to the plaintiff without waiving any rights with respect to the admissibility of the same in evidence and without waiving the right to claim that these or any additional documents are subject to attorney-client or work-product privilege.

EX. B

I. **PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT DEFENDANT MAY USE TO SUPPORT ITS DEFENSES AND CLAIMS**

a. Train crew employees of Amtrak:
Bruce Held, James Peros, Susan Bergeron, Walter LaCombe.

Witnesses:
Anthony Dendler, Bashi Dehestani, Cynthia Kelly, Mary Ann Donovan Irina Frankel, Isioma Maduemezia, Richardf Messinger, Michael Eisenberg, Rebecca Ferrante-Crocker, Suzanne Rose, James Vaughn, Clifford Avey, Alicia Wyman, Sean Harding, Gary O'Brien, Jeanne Hathaway, Mark Christopher. Veronica Melendez, John Chansky, Julie Fleming.

b. Emergency and medical personnel involved in the treatment and autopsy of the plaintiff's decedent James Allen.

c. The defendant reserves the right to supplement this response as discoverable information becomes available.

II. **DOCUMENTS THAT MAY BE USED TO SUPPORT DEFENDANT'S DEFENSES**

a. All non-privileged records of the MBTA, the co-defendant National Railroad Passenger Service (AMTRAK) and the co-defendant CSX Transportation, Inc. (CSX) pertaining to the events of the morning of July 30, 2002 in connection with a medical emergency on a Framingham to Boston Commuter Train.

b. The medical records of James Allen.

b. The defendant reserves the right to supplement this response as discoverable documents may become available.

III. **COMPUTATION OF DAMAGES**

The defendant is not claiming damages, other than costs and attorneys' fees if appropriate; the defendant does take the position it is ultimately entitled to indemnification from AMTRAK.

IV. **POLICIES OF INSURANCE**

The defendant is self insured up to $5,000,000. Allianz, provides $5,000,000 in coverage over the self retention; the Lexington Insurance Company then provides $15,000,000 in coverage, followed by Zurich American which provides a layer of excess coverage in the amount of $50,000,000.

EX. B

The Defendant,
Massachusetts Bay Transportation Authority.
By its Attorneys,

_____
William J. Dailey, Jr. BBO 112200
Harry A. Pierce BBO # 399275
Sloane and Walsh
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-6010

Dated: October 18, 2004

## CERTIFICATE OF SERVICE

I, Harry A. Pierce, certify that on the 18th day of October, 2004 I made service of the foregoing document, by causing a copy thereof to be mailed, postage prepaid, to the following counsel of record:

Leo v. Boyle
Bradley M. Henry
Meehan, Boyle, Black & Fitzgerald, P.C.
Two denter Plaza, Suite 600
Boston, MA 02108-1922

Attorney for Plaintiff

Michael J. McCormack
David T. Mitrou
McCormack & Epstein
One International Place 7th Floor
Boston, MA 02210

Attorney for Amtrak

Michael B. Flynn
Richard A. Davidson, Jr.
Flynn & Associates, P.C.
189 State Street 6th Floor
Boston, MA 02109

Attorney for CSX Transportation, Inc.

_____
Harry A. Pierce

3

EX. B