UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARLENE V. ALLEN, Executrix of the Estate of James R. Allen, Ph.D.,<br>　　　　　　　　　　Plaintiff,<br>v.<br><br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATIONAL RAILROAD PASSENGER SERVICE (a/k/a "AMTRAK") and CSX TRANSPORTATION, INC.,<br>　　　　　　　　　　Defendants. | CIVIL ACTION<br>NO: 04-12080-PBS |

**DRAFT - SERVED BUT NOT FILED**

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DOCUMENT REQUESTS FROM DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY AND PLAINTIFF'S L.R. 7.1 AND 37.1 CERTIFICATIONS**

Plaintiff Marlene V. Allen, Executrix of the Estate of James R. Allen, Ph.D., hereby files this motion pursuant to Fed. R. Civ. P. 37 and L.R. 37.1(A) to compel the defendant Massachusetts Bay Transportation Authority ("MBTA") to respond to the document requests served by the plaintiff on September 13, 2002. As grounds for this motion, plaintiff states that despite repeated requests by plaintiff's counsel for the overdue responses, the defendant MBTA has failed or refused to serve the required written responses or to produce documents pursuant to plaintiff's Rule 34 documents requests and, while it has repeatedly asked that the plaintiff delay in filing this motion to compel based on promises of future compliance, the defendant has neither requested nor sought extensions of time to respond and it remains unclear whether, or when, the plaintiff may expect compliance with the rules of procedure by the MBTA.

**EXHIBIT C**

## BACKGROUND

1.  This cases arises out of the July 30, 2002 death of plaintiff's decedent, James Allen, who suffered a cardiac arrest onboard an MBTA commuter train which would not stop for medical assistance but, instead, continued to board and disembark passengers at three station stops over more than twenty (20) minutes while Dr. Allen received CPR on the train.

2.  After nearly two years of negotiations and voluntary production of documents by the plaintiff to the MBTA, plaintiff filed this suit on July 21, 2004, serving her Complaint together with document requests pursuant to Rule 34 on September 13, 2004. (*See* Plaintiff's First Request for Production of Documents to Defendant [MBTA] attached as **Exhibit A**.)

3.  On September 28, 2004, the defendants removed the action to this court where, since discovery had been served prior to removal, the defendant MBTA's required automatic disclosure of documents under Fed. R. Civ. P. 26(a) became due on October 18, 2004. The MBTA made a minimal Rule 26 disclosure of documents on October 18, 2004 that included only documents that had already been disclosed by other parties and included almost none of the documents previously requested in the plaintiff's Rule 34 document requests. In particular, the MBTA's disclosure of documents read:

    "DOCUMENTS THAT MAY BE USED TO SUPPORT DEFENDANTS' DEFENSES

    a.  All non-privileged records of the MBTA, the co-defendant [Amtrak] and the co-defendant [CSX] pertaining to the events of the morning of July 30, 2002 in connection with a medical emergency on a Framingham to Boston Commuter Train.

    b.  The medical records of James Allen."

(*See* Defendant MBTA's Initial Disclosures, p. 2, attached as **Exhibit B**.)

4.  While nowhere identified in the MBTA's disclosure itself, enclosed with it were

three documents: (1) an incomplete download of train computer data that had already been produced by Amtrak; (2) an incomplete copy of an out-dated contract between the MBTA and Amtrak that had already been produced by Amtrak; and (3) a consultant's report on the MBTA's emergency medical procedures that has been publically posted on the internet since May 2003 (and which had already been produced by Amtrak.)

5.  Although the MBTA's responses to the plaintiff's documents requests would initially have been due on October 10, 2004, in light of some ambiguity created by the rules as a result of the removal, plaintiff offered to accept the responses thirty (30) days after the date of plaintiff's own required disclosures which were made in accordance with the rules on October 26, 2004. (*See* Letter from Plaintiff's Counsel dated October 29, 2004 (p. 2, last ¶) attached as **Exhibit C**.)  No party disagreed with the proposal that responses would due no later than November 25, a date that was two weeks before the first scheduled deposition was to take place.

6.  Since that time, despite repeated requests from plaintiff's counsel for the overdue responses and requested documents and more than three attempts to conclude a L.R. 7.1 and 37.1 conference about the missing documents (*see* Certification *infra*), the defendant MBTA has failed or refused to serve the required written responses, has failed or refused to produce any documents in response to the Rule 34 requests and, depending on the date from which it is measured, the MBTA's responses are now more than ninety (90) days overdue without request for extension.[1]

---

[1] Meanwhile, the MBTA's co-defendants proceeded to disclose a number of MBTA documents that happened to be in their possession that were responsive to the plaintiff's documents requests, but which defendant MBTA had failed to reference, mention, disclose or produce.  By way of example only, defendant Amtrak produced several MBTA Police reports that were clearly subject to disclosure obligations if the MBTA had any intention of relying upon such documents in its defense as it stated in its written disclosure.  Likewise, defendant CSX produced a copy of the MBTA's own Passenger Train Emergency Preparedness Plan, a document that was also clearly subject

**ARGUMENT**

Rule 34(a) of both the Massachusetts and the Federal Rules of Civil Procedure provide, in pertinent part as follows: "[a]ny party may serve on any other party a request (10 to produce and permit the party making the request ... to inspect and copy, any designated documents ...." Subpart (b) of both rules provides in pertinent part that: "[t]he party upon whom the request is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties ...."

