UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04-CV-12080-PBS

| | |
|---|---|
| MARLENE V. ALLEN, Executrix of the Estate of James R. Allen, Ph.D., <br>         Plaintiff, <br><br> v. <br><br> MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATIONAL RAILROAD PASSENGER SERVICE (a/k/a "AMTRAK") and CSX TRANSPORTATION, INC., <br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THE DEFENDANT MASSACHUSETTS BAY TRANSPORTATION
AUTHORITY'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS**

General Objection:  The defendant, Massachusetts Bay Transportation Authority, objects to the plaintiff's requests for production insofar as they seek information which is privileged, said information having been prepared at the request and/or direction of attorneys representing the said defendant, and/or such materials having been prepared in anticipation of litigation.  The said defendant further reserves its right to make appropriate objections to the introduction of any documents produced, if such documents are offered at trial.  Without waiving this objection, the said defendant, by its attorneys, responds as follows:

REQUEST NO. 1

Complete copies of each report, evaluation, chronology and/or other such document prepared by any person, agent, employee or representative of the defendant relating to the incident, including but not limited to, any reports which describe or reflect the conduct, actions and/or communications of any member of the passengers and crew on board P514 on July 30, 2002.

RESPONSE NO. 1

The MBTA produces the following documents attached and marked "A":

   TRA Report – June 6, 2003

EX. D

MBTA Police Department Journal Incident Report dated 7/31/02

MBTA Police – Summary of Investigation dated 8/8/02 (7 pages)

MBTA Police – Summary of Information re: Death of James Allen (4 pages; also 3 page version)

MBTA Police – Summary of Information from Quantum Data Recorder re: Station Stops (2 pages)

MBTA Police Flyer looking for witnesses to 7/30/02 event (1 page)

Amtrak Investigation Report dated 8/3/02 (7 pages) with attachments and Text Downloads Framingham to Auburndale and Auburndale to Back Bay and Graph Download Framingham to South Station

Employee work history, training records, tests etc. (1 page)

Amtrak Non-Employee Injury Illness Report dated 8/2/02 (2 pages)

Amtrak Unusual Occurrence Report dated 8/2/02 (2 pages)

REQUEST NO. 2

Complete copies of each report, evaluation, chronology and/or other such documents concerning the incident that was prepared for, submitted to and/or filed with, the defendant by any other person or entity.

RESPONSE NO. 2

The MBTA produces the following documents attached and marked "B":

Letter from Stephen A. Jones, dated July 31, 2002, to Michael J. O'Malley

Letter from Stephen A. Jones, dated August 2, 2002, to Michael J. O'Malley

Letter from Anna M. Barry, undated, to Kevin E. Lydon

Letter from Michael J. O'Malley, dated August 1, 2002, to Anna Barry

Letter from E.S. Bagley, Jr. to Michael Mulhern, dated August 2, 2002

Fax from F. J. O'Connor, Jr., dated September 3, 2002, to Anna M. Barry regarding On-Board Medical Emergencies (3 pages)

2

EX. D

Email from Francis J. O'Connor, dated 7/31/02, to All Amtrak Operations Personnel Amtrak Work Zone CS-1

REQUEST NO. 3

Complete copies of each report, evaluation, chronology or other such document concerning the incident prepared and/or filed by or on behalf of any entity with any governmental body, division, department, board, bureau, committee or registry.

RESPONSE NO. 3

Please refer to the response to Request No. 1.

REQUEST NO. 4

Complete copies of each document, including correspondence, memoranda, e-mails, written messages, notices or other materials of any nature, containing, embodying or referring to any communications between the defendant and any agency, body, division, department, board, committee, official or authority of the state, federal or municipal governments concerning any aspect of the incident.

RESPONSE NO. 4

Please refer to the response to Request No. 1.

REQUEST NO. 5

Complete copies of all time schedules and operating schedules in effect for P514 as of July 30, 2002 together with any and all documents that reflect the actual operation times (arrivals, departures, etc.) of for P514 on July 30, 2004.

RESPONSE NO. 5

The MBTA produces the following documents attached and marked "C":

  Trip History Detail Report

  Public Timetable

REQUEST NO. 6

Complete copies of each report and other document containing or referring to any statement made by any witness to the incident and/or to the condition of the decedent and/or the conducts, acts or omissions of the crew of P5 14 on July 30, 2002.

EX. D

RESPONSE NO. 6

The MBTA produces the following documents attached and marked "D":

  August 22, 2002 letter from Dianne Cavaleri to James H. Scanlon.

