> From: Harry Pierce [mailto:HPierce@sloanewalsh.com]
> Sent: Friday, April 22, 2005 3:45 PM
> To: Bradley M. Henry          Cc: dmitrou@mc-ep.com; asoisson@mc-ep.com
> Subject: RE: Allen, M: Compliance w/ LR 7.1

Brad, When you get back in the office and settled we can discuss these matters. In the meantime I will give you my thoughts.  With respect to the proposed motion for summary judgment, which is a dispositive motion seeking dismissal of the entire action against the MBTA and not a discovery motion: (a) if you will entertain, in good faith, the possibility of agreeing to dismissal of the entire action against the MBTA as the motion seeks then I will certainly defer filing the motion until we have conferred fully as I have no intention of burdening the court gratuitously; and (b) Local Rule 37.1, which mandates a seven day window for the opposing party to respond, concerns discovery disputes and not dispositive motions. Nonetheless, in the cooperative spirit with which we have conducted the case, I will wait until you return from vacation and we have an opportunity to talk before I file the motion.

With respect to discovery, there are two sets of issues we need to address with a good faith conference, in the perhaps more realistic possibility of compromise.

First, the Rule 30(b)(6) Deposition Notice and the First Set of Interrogatories you served in late March, which unfortunately came to my attention only about a week ago owing in large part to my medical situation, I have carefully reviewed the discovery to date and strongly believe both demands are cumulative, unnecessary, burdensome and unlikely to add to the material facts concerning liability issues, most of which are not in dispute.  Accordingly, I anticipate filing a motion for a protective order unless we can reach some accommodation on this last minute discovery.

Second, I too had expectations of taking a few final depositions, including four of the seemingly most pertinent eyewitnesses, Wyman, Kinsella, Rose and Ferrante, but, as you have indicated, the last several days of our existing discovery window are filled with two Amtrak witnesses (Peters and Cataldo Wednesday April 27), the Allen children (Fletcher and Julie on Thursday April 28), your proposed deposition of an MBTA designee on Friday April 29, and, on Monday May 2, the last day for non-expert discovery, Mrs. Allen and one eyewitness, Hathaway. I also have three keeper of the record subpoenas outstanding (Dr. Mark Goldman, Dr. Alan Wartenberg and Faulkner Hospital). Once again, I reluctantly but honestly blame my personal situation for contributing to the confusion. If we could reach some accommodation with respect to depositions being taken after the deadline (as I understand has been done with Hathaway), this would be most helpful.

Finally, you will have our response to your request for admissions Monday, as well as our supplemental response to your request for the production of documents shortly thereafter, requested in your letter of April 6, which I did receive timely, and for which you kindly extended the time to respond.  Harry

> -----Original Message-----
> From: Bradley M. Henry [mailto:bmeadhenry@yahoo.com]
> Sent: Friday, April 22, 2005 12:13 PM
> To: Harry Pierce          Cc: dmitrou@mc-ep.com; asoisson@mc-ep.com
> Subject: Allen, M: Compliance w/ LR 7.1

Dear Harry:  I am away for school vacation with my children this week.  However, I received a surprising message from my office that you sent over a proposed motion for summary judgment on Wednesday morning, April 20, stating an intention to file the motion on April 22.

**EXHIBIT F**

Please understand that, if you file any motion without good faith compliance with LR 7.1 which provides that motions shall not be filed without a certification that counsel have, in fact, attempted in good faith to resolve or narrow the issues, then a failure to comply with the applicable rules will be the among first bases for our opposition.  My recollection is that the similar LR 37.1 calls for a response to a request for consultation within seven days indicating that a "good faith" attempt to confer would require a similar time period for consideration of disputed issues.  I will return to the office by Tuesday and will contact you within the time period provided for in the local rules once I have had an opportunity to review your motion and the grounds that you suggest support it.

On a separate matter, late last week you informed us that you had sent out, or were sending out, deposition notices for four factual witnesses (my recollection is Wyman, Kinsella, Rose and Ferrante).  We have not received any of these notices and wish to know whether they were actually sent out.  As I indicated before, the date you selected conflicts with the Rule 30(b)(6) deposition notice we served two or three weeks ago of the MBTA.  Please let us know.

Thank you.  I'll speak with you next week.  Glad to see that you are on the mend.

Brad Henry

---
Do you Yahoo!?
Yahoo! Small Business - Try our new resources site!