UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARLENE V. ALLEN, Executrix of the Estate of James R. Allen, Ph.D.,<br><br>       Plaintiff,<br><br>v.<br><br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATIONAL RAILROAD PASSENGER SERVICE (a/k/a "AMTRAK") and CSX TRANSPORTATION, INC.,<br>       Defendants. | CIVIL ACTION<br>NO: 04-12080-PBS |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
MASSACHUSETTS BAY TRANSPORTATION AUTHORITY**

  The plaintiff, pursuant to Federal Rule of Civil Procedure Rule 33, hereby requests that the defendant, Massachusetts Bay Transportation Authority, by its designated officer or agent, answer the following interrogatories and furnish such information as is available to the defendant within thirty (30) days.

**DEFINITIONS**

  Unless expressly stated otherwise, the following definitions are not intended to replace the ordinary, accepted or common dictionary meaning of the words or phrases used herein. Rather, these definitions are intended to supplement commonly understood definitions to assist the defendant to understand the plaintiff's intended usage, limit confusion and facilitate the defendant's answers.

A. "**PLAINTIFF**" means, unless otherwise indicated, Marlene V. Allen ("Mrs. Allen"), Administratrix of the Estate of James R. Allen, Ph.D., her agents, servants, representatives and attorneys.

                               **EXHIBIT G**

B.     **"DECEDENT"** means, unless otherwise indicated, James R. Allen, Ph.D. ("Dr. Allen"), who was pronounced dead on July 30, 2002, as more fully described in the Plaintiff's Complaint.

C.     **"DEFENDANT"** means, unless otherwise indicated, the MASSACHUSETTS BAY TRANSPORTATION AUTHORITY ("MBTA"), specifically including the MBTA Police, as well as any of their predecessors, successors, parents or subsidiary entities or organizations, including their officers, directors, appointees, trustees, employees, agents, staff, committees, subcommittee, boards, representatives, members, insurers and attorneys (except with respect to matters claimed to be protected by the attorney-client privilege or work product doctrine in which case plaintiff requests a privilege log.)

D.     **"INCIDENT"** means the events and activities which occurred on July 30, 2002 which resulted in the death of the decedent as alleged in the Plaintiff's Complaint.

E.     **"RELATING TO, CONCERNING, WITH RESPECT TO AND REFERRING TO"** means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning and/or concerning.

F.     **"SUBJECT TRAIN"** means, unless otherwise indicated, the commuter rail train designated P514 traveling the "Framingham / Worcester Line" on July 30, 2002.

G.     **"TRAIN CREW" or "CREW"** means, unless otherwise indicated, the conductor, all assistant conductors, the engineer and any and all other railroad personnel operating train P514 on July 30, 2002.

H.     **"EXPERT"** means, unless otherwise indicated, any person the defendant reasonably anticipates calling to give expert opinion testimony at trial.

I.     **"DOCUMENTS"** shall mean all written, typewritten, printed and photocopied, drawn, graphic, pictorial, photographic, tape-recorded, digitally-recorded, video-recorded, filmed, microfilmed and computerized materials of every description. It includes, by way of illustration only, the following:

    (a)     sketches, diagrams, drawings, maps, charts, graphs, blueprints, plans and models;

    (b)     books, logs, diaries, journals, ledgers, notebooks, time-lines, schedules and reports;

    (c)     notes, minutes of meetings, transcripts, memoranda, letters, correspondence, electronic mail ("e-mail"), telegrams, computerized transmissions, and notations, and records of telephone calls and conversations;

    (d)    photographs, films, microfilms, tapes, videotapes, digital and other recordings;

    (e)    confirmations, contracts, agreements, letters of understanding or of agreement, leases, tariffs, equipment leases, purchase orders, invoices, sales slips, receipts, bills and canceled checks; and

    (f)    preliminary drafts and amended or modified versions or copies of any of the foregoing.

J.    "**STATEMENT**" means:

    (a)    Any written or recorded statement, whether signed or unsigned, which has been made by, adopted or approved by, or on behalf of, the person making it; as well as

    (b)    Any stenographic, mechanical, electrical, digital or other recording, or a transcription thereof, which is reasonably believed to be a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

In the event the attorney-client privilege, the attorney work-product privilege or any other privileges are claimed with respect to any information requested in these interrogatories, please provide a so-called "privilege log" in which the precise nature of the privilege claimed is set forth together with the persons involved, the reason for the claim of privilege, the general nature of the information withheld and the date, participants and location of any related communications. Furthermore, unless otherwise specified herein, the time period to which the following interrogatories relate is from July 30, 1997 through the date of service of the defendant's service of answers to these interrogatories.

## INTERROGATORIES

1.    State your full name, date of birth, residential address, business address, occupation and the position and/or title which you hold with the defendant.

2.    Please identify each person or entity whom you consulted or caused to be consulted with respect to the matters inquired about in these interrogatories and, in answering, please specify for each such person or entity the interrogatory(ies) with respect to which consultation was sought.

