UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARLENE V. ALLEN, Executrix of the Estate of James R. Allen, Ph.D.,<br>                         Plaintiff,<br>v.<br><br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATIONAL RAILROAD PASSENGER SERVICE (a/k/a "AMTRAK") and CSX TRANSPORTATION, INC.,<br>                         Defendants. | CIVIL ACTION<br>NO: 04-12080-PBS |

**JOINT MOTION OF THE PARTIES TO TAKE SPECIFIED DISCOVERY
AFTER THE CLOSE OF THE FACTUAL DISCOVERY PERIOD**

Plaintiff and defendants National Railroad Passenger Corporation (a/k/a "Amtrak") and Massachusetts Bay Transportation Authority ("MBTA") hereby jointly file this motion for leave to complete certain specified factual discovery within thirty (30) days after the court-ordered factual discovery deadline of May 2, 2005. As grounds for this joint motion, the parties state:

1.     Since the initial scheduling conference in November 2004, the parties have taken the depositions of thirteen (13) witnesses with a fourteenth (14th) scheduled to take place before the close of discovery on May 2, 2005.

2.     Defendant Amtrak had timely subpoenaed and noticed the deposition of one additional witness, Jeanne Hathaway, M.D., to take place before the close of discovery, but that witness has indicated that she had a medical appointment on the date selected and requested rescheduling for some other date in May 2005. It is now scheduled to take place on May 10, 2005. All parties are agreeable to that rescheduling.

3.     Defendant MBTA had subpoenaed four other factual witnesses, Edmund Kinsella, Suzanne Rose, Alicia Wyman and Rebecca Ferrante-Crocker to take place in early May 2005.

All parties are agreeable to the taking of these four depositions on dates convenient to the witnesses, all counsel and parties before the end of May 2005.

4. Plaintiff had commenced the Rule 30(b)(6) corporate deposition of defendant Amtrak and conducted deposition sessions of two of Amtrak's designated witnesses prior to the discovery deadline, but the deposition sessions of additional designated witnesses from Amtrak are pending and are expected to be completed within the next thirty (30) days. The plaintiff and Amtrak may have disputes over specific topics upon which testimony has been requested but, so far have been able to proceed with designated witnesses without significant dispute. The parties may, however, ultimately require court assistance regarding certain topics of testimony. Likewise, defendant Amtrak has answers to interrogatories, responses to requests for admission and certain responses to document requests propounded by the plaintiff that are pending based on an agreed-upon written extension to May 5, 2005 and plaintiff respectfully reserves her right to move to compel further or amended responses once these discovery responses are received.

5. Finally, prior to the close of factual discovery, plaintiff filed a motion to compel answers to interrogatories, the designation of Rule 30(b)(6) witnesses and amended and further responses to document requests from defendant MBTA which discovery remains subject to the court's ruling on said motion. In addition, plaintiff and defendant MBTA are discussing a possible motion for the determination of the sufficiency of the MBTA's answers and objections to requests for admission, but have not yet concluded such discussions. MBTA has indicated it intends to serve a supplemental response to the plaintiff's document request and a motion for a protective order with respect to the plaintiff's interrogatories and Rule 30(b)(6) deposition notice.

6. Other than the aforementioned specified discovery and any of the usual supplementation or amendment of discovery previously served by the undersigned, the parties do

not anticipate any further factual discovery to take place and are prepared to commence expert discovery in accordance with the existing Scheduling Order of the court.

WHEREFORE, the parties jointly request that the court allow them to conclude depositions of witnesses Hathaway, Kinsella, Rose, Wyman and Ferrante-Crocker as well as the previously commenced Rule 30(b)(6) deposition of defendant Amtrak within thirty (30) days of the discovery deadline of May 2, 2005.  This joint motion is not intended to alter the parties rights regarding any pending, or future, discovery motions properly filed with the court or the results thereof.

Respectfully submitted, Plaintiff, Marlene V. Allen, Executrix of the Estate of James R. Allen, Ph.D. by her attorneys

/s/ Bradley M. Henry
_____
Leo V. Boyle, BBO No. 052700
Bradley M. Henry, BBO No. 559501
Meehan, Boyle, Black & Fitzgerald, P.C.
Two Center Plaza, Suite 600
Boston, MA  02108-1922
617-523-8300

Defendant, National Railroad Passenger Corporation, by its attorneys,

/s/ David T. Mitrou (by assent)
_____
Michael J. McCormack, BBO No. 329680
David T. Mitrou, BBO No. 645775
McCormack & Epstein
One International Place, 7th Floor
Boston, MA 02110
617-523-6010

Defendant Massachusetts Bay Transportation Authority, by its attorneys,

/s/ Harry A. Pierce (by assent)
_____
William J. Daily, Jr., BBO No. 112200
Harry A. Pierce, BBO No. 399275
Sloan and Walsh
Three Center Plaza
Boston, MA 02109
617-951-2929

**CERTIFICATE OF SERVICE**

I, Bradley M. Henry, hereby certify that on this 29th day of April 2005, I served the forgoing Joint Motion upon all counsel of record as set forth above by electronic filing and by first class mail, postage pre-paid.

/s/ Bradley M. Henry
_____
Bradley M. Henry