UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARLENE V. ALLEN, Executrix of the Estate of James R. Allen, Ph.D.,<br>　　　　　　　　Plaintiff,<br>v.<br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATIONAL RAILROAD PASSENGER SERVICE (a/k/a "AMTRAK") and CSX TRANSPORTATION, INC.,<br>　　　　　　　　Defendants. | CIVIL ACTION<br>NO: 04-12080-PBS |

**PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF DEFENDANT'S OBJECTIONS TO RULE 36 REQUESTS FOR ADMISSIONS, PLAINTIFF'S L.R. 7.1 / 37.1 CERTIFICATIONS AND REQUEST FOR ORAL ARGUMENT**

　　Plaintiff Marlene V. Allen, Executrix of the Estate of James R. Allen, Ph.D., files this motion pursuant to Fed. R. Civ. P. 36(a) for the determination of the sufficiency of objections asserted by defendant Massachusetts Bay Transportation Authority ("MBTA") in response to plaintiff's Requests for Admissions.

　　As grounds for this motion, plaintiff states that various objections asserted by the MBTA are simply without merit and, notwithstanding plaintiff's offer to allow the MBTA to revisit and amend its objections and a grant of extension of time for it to do so, the MBTA has declined to do so.  Consequently, plaintiff is obliged to seek a determination as to the sufficiency of these objections and to request that, pursuant to Rule 36(a), the court either deem the requests at issue to have been admitted or to order the MBTA serve amended answers that comply with Rule 36. Further grounds for this motion are set forth in the Memorandum in Support that accompanies this motion.

WHEREFORE, plaintiff respectfully requests that, pursuant to Fed. R. Civ. P. 36(a), this court issue an order that provides for the following, or such other remedies as the court deems appropriate:

(1) The matters set forth in Request Nos. 1, 2, 7, 8, 9, 10, 11 and 15 of the Plaintiff's Requests for Admission to the defendant MBTA are deemed admitted in accordance with Rule 36(a) for the MBTA's failure to comply with Rule 36;

or, alternatively,

(2) Defendant MBTA shall, within fourteen (14) days, serve amended answers to Request Nos. Request Nos. 1, 2, 7, 8, 9, 10, 11 and 15 of the Plaintiff's Requests for Admission and either expressly admit or deny the matters set forth therein.

## LOCAL RULE 7.1 and 37.1 CERTIFICATIONS

I, Bradley M. Henry, counsel for the plaintiff, certify that, on April 26, 2005, I received and reviewed the defendant MBTA's response to plaintiff's Requests for Admission. On that same day at 2:05 PM, I e-mailed the MBTA's counsel, Harry A. Pierce, Esq., and explained that, among other things, several of the objections set forth in the MBTA's response were incorrect or invalid because, contrary the MBTA's objections that the requests raised "questions of law" to which it could not or need not respond, the requests properly sought admissions related to statements or opinions of fact or of the application of law to fact.

In a reply e-mail sent that same day at 3:05PM, MBTA's counsel requested additional time to consider and possibly amend the responses and plaintiff's counsel promptly granted the requested extension (at 3:35 PM) up to and including May 5, 2005. However, by e-mail sent at 8:40 AM on April 29, 2005, the MBTA's counsel stated that the MBTA was satisfied that it had given appropriate responses. Notwithstanding the MBTA's position, at 2:40 PM that same day, plaintiff's counsel offered to reopen a discussion under L.R. 7.1 and 37.1 at any time up to and

**(LOCAL RULE 7.1 and 37.1 CERTIFICATIONS - continued)**

including May 3, 2005 (seven days from the date the discovery conference was requested), but the MBTA has not sought to revisit the issue. Consequently, despite plaintiff's good faith attempts, the parties have been unable to resolve or narrow the areas of disagreement.

### REQUEST FOR ORAL ARGUMENT

Plaintiff respectfully requests the opportunity for oral argument on her motion as the court deems appropriate and submits that argument should take no more than ten (10) minutes.

> Respectfully submitted,
> Plaintiff, Marlene V. Allen, Executrix of the
> Estate of James R. Allen, Ph.D.
> By Her Attorneys,
>
> /s/ Bradley M. Henry
> _____
> Leo V. Boyle, BBO No. 052700
> Bradley M. Henry, BBO No. 559501
> MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.
> Two Center Plaza, Suite 600
> Boston, MA  02108-1922
> (617) 523-8300

### CERTIFICATE OF SERVICE

I, Bradley M. Henry, hereby certify that on this 5th day of May 2005, I served the foregoing PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF DEFENDANT'S OBJECTIONS TO RULE 36 REQUESTS FOR ADMISSIONS, PLAINTIFF'S L.R. 7.1 / 37.1 CERTIFICATIONS AND REQUEST FOR ORAL ARGUMENT by electronic filing and by mailing an exact copy thereof, via first class mail postage prepaid to all counsel of record: Michael J. McCormack, Esq., David T. Mitrou, Esq. and Amy M. Soisson, Esq., McCormack & Epstein, 1 International Place - 7th Floor, Boston, MA 02110; William J. Dailey, Jr., Esq. and Harry A. Pierce, Esq., Sloan and Walsh, Three Center Plaza, Boston, MA 0210.

> /s/  Bradley M. Henry
> _____
> Bradley M. Henry