UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04-CV-12080-PBS

| | |
|---|---|
| MARLENE V. ALLEN, Executrix of the Estate of James R. Allen, Ph.D., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATIONAL RAILROAD PASSENGER SERVICE (a/k/a "AMTRAK") and CSX TRANSPORTATION, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

### THE DEFENDANT, MASSACHUSETTS BAY TRANSPORTATION AUTHORITY'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF DEFENDANT'S OBJECTIONS TO RULE 36 REQUESTS FOR ADMISSIONS

The Massachusetts Bay Transportation Authority (MBTA) opposes the plaintiff's motion to determine the sufficiency of its objections to the plaintiff's requests for admission because the MBTA believes its answers are sufficient. Defense counsel made a good faith effort to respond to the requests without compromising the MBTA's legitimate right to contest disputed facts or legal issues.

### Argument

The plaintiff complains that the MBTA's responses to requests numbered 1-2 and 8 are insufficient because the requests did not seek conclusions of law but rather "*the application of law to fact.*" Motion pp. 4-9 (emphasis in original).

Plaintiff's view of "the application of law to fact" would swallow the rule that a party cannot be forced to admit conclusions of law. The plaintiff's requests clearly seek conclusions of law.

Request No. 1 was not admitted or denied because the issue of whether or not a corporate entity that (as the request recognizes) owns, but does not operate, a commuter rail service is a common carrier is a question of law. The phrase "common carrier" is a term of art with different meanings in different contexts. See e.g. *Hunt v. Clarendon Nat'l Ins. Serv. Co.*, 691 N.W.2d 904, 909-911 (Wis. 2004) and *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3f 356, 363-365 (3rd Cir. 2004).

Request No. 2 admitted Mr. Allen was a passenger on the train but declined to admit or deny the train was "the MBTA's commuter train" as this phrase is ambiguous. It is not clear whether "the MBTA's train" refers to the fact that the MBTA may own the equipment (which it does) or operate the train (which it does not). "A party is not required to respond to a request concerning vague or ambiguous statements" *Tulip Computers International, B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 107-108 (D. Del. 2002).

Request No. 2 also refers to Mr. Allen as a "passenger in transit" another characterization with more than one meaning. The MBTA obviously admits he was on the train and it should not be required to accede to characterizations such as "passenger in transit" which, like "common carrier" is a term of art with a meaning that varies with context. See e.g. *Bethel v. New York City Transit Auth'y*, 703 N.E.2d 1214 (N.Y. 1998); *United States v. Garcia*, 905 F.2d 557, 559 ((1st Cir.

1990); *United States v. Cothran*, 729 F. Supp. 153, 155 (D.D.C. 1990); *McPherson v. Tamiami Trail Tours, Inc.*, 383 F.2d 527, 532 (5th Cir. 1967); *Burge v. Los Angeles Transit Lines*, 217 P.2d 752, 754 (Cal. App. 1950). The paraphrasing embellishments of the plaintiff are clearly designed to establish the landscape and it is not the paraphrasing of the MBTA might choose. This is a fair dispute, not a refusal to admit the obvious.

> Requests for admissions are ... a cruder device [than interrogatories] because a party may accept, deny or object to facts phrased by the opposition. They exist to narrow the issues at trial where the parties unambiguously agree. The fact is that parties in litigation conflict. They believe different things and they have different interpretations of both words and events. The party that proffers the requests must recognize that its opponent may read those words differently.

*Joseph v. Fratar*, 197 F.R.D. 20, 22 (D. Mass. 2000) quoting *Russo v. Baxter Healthcare Corp.*, 51 F. Supp.2d 70, 79 (D. R.I. 1999).

Request No. 8 asked the MBTA to admit that it and Amtrak "shared the responsibilities and duties" of an emergency preparedness plan. Where the evidence shows each entity had its own Emergency Preparedness Plan, as noted in the MBTA's response, it is a question of law whether both plans or only one plan or the other applied or what it applied to. The MBTA cannot be forced to admit or deny such a conclusory proposition. It will require a legal ruling to determine which plan applies or whether both apply.

