UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

NO. 04-CV-12080-PBS

| | |
|---|---|
| MARLENE V. ALLEN, Executrix of the Estate of James R. Allen, Ph.D.,<br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATIONAL RAILROAD PASSENGER SERVICE (a/k/a "AMTRAK") and CSX TRANSPORTATION, INC.,<br>　　　　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY 'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND CROSSCLAIM

Defendant Massachusetts Bay Transportation Authority (MBTA) moves the Court, pursuant to F.R.Civ. P. Rule 15, for leave to amend its Answer in order to: (1) plead a cross-claim against its co-defendant National Railroad Passenger Association (AMTRAK) seeking a declaratory judgment concerning AMTRAK's obligation to indemnify the MBTA; (2) to remove the defenses of insufficiency of process, insufficiency of service of process and statute of limitations; and (3) to add the affirmative defenses of federal preemption and sovereign or quasi-sovereign immunity with respect to c. 93A. There is no prejudice to any party, and judicial economy will be served by permitting the amended answer.

**EXHIBIT A**

The Cross-Claim

The cross-claim against Amtrak is based on an agreement pursuant to which Amtrak operates the MBTA commuter lines, the Operating Agreement. Proposed Amended Answer and Cross-Claim Exhibit 1. The Operating Agreement requires the MBTA to indemnify Amtrak for damage or injury caused by Amtrak unless Amtrak's conduct is sufficiently egregious to constitute specifically defined "excluded conduct" in which event Amtrak must indemnify the MBTA. Exhibit 1, sections 15(a), (d)).[1]

The plaintiff contends the conduct of Amtrak provides the basis for the award of punitive damages. If the plaintiff prevails on this claim, it would appear to trigger the "excluded conduct language" of the Operating Agreement. The MBTA seeks to have the question of indemnity settled in the existing lawsuit as a matter of judicial economy and convenience of Court and counsel. There is no prejudice to the plaintiff because the plaintiff is free to make the best liability case that she can and the cross claim will not interfere with that effort. There is no prejudice to Amtrak as Amtrak and the MBTA must have the indemnity issues

---

[1] The contract provides: "Excluded Conduct is conduct for which there is clear and convincing evidence that the liability arises out of an act or omission by [AMTRAK] which constitutes oppression, fraud, or malice." Id. Sec 15 (d) (1). Malice is defined as intentional or "despicable" conduct carried on with a "willful and conscious disregard of the rights or safety of others." Oppression is defined as "despicable" conduct that "subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Id. Sec. 15 (d) (2).

resolved at some point. The only practical consequence of the cross claim is that the jury would be asked to assess the degree of culpability of the defendants.[2]

### Eliminating Defenses

The defenses of insufficiency of process and service of process and the statute of limitations are proposed to be removed, consistent with an undertaking to that effect in MBTA's answers to plaintiff's interrogatories.

### The Preemption Defense

The defense of federal preemption was not pleaded earlier by the MBTA, but it was pleaded by Amtrak so that there is no surprise to the plaintiff that federal preemption would be in issue. There is no material distinction between Amtrak's and MBTA's preemption arguments. Moreover, the MBTA's Motion for Summary Judgment served on April 20 and filed on June 3, 2005 is based on federal preemption. Although the defense can be waived, see *Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444, 449 (1st Cir. 1995), raising the issue in good faith in a timely summary judgment motion contraindicates a waiver. *Saks v. Franklin Covey Co.*, 316 F.3d 337, 349-350 (2nd Cir. 2003) citing *Wolf* at 449. See also *Violette v. Smith & Nephew Dyonics, Inc.*, 62 F.3d 8, 12 n. 2 (1st Cir.

---

[2] (i)  The jury would be asked to calibrate the degree of culpability, by answering these kinds of questions: (i) were Amtrak employees negligent?; (ii) Were Amtrak employees grossly negligent?; (iii) did Amtrak employees engage in "willful, wanton or reckless conduct" (Wrongful Death Statute, G.L. c. 229, § 2)?; (iv) did Amtrak employees have a "conscious, flagrant indifference to the rights or safety of others" (under 49 U.S.C. § 28103 which limits punitive damages)?; (v) did Amtrak employees violate the duty of care to refrain from willful, wanton, or reckless disregard for the plaintiff's decedent's safety (under trespasser standard)?; (vi) did Amtrak employees engage in malice, i.e. "despicable conduct which is carried on with a willful and conscious disregard of the rights or safety of others" (Operating Agreement § 15(d))?; (vii) Did Amtrak employees engage in oppression. i.e. "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights"? (Same).

3

1995) (permitting preemption defense to be raised for the first time in the context of summary judgment was "an unremarkable result given the liberal standard for amendments to pleadings of Fed. R. Civ. P. 15(c).").

Defendant Massachusetts
Bay Transportation
Authority,
By its attorneys,


William J. Dailey, Jr., BBO
No. 112200
Harry A. Pierce,
BBO No. 399275
Sloane & Walsh, LLP
Three Center Plaza
Boston, MA 02108
(617) 523-6010

Dated: June 30, 2005

## CERTIFICATE OF SERVICE

I, Harry Pierce, certify that on the 30th day of June, 2005 I made service of the foregoing document, by causing a copy thereof to be mailed, postage prepaid, to the following counsel of record:

Leo V. Boyle
Bradley M. Henry
Meehan, Boyle, Black & Fitzgerald, P.C.
Two Center Plaza, Suite 600
Boston, MA 02108-1922

Michael J. McCormack
David T. Mitrou
McCormack & Epstein
One International Place 7th Floor
Boston, MA 02210

Harry Pierce

4