UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04-CV-12080-PBS

| | |
|---|---|
| MARLENE V. ALLEN, Executrix of the Estate of James R. Allen, Ph.D., <br>         Plaintiff, <br><br> v. <br><br> MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATIONAL RAILROAD PASSENGER SERVICE (a/k/a "AMTRAK") and CSX TRANSPORTATION, INC., <br>         Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## THE DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

General Objection: The defendant, Massachusetts Bay Transportation Authority, objects to the plaintiff's requests for production insofar as they seek information which is privileged, said information having been prepared at the request and/or direction of attorneys representing the said defendant, and/or such materials having been prepared in anticipation of litigation. The said defendant further reserves its right to make appropriate objections to the introduction of any documents produced, if such documents are offered at trial. Without waiving this objection, the said defendant, by its attorneys, responds as follows:

REQUEST NO. 1

Complete copies of each report, evaluation, chronology and/or other such document prepared by any person, agent, employee or representative of the defendant relating to the incident, including but not limited to, any reports which describe or reflect the conduct, actions and/or communications of any member of the passengers and crew on board P514 on July 30, 2002.

RESPONSE NO. 1

The MBTA produces the following documents attached and marked "A":

 TRA Report – June 6, 2003

EXHIBIT H

RESPONSE NO. 41

See documents produced.

REQUEST NO. 42

Complete copies of all documents that identify, reflect or describe any improvements to the safety of passengers on board the defendant's commuter rail trains from July 30, 2002 to the present.

RESPONSE NO. 42

See documents produced.

REQUEST NO. 43

Complete copies of any documents that reflect the defendant's compliance (or failure to comply) with Federal Railroad Administration ("FRA") requirements, recommendations or guidelines regarding emergency procedures, communications, training, reporting and equipment in relation to medical emergencies on board trains (including but not limited to any such communications with the FRA's Safety Assurance and Compliance Program) since July 30, 1982.

RESPONSE NO. 43

The defendant, MBTA, objects to the scope of 22 years as burdensome and oppressive, not relevant and overbroad in scope. The defendant, without waiving its objection, says it has not located any such documents.

REQUEST NO. 44

Complete copies of all materials provided by, on behalf of, or at the request of any person or entity, to Transportation Resource Associates, Inc. ("TRA") for the "Medical Emergency Procedures Review" it conducted between September 1, 2002 and May 14, 2002.

RESPONSE NO. 44

The MBTA produces the following documents attached and marked "L":

  TRA proposal dated August 26, 2002

  MBTA internal memorandum re: TRA dated August 28, 2002

  TRA letter to Anna Barry dated June 12, 2003

  MBTA letter to TRA dated August 28, 2002 with attachment

RESPONSE NO. 68

None.

REQUEST NO. 69

Complete copies of all minutes of meetings of the board of directors and/or officers of the defendant from July 30, 2002 up to and including the present.

RESPONSE NO. 69

The defendant object to this request as it seeks information which is irrelevant.

REQUEST NO. 70

Complete copies of all minutes of meetings of the board of directors and/or officers of the defendant that reflect any reference to, discussion about, vote on or other mention of this. medical emergencies on board trains and/or medical emergency policies, procedures, reporting, training or equipment since July 30, 1992.

RESPONSE NO. 70

Please refer to defendant's response to Request No. 69.

                                              Defendant,
                                              Massachusetts Bay Transportation Authority
                                              By its attorneys,

                                              /s/ William J. Dailey, Jr.
                                              William J. Dailey, Jr., BBO No. 112200
                                              Harry A. Pierce, BBO No. 399275
                                              Sloane & Walsh, LLP
                                              Three Center Plaza
                                              Boston, MA 02108
                                              (617) 523-6010

DATED: January 12, 2005