UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04-CV-12080-PBS

| | |
|---|---|
| MARLENE V. ALLEN, Executrix of the Estate of James R. Allen, Ph.D., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATIONAL RAILROAD PASSENGER SERVICE (a/k/a "AMTRAK") and CSX TRANSPORTATION, INC., | ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT, MASSACHUSETTS BAY TRANSPORTATION AUTHORITY 'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND CROSS-CLAIM**

Now that the plaintiff's claims are settled, the defendant, Massachusetts Bay Transportation Authority ("MBTA") moves the Court, pursuant to F. R. Civ. P. Rule 15, for leave to amend its Answer in order to plead a cross-claim against its co-defendant National Railroad Passenger Association ("Amtrak") seeking a declaratory judgment concerning Amtrak's obligation to indemnify the MBTA. There is no prejudice to any party, and judicial economy will be served by permitting the amended answer.

**The Crossclaim**

The cross-claim against Amtrak is based on an agreement pursuant to which Amtrak operates the MBTA commuter lines, the Operating Agreement. Proposed Amended Answer and Cross-Claim Exhibit 1. The Operating Agreement requires the MBTA to indemnify Amtrak for damage or injury caused by Amtrak unless Amtrak's

conduct is sufficiently egregious to constitute specifically defined "excluded conduct" in which event Amtrak must indemnify the MBTA. Exhibit 1, sections 15(a), (d)).[1]

The plaintiff contended the conduct of Amtrak provided the basis for the award of punitive damages. If this is so, it would appear to trigger the "excluded conduct language" of the Operating Agreement. The MBTA seeks to have the question of indemnity settled in the existing lawsuit as a matter of judicial economy and convenience of Court and counsel. The Court is familiar with the facts. The reason this motion was deliberately held in abeyance until now was because it would have severely complicated the tort case. There is no prejudice to the plaintiff because the MBTA waited until the plaintiff's claims were settled. There is no prejudice to Amtrak as Amtrak and the MBTA must have the indemnity issues resolved at some point.

The Defendant,
Massachusetts Bay Transportation
Authority,
By its attorneys,


/s/ Harry A. Pierce
William J. Dailey, Jr., BBO# 112200
Harry A. Pierce, BBO# 399275
Sloane & Walsh, LLP
Three Center Plaza
Boston, MA  02108
617-523-6010

Dated:  September 29 2005

S:\ALLEN, ESTATE OF JAMES V. MBTA, ET AL - MB105-8087\Pleadings\Trial\Motion to Amend Answer.doc

---

[1] The contract provides: "Excluded Conduct is conduct for which there is clear and convincing evidence that the liability arises out of an act or omission by [AMTRAK] which constitutes oppression, fraud, or malice." Id. Sec 15 (d) (1). Malice is defined as intentional or "despicable" conduct carried on with a "willful and conscious disregard of the rights or safety of others." Oppression is defined as "despicable" conduct that "subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Id. Sec. 15 (d) (2).

2