UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04-CV-12080-PBS

| | |
|---|---|
| MARLENE V. ALLEN, Executrix of the Estate of James R. Allen, Ph.D., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATIONAL RAILROAD PASSENGER SERVICE (a/k/a "AMTRAK") and CSX TRANSPORTATION, INC., | ) ) ) ) ) |
| Defendants. | ) |

**AMENDED ANSWER AND CROSS-CLAIM OF THE DEFENDANT,
MASSACHUSETTS BAY TRANSPORTATION AUTHORITY**

**ANSWER**

1.  The defendant, Massachusetts Bay Transportation Authority is without knowledge concerning the allegations contained in this paragraph and calls upon the plaintiff to prove her appointment.

2.  The defendant, Massachusetts Bay Transportation Authority says this paragraph states a conclusion of law which is for the Court to determine.

3.  The defendant Massachusetts Bay Transportation Authority is without knowledge as to the allegations of paragraph 3 of the complaint.

4.  The defendant Massachusetts Bay Transportation Authority is without knowledge as to the allegations of paragraph 4 of the complaint.

5.  The defendant Massachusetts Bay Transportation Authority cannot respond to the allegations of paragraph 5 of the complaint as they state conclusions of law, and to the extent a response is required the defendant denies the allegations.

6.  The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 6 of the complaint on information and belief.

7. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 7 of the complaint on information and belief.

8. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 8 of the complaint on information and belief.

9. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 9 of the complaint on information and belief.

10. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 10 of the complaint on information and belief.

11. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 11 of the complaint on information and belief.

12. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 12 of the complaint on information and belief.

13. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 13 of the complaint on information and belief.

14. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 14 of the complaint on information and belief.

15. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 15 of the complaint on information and belief.

16. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 16 of the complaint on information and belief.

17. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 17 of the complaint on information and belief.

18. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 18 of the complaint on information and belief.

19. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 19 of the complaint on information and belief.

20. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 20 of the complaint on information and belief.

## COUNT I

21. The Defendant, Massachusetts Bay Transportation Authority incorporates and reasserts paragraphs 1 through 20 of this Answer as if set forth fully herein.

22. The defendant Massachusetts Bay Transportation Authority cannot respond to the allegations of paragraph 22 of the complaint as they state conclusions of law, and to the extent a response is required the defendant denies the allegations.

23. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 23 of the complaint.

24. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 24 of the complaint.

25. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 25 of the complaint.

## COUNT II

26. The defendant Massachusetts Bay Transportation Authority incorporates and reasserts paragraphs 1 through 26 of this Answer as if set forth fully herein.

27. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 27 of the complaint.

28. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 28 of the complaint.

## COUNT III

29. The defendant Massachusetts Bay Transportation Authority incorporates and reasserts paragraphs 1 through 28 of this Answer as if set forth fully herein.

30. The defendant Massachusetts Bay Transportation Authority cannot respond to the allegations of paragraph 30 of the complaint as they state conclusions of law, and to the extent a response is required the defendant denies the allegations.

31. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 31 of the complaint.

32. The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 32 of the complaint.

33.  The defendant Massachusetts Bay Transportation Authority denies the allegations of paragraph 33 of the complaint on information and belief.

## GENERAL STATEMENT

The following affirmative defenses are pled in accordance with the requirements of the Federal Rules of Civil Procedure and to provide the plaintiffs and their attorney with notice that these affirmative defenses will be relied upon if evidence is developed during discovery to support the affirmative defenses. If such evidence is not developed during discovery, the affirmative defenses will be waived.

## FIRST AFFIRMATIVE DEFENSE

The defendant further says that the plaintiffs' complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed pursuant to Mass. Rule Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

The defendant further says that the plaintiff's claims must fail for insufficiency of process.

## THIRD AFFIRMATIVE DEFENSE

The defendant further says that the plaintiff's claims must fail for insufficiency of service of process.

## FOURTH AFFIRMATIVE DEFENSE

The defendant further says that the plaintiff's claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The defendant further says that the injuries alleged in the plaintiff's complaint, if any, were the result of the conduct of others for whose conduct this defendant is not legally responsible and, therefore, the plaintiff may not recover.

