UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

MARLENE V. ALLEN, Executrix of the Estate
of James R. Allen, Ph.D.,
                                        Plaintiff,

v.

MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY,
NATIONAL RAILROAD PASSENGER
SERVICE (a/k/a "AMTRAK") and CSX
TRANSPORTATION, INC.,
                                        Defendants.

CIVIL ACTION
NO: 04-12080-PBS

## AFFIDAVIT OF ATTORNEY BRADLEY M. HENRY

I, Bradley M. Henry, hereby state and depose on my oath and based upon my own

personal knowledge as follows:

1.      On Monday, September 26, 2005, after first conferring with counsel for the

defendants, I left a voice-mail for Robert Alba, Courtroom Clerk for the Honorable Patti Saris, to

advise the Court that plaintiff had reached a settlement in the case and so the pre-trial conference

scheduled for the next day would appear unnecessary.  I asked that the usual "thirty-day order"

issue and that if the Court nevertheless wished counsel to appear to please let us know.

2.      At the time that I referenced "thirty-day order," my thinking was that the Court

enters an order that the case would be dismissed automatically in thirty days if a formal

Stipulation of Dismissal were not filed.  At the time of my voice-mail message, I was aware that

counsel for the defendant Massachusetts Bay Transportation Authority ("MBTA") was intending

to file a motion to amend its answer to assert a cross-claim against defendant  National Railroad

Passenger Service (a/k/a "Amtrak").

3.      It was not my expectation that the case would actually be dismissed subject to re-opening but, rather, the reverse, that is, if a supplemental filing (i.e., a Stipulation of Dismissal) was not received within thirty days, then the case would be automatically dismissed.

4.      Consequently, plaintiff is not opposed to defendant MBTA moving to vacate the current dismissal order.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 28th DAY OF SEPTEMBER, 2005.


                                        /s/  Bradley M. Henry
                                        _____
                                        Bradley M. Henry