UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARLENE V. ALLEN, Executrix of the Estate of JAMES R. ALLEN, PH.D., <br><br> Plaintiff <br><br> v. <br><br> MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATIONAL RAILROAD PASSENGER SERVICE (A/K/A "AMTRAK") AND CSX TRANSPORTATION, INC., <br><br> Defendant. | Civil Action <br> No. **04-12080-PBS** |

**AMTRAK'S REQUEST FOR ADDITIONAL TIME TO OPPOSE MBTA'S MOTION TO VACATE AND MOTION TO AMEND ANSWER TO ASSERT CROSS CLAIMS**

**and**

**MOTION TO WITHDRAW APPEARANCE OF COUNSEL**

Amtrak and its undersigned counsel respectfully move this court to permit its present counsel, The McCormack Firm, LLC, to withdraw its appearance as counsel. As grounds for its motion, a conflict of interest exists preventing The McCormack Firm from representing Amtrak in a dispute between the MBTA and Amtrak regarding indemnification in the above-referenced matter. Furthermore, Amtrak respectfully requests enlarging the time period for opposing the MBTA's Motion to Vacate Dismissal and its Motion to Amend Answer to Assert Cross-Claims from October 14, 2005 until October 28, 2005, an extension of two weeks from the present deadline, to permit it to retain counsel and properly prepare a substantive opposition (most

importantly, an opposition expected to be grounded upon a provision in the Operating Agreement which calls for *arbitration* as the proper forum for the dispute raised by the MBTA).

The above-captioned litigation arises from a July 30, 2002 incident on-board a commuter rail train owned by the MBTA and operated by Amtrak pursuant to an Operating Agreement between the parties. A passenger was alleged to have suffered a sudden cardiac arrest from which he ultimately died. The above plaintiff notified Amtrak and the MBTA (and CSX) of her allegations by way of a M.G.L. c. 93A demand letter, and ultimately filed suit. In the two years which followed the incident but before suit was filed, including responding to the demand letter, conducting pre-suit discovery, attending pre-suit mediation, and conducting 6 months of subsequent settlement negotiations, The McCormack Firm, LLC (formerly known as McCormack & Epstein) represented *both* the MBTA and Amtrak in defense of the claims raised by the plaintiff pursuant to the MBTA's defense and indemnity obligations to Amtrak under the Operating Agreement.

When suit was filed in July, 2004, the MBTA decided to retain separate counsel to represent it in defense of the plaintiff's lawsuit and to continue to have The McCormack Firm represent Amtrak in defense of the *plaintiff's* allegations. At the time the defendants were preparing their respective Answers, for purposes of defending against the *plaintiff's* allegations, and with plans of working towards a unified defense, a decision was made not to pursue cross-claims at that time. Indeed, as The McCormack Firm had represented *both* defendants for the previous two years a potential conflict would exist if its two clients decided to sue each other and it was understood that if there were ever subsequent litigation between the two with respect to the

indemnification issue under the Operating Agreement that The McCormack Firm would not represent either party.

In June, 2005, the MBTA advised counsel for Amtrak that it was considering asserting a cross-claim against Amtrak for indemnification pursuant to certain exclusions within the Operating Agreement. At that time, The McCormack Firm made clear, as did Amtrak, that a conflict of interest would exist under such a scenario for The McCormack Firm to continue to represent Amtrak if a claim by the MBTA was actively pursued against Amtrak. Similarly, Amtrak made clear that it would retain separate counsel and replace The McCormack Firm if the MBTA's proposed Motion to Amend Answer and Assert Cross-Claim were filed and granted. As a result, the MBTA decided not to file its Motion at that time.

On September 26, 2005 after a series of settlement activities had occurred, plaintiff's counsel advised the Court that a settlement of the plaintiff's claims had been reached and an order of dismissal entered two days later. On September 29, 2005, the MBTA filed its Motion to Vacate the Dismissal and attached, apparently for consideration, its Motion to Amend Answer and Assert Cross-Claim.

Now that the MBTA is seeking to actively initiate litigation against Amtrak, a conflict of interest has arisen precluding The McCormack Firm from continuing to represent Amtrak in this matter. In addition to having represented both the MBTA and Amtrak at the outset of this very case, The McCormack Firm continues to represent the MBTA in a host of other matters, as it has for 20 years.

Under the present time standard, Amtrak's Opposition to the MBTA's Motion(s) would be due on October 14, 2005. Amtrak is requesting a modest extension until October 28, 2005 for its counsel to appear and respond substantively to the MBTA's Motion to Amend Answer and

Assert a Cross-Claim at this late stage and in this forum. It is Amtrak's position that the indemnification issue raised by the MBTA is to be pursued through arbitration as set forth in the Operating Agreement. The MBTA has a different reading of the Operating Agreement. With the approval of the Court, Amtrak's successor counsel will set forth in detail its substantive Opposition and Defenses to the MBTA's motion on or before October 28, 2005.

For the reasons set forth above, Amtrak respectfully requests that The McCormack Firm be permitted to withdraw its appearance effective upon the appearance of successor counsel and that Amtrak and its new counsel be permitted to file its Opposition to the MBTA's Motion(s) on or before October 28, 2005.

National Railroad Passenger Corporation,
Defendant, by its Attorneys,

/s/ David T. Mitrou

Michael J. McCormack (BBO # 329680)
David T. Mitrou (BBO #645775)
**The McCormack Firm, LLC**
One International Place
Boston, MA 02110
(617) 951-2929

Date: September 30, 2005