Plaintiff duly served document requests upon defendant MBTA on September 13, 2004. To date, the defendant MBTA has failed or refused to serve any written response. In fact, instead of seeking from either the court or the serving party any extension of time to respond as provided for in the rules, the MBTA has simply ignored it obligations under the rules.

Rule 37(a) of the Federal Rules provides in pertinent part that:

"[a] party, upon reasonable notice to other parties ... may apply for an order compelling disclosure or discovery as follows: ... (2) Motion. (A) If a party fails to make a disclosure required by the Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions ... (B) ... if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling inspection in accordance with the request ...."

---

to such disclosure obligations. Whether or not the MBTA expected to rely upon such documents as it's written disclosure suggests, it is clear that the MBTA's co-defendants understand what documents were relevant and subject to production and, in fact, located and produced their copies of MBTA documents while the MBTA itself continued to delay in any such production.

WHEREFORE, plaintiff respectfully requests that, pursuant to Rule 37, this Court order the defendant MBTA to fully and completely respond to the plaintiff's Rule 34 documents requests and to produce responsive documents within ten (10) days.

## LOCAL RULE 7.1 and 37.1 CERTIFICATIONS

I, Bradley M. Henry, counsel for the plaintiff, hereby certify that on December 10, 2004, I attempted to initiate a discovery conference with counsel for the MBTA at the deposition of the MBTA's Director of Railroads, Anna Barry. (*See* Deposition of Anna M. Barry, pp. 169-172 attached as **Exhibit D**.)   At that deposition were William J. Daily, Jr., counsel for the defendant MBTA as well as the MBTA's General Counsel, William Mitchell, Esq. (*Id.* at p. 2.)  As a result of that colloquy and in response to my request, Mr. Dailey called later that day and asked if he could sit down the following week to discuss the MBTA's overdue responses and I agreed.

However, due to scheduling conflicts no meeting took place that week.  After a series of additional phone calls, on December 29, 2004, Mr. Dailey, his associate Harry A. Pierce, Esq. and I sat down to discuss the overdue responses.  I set forth each document that the MBTA had disclosed to date and pointed out how each had previously been produced by another defendant. I further explained that a series of additional MBTA documents had been produced by the MBTA's co-defendants that should have been produced by the MBTA but had not been.  Finally, I provided to the MBTA's counsel an abbreviated summary of all of the plaintiff's document requests (see Summary of Document Requests attached as **Exhibit E**) and highlighted each of the requests for which, based on the six depositions taken to date, I believed the MBTA possessed responsive documents but had not produced such documents.  It was clear from this discussion that the MBTA had not yet started a serious search for documents responsive to the

plaintiff's requests. At the conclusion of the meeting which lasted approximately thirty (30) minutes, counsel for the MBTA promised that they would take steps to get the requested documents and would report back on their progress the next week (that of January 3, 2005.)

Despite this promise, MBTA's counsel did not contact me the following week. Nevertheless, after a previously scheduled deposition of a representative of Amtrak in the case on Friday, January 7, 2005, as the MBTA's attorney, Mr. Pierce, was about to leave, I asked him to stay a moment to talk. I said that I had still not heard back regarding the overdue documents and was in a position to have to file the motion to compel which was already mostly drafted. His response was that they were doing the best they could to get the documents and he asked me to please not file the motion .... [COMPLETION PENDING]

>Respectfully submitted,
>Plaintiff, Marlene V. Allen, Executrix of the
>Estate of James R. Allen, Ph.D.
>By Her Attorneys,
>
>**DRAFT  -  SERVED BUT NOT FILED**
>
>Leo V. Boyle, BBO No. 052700
>Bradley M. Henry, BBO No. 559501
>MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.
>Two Center Plaza, Suite 600
>Boston, MA  02108-1922
>(617) 523-8300

**CERTIFICATE OF SERVICE**

I, Bradley M. Henry, hereby certify that on this 11th day of January 2005, I served the foregoing PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DOCUMENT REQUESTS FROM DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY AND PLAINTIFF'S L.R. 7.1 AND 37.1 CERTIFICATIONS, by electronic filing and by mailing an exact copy thereof, via first class mail postage prepaid to all counsel of record:  Michael J. McCormack, Esq. and David T. Mitrou, Esq., McCormack & Epstein, 1 International Place - 7th Floor, Boston, MA 02110; William J. Dailey, Jr., Esq. and Harry A. Pierce, Esq., Sloan and Walsh, Three Center Plaza, Boston, MA 0210; Michael B. Flynn, Esq. and Richard A. Davidson, Jr., Esq., Flynn & Associates, P.C., 400 Crown Colony Drive, Ste. 200, Quincy, MA 02169.

>**DRAFT  -  SERVED BUT NOT FILED**