REQUEST NO. 7

Complete copies of any lists, summaries, compilations or reports that contain the names of any and all persons, whether passengers, crew members or employees, representatives, contractors or agents of any of the defendants on board P514 on July 30, 2002.

RESPONSE NO. 7

See documents produced.

REQUEST NO. 8

Complete copies of each statement, whether recorded, transcribed, handwritten, typed, e-mailed or otherwise, obtained from or given by each witness to the incident and/or passenger who was, or claims to have been, on board P514 on July 30, 2002.

RESPONSE NO. 8

The MBTA produces the following documents attached and marked "E":

  Witness Interviews Typed by MBTA Detective Lewis Best

  Cover Sheet Listing 18 Witnesses by Name (1 page)

  Anthony Dendler (1 page) 8/6/02

  Bashi Dehestani (1 page) 8/6/02

  Cynthia Kelly (1 page) 8/6/02

  Irena Frenkel (1 page) 8/6/02

  Maryann Donovan (1 page) 8/7/02

  Isioma Maduemezia (1 page) 8/7/02

  Richard Messinger (1 page) 8/6/02

  Michael Elsenberg (1 page) 8/6/02

EX. D

Rebecca Ferrante (1 page) 8/7/02

Rebecca Ferrante (1 page) 8/7/02 (signed 10/3/03)

Suzanne Rose (2 pages) 8/5/02

Email from Suzanne Rose (1 page) 7/30/02

James Vaughn (1 page) 8/7/02

Clifford Avey (1 page) 8/5/02

Alicia Wyman (2 pages) 8/8/02

Sean Harding (1 page) 8/9/02

Garry O'Brien (2 pages) 8/14/02

Jeanne Hathaway (1 page) 8/14/02

Typed Statement of Jeanne Hathaway (2 pages) 8/1/02

Typed Statement of Jeanne Hathaway (2 pages) signed 10/9/03

Mark Christopher (1 page) 8/7/02

Email from Christopher Mark (1 page) 7/30/02

Veronica Melendez (1 page) 8/9/02

Email from John Chansky (2 pages) 7/31/02

Email from Julie Fleming (1 page) 7/30/02

Alicia Wyman 10/6/03 (3 handwritten pages)

Suzanne Rose 10/2/03 (3 handwritten pages)

Jeanne Hathaway  10/9/03 (3 handwritten pages)

Rebecca Ferrante Crocker  10/3/03  (2 handwritten pages)

Bashi Dehestani 10/2/03 (1 handwritten page)

EX. D

Suzanne Rose Diagram of Seating

Bashi  Dehestani Diagram of Seating

Rebecca Ferrante Diagram of Seating

Alicia Wyman Diagram of Seating

REQUEST NO. 9

Complete copies of each statement, whether recorded, transcribed, handwritten, typed, e-mailed or otherwise, obtained from or given by any employee of any of the defendants in this matter relating in any way to the incident, the decedent, the conduct or observations of any person on board P514 on July 30, 2002 and/or any medical or emergency procedures relating to the incident.

RESPONSE NO. 9

None of the MBTA employees; see documents produced.

REQUEST NO. 10

Complete copies of each statement, whether recorded, transcribed, handwritten, typed or otherwise, purportedly given by or on behalf of the decedent or the plaintiff.

RESPONSE NO. 10

None.

REQUEST NO. 11

Complete copies of each statement, whether recorded, transcribed, handwritten, typed or otherwise, purportedly given by or on behalf of any of the defendants (including, but not limited to, any of the crew members of P514 and their supervisors) relating to the incident.

RESPONSE NO. 11

None, other than as produced or as identified on privilege log.

REQUEST NO. 12

Complete copies of each contract, agreement, letter of understanding, written arrangement, or other such documents (including complete copies of all exhibits or attachments thereto) that initiate, constitute, modify or embody any agreement, business or operational arrangement between the defendant and any other person or entity relating to the travel, management,

6

EX. D

operation, dispatch or control of commuter rail trains along the Framingham *I* Worcester Line in effect as of July 30, 2002.

RESPONSE NO. 12

The MBTA produces the following documents attached and marked "F":

Operating Agreement between the MBTA and the National Railroad Passenger Corporation dated 9/1/95 and all amendments to date.

Exhibits A-L thereto

REQUEST NO. 13

Complete copies of each letter, communication, minutes of meetings, transcript, report, e-mail, telex, written message or other document that alleges or suggests any breach, violation, infraction, noncompliance, infringement or other such failure to follow or abide by the terms, provisions or conditions of any contract or agreement between the defendant and any other person or entity relating in any way to the incident.