3. Please identify with specificity each document which you reviewed or caused to be reviewed with respect to the matters inquired about in these interrogatories and, in answering, please specify for each such document the interrogatory(ies) with respect to which it was so reviewed.

4. If the defendant is insured for this claim, please answer the following questions with respect to each primary, excess and umbrella insurance policy applicable to the claim: please identify each and every primary, umbrella and excess insurer; please give the policy number and policy limits for each and every applicable insurance policy; if any such policy is an aggregate policy, please specify the aggregate amount of the losses which have been paid under each such policy to date; and if there is a deductible or self-insured retention ("SIR") relating to any such insurance policy, please state the amount of the deductible or SIR and the terms under which it must be paid.

5. With respect to each expert witness whom the defendant expects to call at trial of this case (including liability experts, medical experts, vocational experts and economic experts), please provide the following information: please identify each such expert by full name, date of birth, residential address, business address, employer, occupation and job title; please specify fully and in complete detail, the facts upon which each such expert will base his or her opinions; please state fully and in complete detail, the substance of all such experts' opinions, conclusions, data and testimony which the defendant expects to adduce at trial; and please specify fully and in complete detail the grounds upon which each such expert will base his or her opinions.

6. If the defendant or anyone acting on its behalf investigated the incident alleged in the Plaintiffs' Complaint, please state: the name and address of each person who conducted or participated in such investigation; the dates upon which such persons conducted or participated in such investigation; the results or conclusions of such investigation; the identity, including name, address and telephone number of any witnesses identified during such investigation; and if the results or conclusions of such investigation were reduced to written form (including, but not limited to electronic mail), then please state the date(s), author(s), recipient(s) and a brief, general description of each such writing.

7. State the name, address and telephone number(s) of each person known or believed by the defendant to have knowledge regarding the circumstances and facts of the incident alleged in the Plaintiff's Complaint, including but not limited to employees of any of the defendants, witnesses to the incident or its aftermath, emergency personnel, railroad authorities and investigators and provide a brief summary of the knowledge that each such person has or is believed to have.

8. Please describe each rule, regulation, policy or procedure of any entity, government or organization which the defendant believes controlled, or should have controlled, the actions and conduct of the train crew onboard the subject train with respect to the incident and, in answering, please identify: the title and applicable section(s) of each such rule;

the person or entity expected to follow each such rule; whether the rule was followed; and, if not, what noncompliance or violation(s) were involved.

9. Please describe each rule, regulation, policy or procedure of any entity, government or organization which the defendant believes controlled, or should have controlled, the handling of a medical emergency onboard an MBTA commuter rail train traveling on the Framingham - Worcester line as of July 2002 and, in answering, please identify: the title and applicable section(s) of each such rule; the person or entity expected to follow each such rule; and whether, in fact, such rule was followed with respect to the incident.

10. Please describe any changes, modifications, updates, supplementation, deletions and/or additions to any of the rules, regulations, policies or procedures identified in the two preceding answers since the date of the incident.

11. Please identify by document title, execution date and applicability dates each contract or agreement governing the actions or conduct of any person or entity which the defendant understands relates in any way to the incident and, in answering, please also identify the parties to each such contract or agreement and provide a brief description of each such contract or agreement.

12. Please state whether any defendant has ever asserted, in writing or otherwise, that any party identified in the previous answer violated, or failed to comply with, any term of any contract or agreement that relates in any way to the incident and, in answering, please state: the date of each such assertion; the form (e.g., verbal, correspondence, certified mail, e-mail, etc.); the person making the assertion; the person and entity to whom each such assertion was made; the articles, sections or exhibits of the contract that were involved; a brief description of each assertion; whether any such assertion alleged "grossly negligent," "reckless," "willful and wanton," "malicious," "egregious," or "despicable" conduct; and the response to, status of, and/or resolution of any such assertions made by, on behalf of or to the defendant.

13. If any other claim was made from July 30, 1997 through July 30, 2002, against the defendant wherein it was alleged that the defendant, through its agents, servants, contractors, affiliated entities and/or employees, was negligent in its ownership, control, or operation of a commuter rail service train, please answer the following: please identify the claimant by full name, residential address and business address; please identify the claimant's counsel, if any, by full name and address; please identify the date of the alleged incident in each such claim; and please specify the location and nature of the alleged accident in each such claim.

14. If any other claim has been made from July 30, 2002 to the present against the defendant herein it was alleged that the defendant, through its agents, servants, contractors, affiliated entities and/or employees, was negligent in its ownership, control or operation of a commuter rail service train, please answer the following: please identify the claimant

by full name, residential address and business address; please identify the claimant's counsel, if any, by full name and address; please identify the date of the alleged incident in each such claim; and please specify the location and nature of the alleged accident in each such claim.

15. Please describe the station access stairs at the Auburndale, West Newton, Newtonville and Yawkey Commuter Rail Stations and, if the defendant has ever made or received a complaint or communication from any person, entity or source that any of these stairs presented any type of access or egress difficulty for emergency medical personnel, please identify the date of such communication, the person making it, the recipient, the form of such communication (e.g., verbal, correspondence, e-mail, by report, safety audit, etc.), the substance of such communication and the defendant's response, if any.