"Requests that seek legal conclusions are not allowed under Rule 36." *Tulip Computers*, 210 F.R.D. at 108; *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp.2d 1050, 1057 (S.D. Cal. 1999), and "although an admission of a matter involving the

application of law to fact may narrow the issues for trial, 'requests for admission involving the application of law to fact may create disputes between the parties which are best resolved in the presence of the judge after much or all of the other discovery has been completed.'" *Id.*

"Requests which seek admissions to interpretations of documents are improper." *Bausch & Lomb, Inc. v. Alcon Laboratories, Inc.*, 173 F.R.D. 367, 377 (W.D.N.Y. 1995) and cases cited. See also *United States v. Consolidated Edison Co. of N.Y.*, 1988 WL 138275 * 2 ((E.D.N.Y. 1988) ("An attempt to seek admissions to the contents of documents incorporated by reference is improper, except where warranted by exceptional circumstances.").

Plaintiff complains that the MBTA's responses to requests 7, 9-11 and 15 are insufficient because they indicate, in part, the documents discussed in the requests speak for themselves. Motion pp. 9-11. The responses are appropriate because the plaintiff did not ask that the MBTA admit the authenticity of such documents but rather asked the MBTA to agree to the *plaintiff's characterization* of the effect of such documents.[1] Such a request is objectionable and permits a response referring to the document speaking for itself. *Lakehead Pipe Line Co., Inc. v. American Home Assurance Co.*, 177 F.R.D. 454, 457 (D. Minn. 1997) (where

---

[1] Request 7 characterizes the applicability of the MBTA Emergency Preparedness Plan, based on language in the Plan that the plaintiff paraphrases. Request 9 seeks an admission the MBTA Emergency Preparedness Plan, which the plaintiff continues to paraphrase, "was the controlling document." Because Amtrak had its own Emergency Preparedness Plan, as discussed above, the MBTA cannot fairly be required to admit or deny that its Plan was the controlling document." Requests 10 – 11 and 15 similarly seek to have the MBTA admit that language in the Plan was operative and controlled the facts. The MBTA should not be compelled to admit that because of the *words* in a document, the *facts* surrounding the applicability or execution of the document exactly track the former, particularly when there is more than one Emergency Preparedness Plan that might have been applicable to the incident.

4

responding party "objected to the [requesting party's] effort to obtain, by implication, a synoptic characterization of the documents, or a gloss as to their intendment, on the specific ground the documents speak for themselves ... such qualified Responses are appropriate ...."). Moreover, although Rule 36 permits requests which seek opinions of fact, or of mixed fact and law, "[n]evertheless, a document has both context, the writer's intent, and other subjective variables, which cannot legitimately be reduced to matters of fact, or mixed law and fact, or of opinion." Id.

The cases cited by the plaintiff that hold the response "the document speaks for itself" do not control the facts of this case, as virtually all discovery rulings are sui generis. In any event, the MBTA made a diligent, good-faith effort to inform the plaintiff of what facts it could fairly admit and what facts it could not, and a minor or technical violation in the form of the response, that causes no prejudice to the plaintiff's ability to make her case, is not subject to an order for more sufficient answers. See *Kendrick v. Sullivan*, 1992 WL 119125 * 5 (D. D.C. 1992).

The plaintiff concludes by asking the Court to order the requests in issue be deemed admitted as a remedy because the MBTA's responses were "not a 'close call" and were "clearly inappropriate." It is the plaintiff who is not close. While the Court may or may not agree with the plaintiff that the responses are insufficient, there is no basis for any remedy other than ordering sufficient answers.

## Conclusion

For the above reasons, the Court should deny the plaintiff's motion to determine the sufficiency of defendant's objections to plaintiff's requests for admissions.

The Defendant,
Massachusetts Bay Transportation
Authority,
By its attorneys,

_____
William J. Dailey, Jr., BBO No. 112200
Harry A. Pierce, BBO No. 399275
Sloane & Walsh, LLP
Three Center Plaza
Boston, MA 02108
617-523-6010

DATED: May 31, 2005

## CERTIFICATE OF SERVICE

I, Harry A. Pierce, certify that on this 31st day of May, 2005, I made service of the foregoing document(s), by causing a copy thereof to be served on the following counsel of record:

**BY HAND:**

Leo V. Boyle, Esq.
Bradley M. Henry, Esq.
Meehan, Boyle, Black & Fitzgerald, P.C.
Two Center Plaza, Suite 600
Boston, MA 02108-1922

**BY FIRST CLASS MAIL:**

Michael J. McCormack, Esq.
David T. Mitrou, Esq.
McCormack & Epstein
One International Place 7th Floor
Boston, MA 02210

_____
Harry A. Pierce

S:\ALLEN, ESTATE OF JAMES V. MBTA, ET AL - MB105-8087\Pleadings\Discovery\Opp-more definite answers to RFA.doc