## SIXTH AFFIRMATIVE DEFENSE

The defendant denies the existence of any actions or activities which would serve as a basis for a finding of a violation of Chapter 93A and/or any of its sections; the defendant further states an award of Chapter 93A damages cannot be made against it.

## SEVENTH AFFIRMATIVE DEFENSE

The defendant denies it was negligent and further denies the plaintiff's right to punitive damages.

**THE DEFENDANT RESERVES THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES UPON COMPLETION OF DISCOVERY.**

## CROSSCLAIM

## COUNT I - DECLARATORY JUDGMENT

1. The Defendant/Plaintiff-in-Crossclaim, Massachusetts Bay Transportation Authority (MBTA), is party to a contract with the Defendant/Defendant-in-Crossclaim, National Railroad Passenger Service (AMTRAK) dated September 1, 1995, as amended, pursuant to which AMTRAK operates the commuter rail under contract with MBTA, and a copy of which is attached hereto as Exhibit A.

2. The said contract provides that MBTA indemnity AMTRAK for any liability to third parties arising out of the provision of services under the agreement "without regard to fault or negligence of AMTRAK" Contract, Sec. 15 (a).

3. The said contract also provides that MBTA will have no duty to indemnity AMTRAK if it is determined that such liability arose as a result of Excluded Conduct of AMTRAK in which event AMTRAK must indemnify MBTA. Id. Sec. 15 (d).

4. The contract provides: "Excluded Conduct is conduct for which there is clear and convincing evidence that the liability arises out of an act or omission by [AMTRAK] which constitutes oppression, fraud, or malice." Id. Sec 15 (d) (1).

5. Malice is defined as intentional or "despicable" conduct carried on with a "willful and conscious disregard of the rights or safety of others."

6. Oppression is defined as "despicable" conduct that "subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Id. Sec. 15 (d) (2).

7. Fraud is defined as an "intentional misrepresentation, deceit, or concealment of a material fact with the intention of thereby depriving a person of property or legal rights or otherwise causing injury." Id. Sec. 15 (d) (3).

8. MBTA has provided AMTRAK with notice of a claim or dispute under Sec. 19 (b) of the Contract, and a copy of such notice is attached hereto as Exhibit B.

9. The dispute that has arisen involves whether AMTRAK or MBTA, should pay for defense and indemnity with respect to any damages verdict or settlement in this action.

10. An actual controversy exists and the Defendant/Plaintiff-in-Crossclaim, MBTA, asks the Court for a binding determination of the rights and duties of the parties pursuant to G.L. c. 231A.

## COUNT II - BREACH OF CONTRACT

11. The Defendant/Plaintiff-in-Crossclaim, MBTA, realleges paragraphs 1 –10 above.

12. AMTRAK is liable for breach of contract for failure to provide a prompt accurate report on the incident as required by Sec. 12 (d) (1), and for failure to honor its obligations to indemnify MBTA based on "excluded conduct" as AMTRAK is alleged by the plaintiff to have engaged in gross negligence and reckless willful and wanton misconduct, and it must answer in damages.

WHEREFORE, the Defendant/Plaintiff-in-Crossclaim, MBTA, demands:

(1) a declaration that the Defendant/Defendant in Crossclaim, AMTRAK, is obligated to indemnify the MBTA for the claim in this case; and

(2) a judgment for money damages from AMTRAK in the amount of all attorneys' fees and indemnity payments made in settlement or by verdict, together with other relief the court deems just.

## DEMAND FOR TRIAL BY JURY

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS AND ISSUES.

        Respectfully submitted,

        The Defendant,
        Massachusetts Bay Transportation Authority,
        By its attorneys,


        /s/ Harry A. Pierce
        William J. Dailey, Jr., BBO# 112200
        Harry A. Pierce, BBO# 399275
        Sloane & Walsh, LLP
        Three Center Plaza
        Boston, MA  02108
        617-523-6010


Dated:  September 29, 2005


S:\ALLEN, ESTATE OF JAMES V. MBTA, ET AL - MB105-8087\Pleadings\Trial\Amended Answer.doc