RESPONSE NO. 13

The MBTA has been unable to find any such documents, other than as produced.

REQUEST NO. 14

Complete copies of all photographs, videotapes, sketches, diagrams, maps, drawings, images, depictions or other visual representations of the incident scene and/or the subject train including, but not limited to, images or representations that reflect any passenger rail cars, locomotives, the location of persons (crew members, incident participants, witnesses and/or the decedent), commuter rail stations, the route or track of the train, and/or any other image or representation relating to the subject incident.

RESPONSE NO. 14

See documents produced and/or identified on privilege log.

REQUEST NO. 15

Complete copies of all insurance policies, whether primary, excess, umbrella (or which name the defendant as an additional insured), which may afford any insurance coverage to the defendant in connection with the incident which is the subject of this action.

RESPONSE NO. 15

Relevant insurance policies will be produced.

Ex. D

REQUEST NO. 16

Complete copies of any documents in the nature of indemnification agreements between the defendant and any other party or entity relating in any way to the incident or the instant civil action.

RESPONSE NO. 16

Please refer to documents produced.

REQUEST NO. 17

Complete copies of all schedules, rosters and/or assignment lists that identify any and all personnel assigned to work on board all commuter rail trains designated P514 from July 15, 2002 through August 15, 2002.

RESPONSE NO. 17

None.

REQUEST NO. 18

Complete copies of all schedules, rosters and/or assignment lists that identify any and all personnel assigned to manage, supervise, monitor, dispatch or otherwise oversee train crews working on board all commuter rail trains designated P514 from July 15, 2002 through August 15, 2002.

RESPONSE NO. 18

None, other than as produced.

REQUEST NO. 19

Complete copies of all personnel files for all members of the crew on board the subject train on July 30, 2002 including, but not limited to applications for hire, resumes, background checks, references, evaluations, applications for promotion, promotions, demotions, disciplinary actions, reprimands, suspensions, commendations, complaints, assignments and/or others such materials contained in such personnel files

RESPONSE NO. 19

The MBTA produces the following documents attached and marked "G":

  Memorandum dated July 2, 2003 from Stephen A. Jones to Anna M. Barry.

EX. D

REQUEST NO. 20

Complete copies of any licenses, credentials, permits and/or other certifications entitling the operators and crewmembers of the subject train to work on and operate the train.

RESPONSE NO. 20

None.

REQUEST NO. 21

Complete copies of all records which were generated as a consequence of or relating to drug or alcohol tests conducted on any of the defendants' employees, servants, contractors or agents in connection with the incident.

RESPONSE NO. 21

None.

REQUEST NO. 22

Complete copies of all training and education files or records of each crew member on board P514 on July 30, 2002 including, but not limited to, initial training, recurrent training, refresher training, annual training, courses, seminars, classes, any training relating to communications, emergency procedures, medical emergencies, first aid, cardiopulmonary resuscitation ("CPR") and/or local (meaning along the Framingham / Worcester Line) medical or emergency resources, together with proofs or certifications of attendance and/or completion, grades, test scores or results relating to such training by each such crew member.

RESPONSE NO. 22

None.

REQUEST NO. 23

Complete copies of all training and education manuals, materials, course-books, text books, pamphlets, bulletins, syllabi, outlines, guidelines, simulated emergency response exercises, computerized training programs, quizzes, tests and/or other materials provided to or used in the training of each train crew member on board P514 on July 30, 2002.

RESPONSE NO. 23

The MBTA produces the following documents attached and marked "H":

   Memorandum from Nelson Chin to Anna Barry dated March 28, 2002 and attachments.

Ex. D

REQUEST NO. 24

Complete copies of all documents regarding the assignments, duties, obligations and responsibilities of the employees, representatives or contractors operating train P514 on July 30, 2002.

RESPONSE NO. 24

None, other than as produced.

REQUEST NO. 25

Complete copies of all notebooks, notations, logs, written messages, onboard communications or reports, memoranda, or other written documents of any type or nature completed by any member of the train crew of P514 for a period commencing July 15, 2002 through August 15, 2002.

RESPONSE NO. 25

None.

REQUEST NO. 26

Complete copies of all notebooks, notations, logs, written messages, communications or reports, memoranda, or other written documents of any type or nature completed by any dispatcher to, supervisor of or any other employee, representative, contractor or agent of the defendant in direct communication with any member of the P514 train crew between at 12:00 a.m., July 30, 2002 through 12:00 a.m. July 31, 2002.