16. If any person was issued any type of reprimand or suspension or if any other form of disciplinary action was taken in connection with the incident or its immediate aftermath, please state: by whom and to whom such action was taken; the form of such action; the dates on which such action was taken; and the dates on which it was applicable; whether the action was reduced to written form (e.g., letters of reprimand, transcripts of hearings, notations in personnel files, etc.); and, if applicable, the final disposition of such action.

17. Please state whether any safety and/or emergency preparedness audits, assessments, reviews or inspections were conducted with respect to the defendant's operations between July 30, 1997 and the present and, if so, please identify and/or describe: the person(s) and/or entity(ies) conducting such audits, together with addresses and telephone numbers; the date(s) during which such audit(s) took place; the title and a brief description of any written reports, letters or other documentation of any such audit(s); the findings, results and/or recommendations of any such audits; any actions, modifications, additions and/or changes in operations, policies or procedures which resulted from such audits; and the name, address and telephone number of the person(s) and/or entity(ies) responsible to responding to or implementing any such recommendations, modifications, additions or changes.

18. Please describe the process and relationship between the MBTA and Amtrak and their respective scopes of authority with respect to the drafting and implementation of Standard Operating Procedures (including, but not limited to: rules, regulations, guidelines, plans, manuals, notices, bulletins, etc.) and the training of personnel for handling and reporting medical emergencies related to the operation of commuter rail trains and, in answering, state the extent to which the MBTA and Amtrak each exercised any such authority either before or after the incident.

19. Please state whether the defendant has ever undertaken to identify emergency medical services and/or medical facilities along or near any of the commuter rail lines in the MBTA commuter rail service and, if so, please state: when such undertakings have

> occurred or were scheduled to occur; which person(s) for, or on behalf of, the defendant was responsible for initiating and overseeing such undertakings; whether any such information was ever shared with or provided to any of the parties identified in the defendant's Answer to Interrogatory No. 11; and the results of any such undertaking. If not, please explain why no such undertaking ever took place.

20. Please describe the defendant's financial status as of July 30, 2002 and, in answering, provide at least the following information: the defendant's overall annual budget, actual revenues and expenditures for that fiscal year; the defendant's annual commuter rail operations budget, actual revenues and expenditures for that fiscal year; the defendant's total assets for that fiscal year; the total yearly salaries for the defendant for that fiscal year; and the defendant's total budget for safety-related expenditures for that fiscal year.

21. Please describe any programs, whether actually implemented or merely proposed, for the purchase, lease, distribution, installation, use and training related to Automated External Defibrillators ("AEDs") anywhere on premises, property, locations and/or vehicles owned, leased, operated or controlled by the defendant between July 30, 1997 and the present.

22. Please describe the measures taken by the defendant to monitor compliance with the contracts or agreements described in the defendant's Answer to Interrogatory No. 11 above and, in answering, please identify: the person(s) primarily responsible for monitoring such compliance; whether, in the five (5) years preceding the incident the defendant found any noncompliance and what steps were taken; and the results of any audits or inspections relating to crew emergency procedures conducted by the defendant in the five (5) years preceding the incident.

23. Please state with specificity the factual knowledge, information, belief and/or good faith factual basis upon which the defendant relied in denying the entire substance of each paragraph numbered 6 through 19 of the Plaintiff's Complaint and, in answering, identify by name, address and telephone number, each witness upon whom the defendant relies for each such denial.

24. Please state with specificity the factual knowledge, information, belief and/or good faith factual basis upon which the defendant relied in asserting the following affirmative defenses in defendant's Answer to Plaintiff's Complaint: insufficiency of process (No. 2); insufficiency of service of process (No. 3); statute of limitations (No. 4); injury as the result of others "for whose conduct the defendant is not legally responsible" (No. 5);

    inapplicability of Mass. Gen. L. c. 93A (No. 6); and plaintiff's asserted lack of "right to punitive damages" (No. 7.)

                                Plaintiff, Marlene V. Allen, Executrix of the

Estate of James R. Allen, Ph.D.
By Her Attorneys,

_____
Leo V. Boyle, BBO No. 052700
Bradley M. Henry, BBO No. 559501
MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.
Two Center Plaza, Suite 600
Boston, MA  02108-1922
(617) 523-8300

**CERTIFICATE OF SERVICE**

I, Bradley M. Henry, hereby certify that on this 24th day of March 2005, I served the foregoing PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, by serving an exact copy thereof, via first class mail postage prepaid to all counsel of record:  Michael J. McCormack, Esq., David T. Mitrou, Esq. and Amy M. Soisson, Esq., McCormack & Epstein, 1 International Place - 7th Floor, Boston, MA 02110; and William J. Dailey, Jr., Esq. and Harry A. Pierce, Esq., Sloan and Walsh, Three Center Plaza, Boston, MA 0210.

_____
Bradley M. Henry