RESPONSE NO. 26

See documents produced.

REQUEST NO. 27

Complete copies of any recordings, transmissions, communications, written messages, transcriptions, verbatim notations and/or other documents which reflect radio, telephone, telex, computerized transmissions or forms of communication of any nature or description received from or by any person on board, or believed to be on board, train P514 on July 30, 2002.

RESPONSE NO. 27

See documents produced.

Ex. D

REQUEST NO. 28

Complete copies of any recordings, transmissions, communications, written messages, transcriptions, verbatim notations and/or other documents which reflect radio, telephone, telex, computerized transmissions or forms of communication of any nature or description exchanged between train crew members on board train P514 on July 30, 2002.

RESPONSE NO. 28

See documents produced.

REQUEST NO. 29

Complete copies of any recordings, transmissions, communications, written messages, transcriptions, verbatim notations and/or other documents which reflect radio, telephone, telex, computerized transmissions or forms of communication of any nature or description exchanged between any of the defendants, their agents, contractors or representatives on July 30, 2002, relating in any way to the incident.

RESPONSE NO. 29

See documents attached.

REQUEST NO. 30

Complete copies of any recordings, transmissions, communications, written messages, transcriptions, verbatim notations and/or other documents which reflect radio, telephone, telex, computerized transmissions or forms of communication of any nature or description that reflect any 911 calls, emergency transmissions or calls to emergency services of any type or description on July 30, 2002 relating in any way to the incident.

RESPONSE NO. 30

See documents attached.

REQUEST NO. 31

Complete copies of any documents which reflect any emergency preparedness plans, policies or procedures to be followed by defendant's employees, agents, representatives or contractors for the evaluation and/or reporting of a medical emergency on board any train operated by or on behalf of the defendant as of July 30, 2002.

RESPONSE NO. 31

The MBTA produces the following documents attached and marked "I":

Ex. D

Memorandum from David Clough to Staff, dated November 28, 2001.

MBTA Passenger Train Emergency Preparedness Plan revised through 11/27/01.

Recommended Emergency Preparedness Guidelines for Rail Transit Systems dated April 1999.

Amtrak Bulletin to Employees, dated August 1, 2002.

REQUEST NO. 32

Complete copies of all modifications, revisions, corrections, supplements, additions, amendments, substitutions, new editions and/or other alterations or replacements of any type or nature to any documents identified or produced in response to the previous request since July 30, 2002.

RESPONSE NO. 32

See documents marked "J" attached.

Memorandum of August 2, 2002 from Cynthia Gallo to Bill Fleming.

Medical Emergency Procedures meeting roster dated September 4, 2002.

General Manager Briefing – Medical Emergency Procedure Review dated March 25, 2003.

REQUEST NO. 33

Complete copies of any documents which reflect any emergency preparedness plans, policies or procedures to be followed by defendant's employees, agents, representatives or contractors for the evaluation and/or reporting of a medical emergency on board the defendant's subway, light rail, bus, Para transit, and commuter boat systems from July 30, 1997 to the present.

RESPONSE NO. 33

See response No. 44.

REQUEST NO. 34

Complete copies of all manuals of instruction, rulebooks, rules of conduct, safety rules, employee timetables, special instructions, general orders, bulletin orders, summary bulletin orders, division notices, customer service notices, policies, regulations, guidelines, standard operating procedures, principles or practices (including any and all attachments) and other such documents provided to and/or in use by train crew members (conductors, assistant conductors, engineers, trainmen, etc.) for the operation of commuter rail trains as of July 30, 2002.

EX. D

RESPONSE NO. 34

See documents produced.

REQUEST NO. 35

Complete copies of all modifications, revisions, corrections, supplements, additions, amendments, substitutions, new editions and/or other alterations or replacements of any type or nature to any documents identified or produced in response to the previous request since July 30, 2002.

RESPONSE NO. 35

See documents produced.

REQUEST NO. 36

Complete copies of all emergency preparedness plans, emergency manuals, emergency procedures, manuals of instruction, rulebooks, rules of conduct, safety rules, employee timetables, special instructions, general orders, bulletin orders, summary bulletin orders, division notices, customer service notices, policies or regulations, medical emergency guidelines, que cards, outlines, checklists, etc. (hereinafter "emergency procedures") relating to train crew member action, conduct, communications and activities in the event of a medical emergency on board commuter rail trains operated by or on behalf of the defendant as of July 30, 2002.

RESPONSE NO. 36

See documents produced.

REQUEST NO. 37

Complete copies of all modifications, revisions, corrections, supplements, additions, amendments, substitutions, new editions and/or other alterations or replacements of any type or nature to any to any documents identified or produced in response to the previous request since July 30, 2002.

RESPONSE NO. 37

See documents produced.

REQUEST NO. 38

Complete copies of all emergency preparedness plans, emergency manuals, emergency procedures, manuals of instruction, rulebooks, rules of conduct, safely rules, employee timetables, special instructions, general orders, bulletin orders, summary bulletin orders, division

EX. D

notices, customer service notices, policies or regulations, medical emergency guidelines, que cards, outlines, checklists, etc. (hereinafter "emergency procedures") relating to the evaluation, reporting and handling of a medical emergency on board the defendant's subway, light rail, bus, paratransit, and commuter boat systems from July 30, 1997 to the present.

RESPONSE NO. 38

Objection. The defendant, MBTA, objects as not relevant and overbroad in scope. Without waiving this objection the defendant refers to the documents produced.

REQUEST NO. 39

Complete copies of any documents which reflect corrective or remedial actions and/or measures taken by or on behalf of the defendant as a result of, caused by or relating to the incident.

RESPONSE NO. 39

See documents produced.

REQUEST NO. 40

Complete copies of any documents wherein the defendant's emergency procedures as they relate to medical emergencies or communications were criticized or commented upon from July 30, 1997 to the present.

RESPONSE NO. 40

The MBTA produces the following documents attached and marked "K":

Medical Emergency Procedures Review Final Report by Transportation Resource Associates, Inc., dated 5/14/03

Medical Emergency Procedures Review Draft and Final Reports by Transportation Resource Associates, Inc., both dated 5/14/03

Public Comments

Freedom of Information Request

REQUEST NO. 41

All documents that pertain to or evidence each action, which was taken to improve the emergency medical response abilities of, and/or procedures for, train crews operating any train by or on behalf of any defendant from July 30, 1997 to the present.

EX. D

RESPONSE NO. 41

See documents produced.

REQUEST NO. 42

Complete copies of all documents that identify, reflect or describe any improvements to the safety of passengers on board the defendant's commuter rail trains from July 30, 2002 to the present.

RESPONSE NO. 42

See documents produced.

REQUEST NO. 43

Complete copies of any documents that reflect the defendant's compliance (or failure to comply) with Federal Railroad Administration ("FRA") requirements, recommendations or guidelines regarding emergency procedures, communications, training, reporting and equipment in relation to medical emergencies on board trains (including but not limited to any such communications with the FRA's Safety Assurance and Compliance Program) since July 30, 1982.

RESPONSE NO. 43

The defendant, MBTA, objects to the scope of 22 years as burdensome and oppressive, not relevant and overbroad in scope. The defendant, without waiving its objection, says it has not located any such documents.

REQUEST NO. 44

Complete copies of all materials provided by, on behalf of, or at the request of any person or entity, to Transportation Resource Associates, Inc. ("TRA") for the "Medical Emergency Procedures Review" it conducted between September 1, 2002 and May 14, 2002.

RESPONSE NO. 44

The MBTA produces the following documents attached and marked "L":

   TRA proposal dated August 26, 2002

   MBTA internal memorandum re: TRA dated August 28, 2002

   TRA letter to Anna Barry dated June 12, 2003

   MBTA letter to TRA dated August 28, 2002 with attachment

EX. D

MBTA letter to TRA dated August 27, 2002

MBTA Police Chief Carter to Anna Barry, dated April 4, 2003

Anna Barry, MBTA memorandum to Kenneth Korach at TRA, MBTA Responses to Draft Report, dated May 8, 2003

Memorandum dated April 3, 2003 from Stephen A. Jones to Mary Wilson

Documents regarding Standard Operation Procedures Revision of August 2, 2002

Standard Operation Procedures for YCN Transportation

Standard Operation Procedures for The RIDE

Standard Operation Procedures for Veterans

Standard Operation Procedures for Greater Lynn Senior Services

Standard Operation Procedures for Kiessling Transit, Inc.

Emergency Procedure for Green Line Employees

REQUEST NO. 45

Complete copies of all draft reports, status reports, surveys, preliminary or interim evaluations or other such submissions provided by TRA during the course of its Medical Emergency Procedures Review conducted between September 1, 2002 and May 14, 2002.

RESPONSE NO. 45

The MBTA produces the following documents attached and marked "M":

Draft TRA Final Report, January 15, 2003.  (See Tab "K")

Draft TRA Final Report, May 14, 2003.  (See Tab "K")

Survey of Commuter Rail Agency – Responses to Medical Emergencies

Email May 7, 2003 from Kenneth Korach to Anna Barry

Email May 15, 2003 from Kenneth Korach to Anna Barry

Dear Colleague letter of Anna Barry re survey

Letter to David Snyder dated October 25, 2003 from Anna Barry

EX.D

Email Kenneth Korach to Mary Wilson dated November 18, 2002

Email Kenneth Korach to Mary Wilson dated December 6, 2002

Memorandum – Good Morning – from Michelle von Vital

Email Michelle von Vital to Anna Barry dated December 30, 2002

Email Kenneth Korach to John Vazquez dated January 2, 2003

Email Kenneth Korach to Anna Barry dated January 14, 2003

Email Kenneth Korach to Mary Wilson dated August 26, 2002

Letter from Michael Mulhen to PTSI dated September 6, 2002

Letter to Anna Barry dated September 11, 2002 from PTSI Transportation

Email from James Hill to Anna Barry dated October 3, 2002

Email from Kenneth Korach to Anna Barry dated October 9, 2002

Email from James Hill to M.T. Wilson dated October 10, 2002

Email from Anna Barry to Mary Wilson dated October 18, 2002

Letter from Jerome Kirzner to Anna Barry dated November 6, 2002

Handwritten Memorandum regarding Survey and attachments

Draft MBTA Emergency Responsive Procedures Action Item List

Roster of Meeting Attendees

REQUEST NO. 46

Complete copies of all final reports, evaluations, surveys or other such submissions, including enclosure correspondence, provided by TRA at the conclusion of its Medical Emergency Procedures Review conducted between September 1, 2002 and May 14, 2002.

RESPONSE NO. 46

The MBTA produces the following documents:

Task A Summary of Incident/Investigation dated September 27, 2002  (See Tab K)

EX. D

Medical Emergency Procedures Review, dated June 6, 2003, Final Report  (See Tab K)

Medical Emergency Procedures Review, Appendices for Final Report, dated June 6, 2003 (See Tab K)

REQUEST NO. 47

Complete copies of all documents that constitute industry, trade and/or governmental standards, guidelines, procedures, studies, surveys, databases and/or practices that regulate and/or provide guidance to train crews, their supervisors and dispatchers in the handling of medical emergencies on board trains from July 30, 1997 and the present.

RESPONSE NO. 47

The defendant objects to this request in that it requires the defendant to determine what documents may constitute industry standards or trade practices which will be for the Court to determine.  The defendant further objects in that the request is overboard in scope and not reasonably limited as to time.

REQUEST NO. 48

Complete copies of all documents that constitute industry, trade and/or governmental standards, guidelines, procedures, studies, surveys, databases and/or practices that regulate and/or provide guidance to employees, operators, their supervisors and dispatchers in the handling of medical emergencies on the defendant's commuter rail, subway, light rail, bus, paratransit, and commuter boat transportation systems operated by or on behalf of the defendant from July 30, 1997 to the present.

RESPONSE NO. 48

The defendant objects to this request in that it requires the defendant to determine what documents may constitute industry standards or trade practices which will be for the Court to determine.  The defendant further objects in that the request is overboard in scope and not reasonably limited as to time.

REQUEST NO. 49

Complete copies of any incident or injury reports (together with any attachments of related documents filed with such reports) relating to any person suffering injury or illness on board the defendant's trains for which medical assistance was summoned from July 30, 1997 to the present.

RESPONSE NO. 49

Objection.  The defendant objects to this request as it seeks privileged information and is over

EX. D

broad in scope, and seeks information spanning a period of eight years. To attempt to respond to this request would require review of many files and would take an inordinate amount of employee time.

REQUEST NO. 50

Complete copies of any incident or injury reports (together with any attachments of related documents filed with such reports) relating to any person suffering injury or illness on board the defendant's trains regardless of whether medical assistance was summoned from July 30, 2001 to the present.

RESPONSE NO. 50

The Defendant, MBTA, objects as not relevant, burdensome and oppressive. Further, the request seeks information which is privileged.

REQUEST NO. 51

Complete copies of any claim and/or complaint (including, but not limited to, formal, legal complaints) against the defendant or any of its employees, agents or contractors brought by or on behalf of any person claiming to have suffered illness or injury while on board the defendant's trains from July 30, 1992 to the present.

RESPONSE NO. 51

The Defendant, MBTA, objects as not relevant, burdensome and oppressive. The defendant, MBTA, further objects in that the request is overbroad in scope, spanning a period of thirteen years. To attempt to respond to this request would require review of thousands of pages of documents to attempt to locate responsive materials.

REQUEST NO. 52

Complete copies of any lists, summaries, compilations or reports that identify each item of emergency and/or medical equipment and supplies that were supposed to be carried on board the defendant's commuter rail trains from July 30, 2001 to the present.

RESPONSE NO. 52

See documents produced.

REQUEST NO. 53

Complete copies of any lists, summaries, compilations or reports that identify each item of emergency and/or medical equipment and supplies on board P514 on July 30, 2002.

EX. D

RESPONSE NO. 53

See documents produced.

REQUEST NO. 54

Complete copies of any documents that reflect, pertain to or evidence any recommendation, discussion, contemplation, or suggestion by an agent, servant, representative, contractor or employee of the defendant that automated external defibrillators ("AEDs") could or should be made available on board the defendant's trains or located at any of the defendant's stations since July 30, 1992.

RESPONSE NO. 54

Please refer to documents produced in response to requests Nos. 44-46. Also see letter dated March 11, 2003 from Anna Barry to Michael DeCataldo attached and marked "N".

REQUEST NO. 55

Complete copies of any documents that reflect, pertain to or evidence the purchase, shipment, delivery and disposition of any type of AED for installation and use in any vehicle, facility or office of the defendant and/or its agents, servants, representatives, contractors or employees at any time since July 30, 1992.

RESPONSE NO. 55

Please refer to documents produced in response to requests Nos. 44-46. Also please see the following documents attached and marked "O":

   March 21, 2003 letter from Aleece Foxx to Anna Barry

   August 2, 2002 letter from Jeff Stackpole to Mike Mulhern with attachments.

   Notes, dated August 7, 2002.

REQUEST NO. 56

Complete copies of any documents that reflect, pertain to or evidence contracts with any person or entity for the provision of, installation of and/or training on any type of AED obtained for use in any vehicle, facility or office of the defendant and/or its agents, servants, representatives, contractors or employees at any time since July 30, 1992.

RESPONSE NO. 56

To the extent there are such documents in the possession, custody or control of the defendant

EX. D

MBTA and not privileged, they will be produced.

REQUEST NO. 57

Complete copies of all training and education manuals, materials, course-books, text books, pamphlets, bulletins, syllabi, outlines, guidelines, simulated emergency response exercises, computerized training programs, quizzes, tests and/or other materials relating to provision, installation and/or training on any type of AED obtained for use in any vehicle, facility or office of the defendant and/or its agents, servants, representatives, contractors or employees at any time since July 30, 1992.

RESPONSE NO. 57

The MBTA objects as not relevant, burdensome and oppressive.

REQUEST NO. 58

Complete copies of any documents that reflect, pertain to or evidence any recommendation, discussion, contemplation, or suggestion by any person or entity since July 30, 1992 that the defendant and/or its agents, servants, representatives, contractors or employees obtain, install and make use of AEDs in any aspect of the defendant's operations.

RESPONSE NO. 58

To the extent there are any such documents in the possession, custody or control of the defendant MBTA, please refer to documents produced.

REQUEST NO. 59

Complete copies of any documents, memoranda, booklets, manuals or other writings which relate, in any way, to the availability or use of AEDs by the defendant and any of its employees, servants, agents, representatives or contractors since July 30, 1992.

RESPONSE NO. 59

The defendant, MBTA, objects as repetitive and already produced.

REQUEST NO. 60

Complete copies of all documents that constitute or reflect any evaluation, summary, review, list, study, survey, database or examination of the medical and/or emergency services and contact information available along the routes of the defendant's trains since July 30, 1992.

EX. D

RESPONSE NO. 60

None.

REQUEST NO. 61

Complete copies of any citations or reprimands of any type or nature issued to any person or entity relating to the incident together with any documentation of any hearings on such citations or reprimands and the final dispositions thereof.

RESPONSE NO. 61

Please refer to the response to request No. 19.

REQUEST NO. 62

Complete copies of any documents that contain recorded, transmitted, transcribed or reported speeds, stops, times idle, arrivals, departures and other such events for P514 on July 30, 2002.

RESPONSE NO. 62

Please refer to the response to Request No. 5.

REQUEST NO. 63

Complete copies of any documents that contain recorded, transmitted, transcribed or reported speeds, stops, times idle, arrivals, departures and other such events for P514 from July 15, 2002 through August 15, 2002.

RESPONSE NO. 63

The defendant MBTA objects as not relevant, burdensome and oppressive; without waiving this objection, please refer to documents produced.

REQUEST NO. 64

Complete copies of all press releases, news bulletins, media notices, responses to media inquiries and/or other such documents issued, formally or informally, by or on behalf of the defendant, its agents, representatives, contractors or employees, relating to the incident, the conduct and statements of the train crew and/or passengers of P514, interaction with the plaintiff or her counsel after the incident, any other incidents of medical emergencies on board the defendant's commuter rail trains or in its stations, AEDs, any reviews, evaluations or changes of emergency procedures or operations relating to medical emergencies and/or any change in contractors for commuter rail operations from July 30, 2002 to the present.

EX. D

RESPONSE NO. 64

None, other than previously marked as exhibits at depositions.

REQUEST NO. 65

Complete copies of all *curriculum vitae* of any experts retained by the defendant who are expected to testify at trial together with any lists of past testimony maintained by each such expert.

RESPONSE NO. 65

The defendant MBTA will supply the pertinent documents related to any trial experts it designates in accordance with Federal Rule of Civil Procedure 26(a)(2).

REQUEST NO. 66

Complete copies of any report or correspondence containing opinions of any nature or scope rendered by Robert J. Myerburg, M.D. regarding the decedent, the incident, AEDs, the use of AEDs in transportation and/or survivability from cardiac conditions or attacks.

RESPONSE NO. 66

The defendant MBTA will supply the pertinent documents related to any trial experts it designates in accordance with Federal Rule of Civil Procedure 26(a)(2).

REQUEST NO. 67

Complete copies of all organizational charts, diagrams, flow charts and/or other depictions of the defendant as it existed on July 30, 2002 including, but not limited to, those which identify, reflect, describe or define the structure, organization, roles and/or responsibilities of the defendant organization and its various components (e.g., departments, divisions, subsidiaries, boards, committees, officers, administration, employees, etc.)

RESPONSE NO. 67

The defendant object to this request as it seeks information which is irrelevant.

REQUEST NO. 68

Complete copies of any organizational charts or diagrams and/or any other such documents or materials that reflect, describe or define the nature and extent of the relationship between the defendant and each and every other defendant in this matter.

EX. D

RESPONSE NO. 68

None.

REQUEST NO. 69

Complete copies of all minutes of meetings of the board of directors and/or officers of the defendant from July 30, 2002 up to and including the present.

RESPONSE NO. 69

The defendant object to this request as it seeks information which is irrelevant.

REQUEST NO. 70

Complete copies of all minutes of meetings of the board of directors and/or officers of the defendant that reflect any reference to, discussion about, vote on or other mention of this. medical emergencies on board trains and/or medical emergency policies, procedures, reporting, training or equipment since July 30, 1992.

RESPONSE NO. 70

Please refer to defendant's response to Request No. 69.

<div style="margin-left:50%">

Defendant,
Massachusetts Bay Transportation Authority
By its attorneys,


William J. Dailey, Jr., BBO No. 112200
Harry A. Pierce, BBO No. 399275
Sloane & Walsh, LLP
Three Center Plaza
Boston, MA  02108
(617) 523-6010

</div>

DATED: January 12, 2005

EX. D

## CERTIFICATE OF SERVICE

I, William J. Dailey, Jr., certify that on the 12th day of January, 2005 I made service of the foregoing document, by causing a copy thereof to be mailed, postage prepaid, to the following counsel of record:

Leo V. Boyle
Bradley M. Henry
Meehan, Boyle, Black & Fitzgerald, P.C.
Two Center Plaza, Suite 600
Boston, MA 02108-1922

Michael J. McCormack
David T. Mitrou
McCormack & Epstein
One International Place 7th Floor
Boston, MA 02210

Michael B. Flynn
Richard A. Davidson, Jr.
Flynn & Associates, P.C.
189 State Street 6th Floor
Boston, MA 02109

William J. Dailey, Jr.

S:\ALLEN, ESTATE OF JAMES V. MBTA, ET AL - MB105-8087\Pleadings\Discovery\Response of MBTA to 1st Request for Production of Documents.doc

EX. D