UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04-CV-12080-PBS

---

MARLENE V. ALLEN, Executrix of the Estate )
of James R. Allen, Ph.D.,                 )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )
                                          )
MASSACHUSETTS BAY TRANSPORTATION )
AUTHORITY, NATIONAL RAILROAD              )
PASSENGER SERVICE (a/k/a "AMTRAK")        )
And CSX TRANSPORTATION, INC.,             )
                                          )
            Defendants.                   )
---

MASSACHUSETTS BAY TRANSPORTATION
AUTHORITY'S MOTION TO VACATE
<u>JUDGMENT AND AMEND ANSWER</u>

**EXHIBIT 5**

NATIONAL RAILROAD PASSENGER CORPORATION
400 West 31st Street



August 28, 2002

Jonathan P. Feltner, Esq.
First Assistant General Counsel-Trials
MBTA Legal Department
Ten Park Plaza Transportation Building
Boston, MA 02116-3974

Re:   James Richard Allen
      D/A: July 30, 2002

Dear Jonathan:

As you know, any claim on behalf of the Estate of James Allen against Amtrak and the MBTA will be defended and indemnified by the MBTA pursuant to the Operating Agreement between the MBTA and Amtrak. In Amtrak's capacity of providing Claims Services to the MBTA, however, we strongly recommend that you authorize our Claim Department to initiate contact with the family of Mr. Allen in order to both express our condolences to them and to open the door to a possible resolution of any potential claim that may arise.

Based upon the media reports of statements being made by the family and their attorney/spokesman, it appears that they are reasonable people and may be willing to close this matter for an amount that would eventually save the MBTA substantial money down the road if they end up pursuing litigation, especially if they are represented by a more zealous and unreasonable plaintiff's attorney. Of course, any settlement discussions by our claims representative would emphasize the difficult medical causation hurdles the family would face in proving that any alleged delay in treatment would have made a difference.

We recognize that the MBTA controls the issue of when settlement discussions can occur, but we strongly urge you to authorize us to initiate those discussions as soon as possible, especially before a plaintiff's attorney convinces the family that they have a large case.

We appreciate your cooperation and guidance on this matter and look forward to hearing from you.

Yours truly,

Brian J. Fitzpatrick
Senior Director
Claims/Litigation
(212) 630-6190

328419.1 DOCSNY

# Massachusetts Bay Transportation Authority

| Jane Swift | James H. Scanlan | Michael H. Mulhern |
| Governor | Secretary and MBTA Chairman | General Manager |

October 1, 2002

Mr. Brian J. Fitzpatrick
Senior Director, Claims/Litigation
National Railroad Passenger Corporation
400 West 31st Street
New York, New York 10001

Re:   James Richard Allen Incident of July 30, 2002

Dear Mr. Fitzpatrick:

I am in receipt of your letter of August 28, 2002 concerning Amtrak's desire to initiate settlement discussions with the Allen family concerning Mr. Allen's death while a commuter rail passenger on July 30, 2002. You are certainly encouraged to proceed in your normal course on this action. I am not aware, however, that any formal claim or demand has been made to either Amtrak or the MBTA. I do have information, however, that the family may be represented by Leo Boyle of Boston with respect to any personal injury claim.

With respect to your statements concerning the MBTA role in this case, we are aware of our responsibilities under the Operating Agreement. However, as you know, the MBTA does not indemnify Amtrak for conduct that exceeds negligence under the terms of the Operating Agreement. Should the Allen family assert that Amtrak's conduct with respect to this incident is grossly negligent or willful, wanton and reckless, any liability flowing from such conduct would solely be the responsibility of Amtrak. Consistent with the MBTA's position in several recent commuter rail cases, including the Beausoleil and O'Connor cases, the MBTA is alerting Amtrak to its potential for liability beyond the terms of the Operating Agreement. Obviously, of course, the MBTA would expect that, to the extent Amtrak conduct that potentially exceeds negligence plays a significant role in a court action or any prospective settlement, Amtrak should be prepared to make a substantial contribution toward resolution of this matter.

*Massachusetts Bay Transportation Authority, Ten Park Plaza, Boston, MA 02116-3974*

With these thoughts in mind, you are certainly authorized to go forward with any claim resolution activities appropriate with the Allen family at this time. Please keep us abreast of any developments in this area.

I look forward to hearing from you should you have any questions.

Very truly yours,

Jonathan P. Feltner
First Assistant General Counsel - Trials

JPF:cs

# Massachusetts Bay Transportation Authority

Mitt Romney, Governor | Kerry Healey, Lt. Governor | Daniel A. Grabauskas, Secretary and MBTA Chairman | Michael H. Mulhern, General Manager

April 8, 2003

Fred Ohly, Esquire
National Railroad Passenger Corporation
60 Massachusetts Avenue, N.E.
Suite 3E327
Washington, D.C. 20002

RE: James Richard Allen Incident of July 30, 2002

Dear Attorney Ohly:

This is to supplement our letter of October 1, 2002 from Jonathan P. Feltner, First Assistant General Counsel/Trials to Mr. Brian J. Fitzpatrick, Senior Director, Claims/Litigation, referencing the above-entitled matter.

In light of the developing specific allegations regarding this incident, please be advised that the MBTA expressly reserves all of its rights embraced by Section 15(d) of the Operating Agreement.

Very truly yours,

William A. Mitchell, Jr.
General Counsel

WAM:kam

# Massachusetts Bay Transportation Authority

*Mitt Romney*  
*Governor*

*Kerry Healey*  
*Lt. Governor*

*Daniel A. Grabauskas*  
*Secretary and MBTA Chairman*

*Michael H. Mulhern*  
*General Manager*

August 4, 2003

Fred Ohly, Esquire  
National Railroad Passenger Corporation  
60 Massachusetts Avenue, N.E.  
Suite 3E327  
Washington, D.C. 20002

RE: James Richard Allen Incident of July 30, 2002

Dear Attorney Ohly:

By letter of April 8, 2003, we advised that the MBTA was reserving all of its rights embraced by Section 15(d) of the Operating Agreement dated September 1, 1995.

To more fully explain our position:

The actions of Conductor James Peros, we believe, constituted, under all of the circumstances, despicable conduct carried on with a willful and conscious disregard of the rights and safety of others and/or conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

Such conduct constitutes "malice" under Section 15(d)(1) and/or "oppression" under Section 15(d)(2). Either category would constitute "excluded conduct" thereby obviating any MBTA duty to indemnify or hold harmless Amtrak. Ultimately, arbitration may be necessary to establish our contentions as provided in Section 19 of said Agreement pursuant to the language in Section 15(d).

The MBTA hopes this will not be necessary. However, this letter is to more specifically advise you of the MBTA's position regarding the above-captioned matter.

Very truly yours,

William A. Mitchell, Jr.  
General Counsel

WAM:kam

# Massachusetts Bay Transportation Authority

| Mitt Romney | Kerry Healey | Daniel A. Grabauskas | Michael H. Mulhern |
| Governor | Lt. Governor | Secretary and MBTA Chairman | General Manager |

August 6, 2003

Fred Ohly, Esquire
National Railroad Passenger Corporation
60 Massachusetts Avenue, N.E.
Suite 3E327
Washington, D.C. 20002

RE: James Richard Allen Incident of July 30, 2002

Dear Attorney Ohly:

    A mediation session concerning the above-referenced matter is presently scheduled for 10:00 a.m. on October 22, 2003 at the Office of John P. Fitzgerald, Esquire, of the Law Firm of Cogavin and Waystack, 2 Center Plaza, Boston, MA 02108.

    In the context of my prior letters to you of April 8th and August 4, 2003, I respectfully suggest that you or your designee attend this first mediation proceeding.

Very truly yours,

William A. Mitchell, Jr.
General Counsel

WAM:kam

# Massachusetts Bay Transportation Authority

*Mitt Romney*  
*Governor*

*Kerry Healey*  
*Lt. Governor*

*Daniel A. Grabauskas*  
*Secretary and MBTA Chairman*

*Michael H. Mulhern*  
*General Manager*

October 8, 2003

Fred Ohly, Esquire  
National Railroad Passenger Corporation  
60 Massachusetts Avenue, N.E.  
Suite 3E327  
Washington, D.C. 20002

RE: James Richard Allen Incident of July 30, 2002

Dear Attorney Ohly:

Referencing my letter to you of August 6, 2003, I again advise that a mediation session concerning the Allen case is scheduled for 10:00 a.m. on October 22, 2003 at the Office of John P. Fitzgerald, Esquire of the Law Firm of Cogavin and Waystack, 2 Center Plaza, Boston, MA 02108.

I have been told by our counsel that they have had contact with Attorney Mark Landman whose stated intent was not to attend this first mediation.

It is my belief that his presence is most desirable given the nature of the case, as well as, our reservation of all of our rights embraced by Section 15(d) of the Operating Agreement dated September 1, 1995. Our position is more fully set forth in my letter to you of August 4, 2003.

I ask that you and Attorney Landman reconsider.

Very truly yours,

William A. Mitchell, Jr.  
General Counsel

WAM:kam

# Massachusetts Bay Transportation Authority

| Mitt Romney | Kerry Healey | Daniel A. Grabauskas | Michael H. Mulhern |
| Governor | Lt. Governor | Secretary and MBTA Chairman | General Manager |

VIA FACSIMILE AND  
U.S. MAIL

October 16, 2003

Fred Ohly, Esquire  
National Railroad Passenger Corporation  
60 Massachusetts Avenue, N.E.  
Suite 3E327  
Washington, D.C. 20002

RE: James Richard Allen Incident of July 30, 2002

Dear Attorney Ohly:

    Attached hereto is a copy of my letter to you of August 4, 2003. It is our intention to rely upon the provisions of Section 15(d) cited therein. Should arbitration confirm our contention that the conduct of Conductor James Peros and other employees of Amtrak are embraced by said Section, any duty of MBTA to indemnify or hold harmless Amtrak would be obviated.

    I again advise that the first mediation session concerning this case is scheduled for 10:00 a.m. on October 22, 2003 at the Office of John P. Fitzgerald, Esquire of the Law Firm of Cogavin and Waystack, 2 Center Plaza, Boston, MA 02108.

    Under the circumstances hereinabove set forth, it would be a conflict of interest for our Counsel to represent both the MBTA and Amtrak at mediation. Accordingly, we shall not do so.

    I again stress the importance of having Amtrak Counsel present in order to maximize efforts to at least explore the possibility of settlement.

    Would you please advise in writing, by Monday, October 20, 2003 as to whether or not Amtrak Counsel shall attend the mediation session of October 22, 2003.

    I am sure you appreciate that this is "a case of substance" and, in the context of our position set forth in our correspondence of October 1, 2002, April 8, August 4, August 6 and October 8, 2003, that your representation by separate Amtrak Counsel is mandated at this first mediation session.

    I await your reply.

Very truly yours,

William A. Mitchell, Jr.  
General Counsel

*Massachusetts Bay Transportation Authority, Ten Park Plaza, Boston, MA 02116-3974*

# Massachusetts Bay Transportation Authority

| Mitt Romney | Kerry Healey | Daniel A. Grabauskas | Michael H. Mulhern |
|---|---|---|---|
| Governor | Lt. Governor | Secretary and MBTA Chairman | General Manager |

**VIA FACSIMILE AND**
**REGULAR U.S. MAIL**

October 16, 2003

Mr. Charles E. Mandolia
Deputy General Counsel
National Railroad Passenger Corporation
60 Massachusetts Avenue, N.E.
Suite 3E327
Washington, D.C. 20002

RE:   James Richard Allen Incident of July 30, 2002

Dear Mr. Mandolia:

The time of your facsimile received and dated October 16, 2003 mandates my presumption that it is in response to our facsimile to Mr. Ohly of today rather than of October 8, 2003.

Section 15(a) of the Operating Agreement does require the MBTA to defend Amtrak in this matter. However, because of our claim of "excluded conduct", it should be obvious that for McCormack and Epstein to represent both the MBTA and Amtrak would constitute a clear conflict of interest. We shall avoid this.

We offer two alternatives: you select Counsel to represent Amtrak (commencing at the October 22, 2003 mediation session) whom we shall reasonably reimburse, or request that we obtain separate Counsel to represent Amtrak, at our expense, which would bar any claim of conflict of interest.

Please advise immediately as to which of these alternatives you elect.

Very truly yours,

William A. Mitchell, Jr.
General Counsel

WAM:kam

NATIONAL RAILROAD PASSENGER CORPORATION

60 Massachusetts Avenue, NE, Washington, DC 20002

Telephone 202.906.3842
Fax 202.906.2019



October 16, 2003

William A. Mitchell, Jr., Esquire
General Counsel
Massachusetts Bay Transportation Authority
10 Park Plaza
Boston, Massachusetts 02116-3974

Re: James Richard Allen Incident of July 30, 2002

Dear Mr. Mitchell:

This responds to your October 8, 2003 letter to Fred Ohly, Esquire, regarding the scheduled mediation in connection with the above-entitled incident.

As you are aware, any claim on behalf of the Estate of James Allen against Amtrak and the MBTA must be defended and indemnified by the MBTA pursuant to the Operating Agreement between the MBTA and Amtrak. It is our understanding that the firm of McCormack & Epstein, as confirmed by their February 13, 2003 letter to the Allen family's counsel, is representing both the MBTA and Amtrak with respect to the claims arising out of this incident.

Based upon the foregoing, Amtrak does not intend to attend the mediation. In addition, Amtrak disagrees with your characterization of Conductor James Peros' action as stated in your August 4, 2003 to Mr. Ohly. We further disagree that his alleged actions constitute "Excluded Conduct" under the Operating Agreement. We fully expect the MBTA to honor its obligations imposed under the Operating Agreement and continue to defend and indemnify Amtrak in this matter.

Please let us know if we can be of any assistance to you or your outside counsel in the defense of this claim. In the future, I request that you communicate with me rather than Mr. Ohly regarding this incident.

Sincerely,

Charles E. Mandolia
Deputy General Counsel

cc: Frederick C. Ohly, Esquire
    Mark S. Landman, Esquire

NATIONAL RAILROAD PASSENGER CORPORATION
60 Massachusetts Avenue, NE, Washington, DC 20002

Telephone 202.906.3842
Fax 202.906.2019



**Via Facsimile and Overnight Mail**

October 17, 2003

William A. Mitchell, Jr., Esquire
General Counsel
Massachusetts Bay Transportation Authority
10 Park Plaza
Boston, Massachusetts 02116-3974

Re: James Richard Allen Incident of July 30, 2002

Dear Mr. Mitchell:

This responds to your October 16, 2003 letter regarding Amtrak's representation with respect to the claim arising out of the above-entitled incident.

As you have properly acknowledged, Section 15(a) of the Operating Agreement requires the MBTA to defend Amtrak in this matter and there is no exception for this duty to defend. Pursuant to Section 15(d), the duty to indemnify exists until the MBTA receives a determination, pursuant to arbitration as provided in Section 19, that such liability arose as a result of the Excluded Conduct of Amtrak. We continue to strongly disagree that there is any evidence, let alone "clear and convincing evidence," that the liability for this incident arose out of Excluded Conduct as set forth in the Agreement.

Moreover, separate and apart from its duty to defend and indemnify, pursuant to Section 14(a) of the Agreement, the MBTA was obligated to procure general liability insurance on behalf of Amtrak, covering any claims that would arise against Amtrak for this incident, "including coverage for punitive or exemplary damages, with a combined single limit of $75,000,000 per occurrence."

Please forward to us the name and address of Amtrak's insurer, as secured by the MBTA pursuant to Section 14(a), a copy of your notification letter to this insurer with respect to this incident, and a copy of the insurance policy itself. Please provide the requested insurance information within 10 days.

If the MBTA exercised its right to self-insure for this loss pursuant to Section 14(a), we assume that the McCormack & Epstein firm will continue to represent both the MBTA

and Amtrak as they have been doing since at least prior to February 13, 2003. You will note that Section 14(e) of the Agreement further provides that self-insurance "programs or retentions must provide at least the same protection from liability and defense of suits as would be afforded by 'first dollar' insurance."

Thus, based upon both Sections 14 and 15 of the Agreement, McCormack & Epstein should not have any conflict in representing both the MBTA and Amtrak since the obligation to provide insurance eliminates any possibility of Amtrak ultimately having any liability in this matter. In addition, if McCormack & Epstein did have a conflict regarding its joint representation, it is far too late for you to raise that issue with Amtrak at this point in time, at least 8 months after they commenced representing Amtrak in this matter. We assume, of course, that McCormack & Epstein will take no actions during the course of their handling of this claim or any subsequent litigation, that would be adverse to the interests of Amtrak.

Finally, as a strategic matter in dealing with the claimant's attorney at the upcoming mediation, we believe the MBTA will achieve the most reasonable resolution if it and Amtrak are represented by one firm presenting a united defense.

We will be happy to provide you with any assistance you or McCormack & Epstein require in the defense of this matter.

Sincerely,

Charles E. Mandolia
Deputy General Counsel


cc:   Frederic C. Ohly, Esq.
      Mark S. Landman, Esq.
      Michael J. McCormack, Esq. (via telecopier)
      McCormack & Epstein          (617) 951-2672

# Massachusetts Bay Transportation Authority

| Mitt Romney | Kerry Healey | Daniel A. Grabauskas | Michael H. Mulhern |
|---|---|---|---|
| Governor | Lt. Governor | Secretary and MBTA Chairman | General Manager |

**VIA FACSIMILE AND**
**REGULAR U.S. MAIL**

October 21, 2003

Mr. Charles E. Mandolia
Deputy General Counsel
National Railroad Passenger Corporation
60 Massachusetts Avenue, N.E.
Suite 3E327
Washington, D.C. 20002

RE: James Richard Allen Incident of July 30, 2002

Dear Mr. Mandolia:

  I am in receipt of your letter of October 17, 2003. The MBTA has made its position clear that it views Amtrak's conduct as "Excluded Conduct" as that term is defined in the Agreement. Should this conclusion be sustained, then it would give rise to a conflict of interest on the part of McCormack and Epstein, if it were to represent both the MBTA and Amtrak in the mediation and any future proceedings. In my letter of October 16, 2003, I offered two alternatives to avoid this problem. You have declined both offers, indicating that you perceive no conflict of interest issue. Accordingly, without in any way undermining the MBTA's position concerning a conflict of interest, I have, pursuant to the Agreement, instructed McCormack and Epstein to represent Amtrak at the mediation. Rest assured that as professionals and at the MBTA's instructions, McCormack and Epstein will exert their best efforts on behalf of the MBTA and Amtrak. Please be advised that the MBTA deems Amtrak's conduct as constituting a permanent waiver, on your part, to ever raise the issue of "conflict of interest" against the MBTA and McCormack and Epstein with respect to the defense and resolution of the claim brought by the Estate of James Allen.

  The insurance policy you have requested will be sent under separate cover.

  We repeat our invitation to, at the minimum, attend and observe (if not actively participate) in the mediation session of October 22, 2003.

Very truly yours,

William A. Mitchell, Jr.
General Counsel

WAM:kam

*Massachusetts Bay Transportation Authority, Ten Park Plaza, Boston, MA 02116-3974*

# Massachusetts Bay Transportation Authority

| Mitt Romney | Kerry Healey | Daniel A. Grabauskas | Michael H. Mulhern |
| Governor | Lt. Governor | Secretary and MBTA Chairman | General Manager |

<u>VIA FACSIMILE AND</u>
<u>REGULAR U.S. MAIL</u>

October 22, 2003

Mr. Charles E. Mandolia
Deputy General Counsel
National Railroad Passenger Corporation
60 Massachusetts Avenue, N.E.
Suite 3E327
Washington, D.C. 20002

RE: James Richard Allen Incident of July 30, 2002

Dear Mr. Mandolia:

Please forward to me the name and address of the insurer as procured by Amtrak as required by Section 14(b) of the Agreement and a copy of the insurance policy itself.

Please provide same within 10 days.

Very truly yours,

William A. Mitchell, Jr.
General Counsel

WAM:kam

NATIONAL RAILROAD PASSENGER CORPORATION
60 Massachusetts Avenue, NE, Washington, DC 2000:

Telephone 202.906.3842
Fax 202.906.2019



October 23, 2003

William A. Mitchell, Jr., Esquire
General Counsel
Massachusetts Bay Transportation Authority
10 Park Plaza
Boston, Massachusetts 02116-3974

Re: James Richard Allen Incident of July 30, 2002

Dear Mr. Mitchell:

This responds to your October 22, 2003 letter requesting information regarding the insurance coverage Amtrak was required to purchase pursuant to Section 14(b) of the Operating Agreement. As you know, Section 14(b) provides as follows:

> (b) **Third-party liability: Amtrak.** — Amtrak shall procure and maintain in full force and effect during the term of this Agreement (including any Option Years) general liability insurance covering all third-party claims and liabilities described in subsection (a) greater than $75,000,000 and less than or equal to $200,000,000 per occurrence.

We do not understand why you would need insurance information concerning coverage for losses greater than $75 million in connection with the above-entitled incident. This case clearly does not have that amount of exposure or anything even remotely approaching it. Because of the high level of coverage being provided, Amtrak placed this coverage with several different insurers. We will provide you with that information if you can explain to us the good faith basis for your request, as it obviously is unrelated to the above-entitled incident.

Finally, with regard to your letter dated October 21, 2003, concerning McCormack & Epstein's continued joint representations of both the MBTA and Amtrak, we do not perceive a conflict of interest as long as they take no steps adverse to the interests of

William A. Mitchell, Jr., Esquire
October 23, 2003
Page 2



either of their clients. We remain fully confident that McCormack & Epstein will continue to professionally represent both the MBTA and Amtrak.

Sincerely,

Charles E. Mandolia
Deputy General Counsel

cc: Frederick C. Ohly, Esquire
    Mark S. Landman, Esquire

# Massachusetts Bay Transportation Authority

| Mitt Romney | Kerry Healey | Daniel A. Grabauskas | Michael H. Mulhern |
| Governor | Lt. Governor | Secretary and MBTA Chairman | General Manager |

**VIA FACSIMILE AND**
**REGULAR U.S. MAIL**

October 27, 2003

Mr. Charles E. Mandolia
Deputy General Counsel
National Railroad Passenger Corporation
60 Massachusetts Avenue, N.E.
Suite 3E327
Washington, D.C. 20002

RE: James Richard Allen Incident of July 30, 2002

Dear Mr. Mandolia:

Please find enclosed, pursuant to your request, the insurance documents you requested in your letter of October 17, 2003.

We are awaiting your insurance policy mandated by Section 14(b) of the Agreement requested in our letter of October 22, 2003.

Very truly yours,

William A. Mitchell, Jr.
General Counsel

WAM:kam

# Massachusetts Bay Transportation Authority

| Mitt Romney | Kerry Healey | Daniel A. Grabauskas | Michael H. Mulhern |
| --- | --- | --- | --- |
| Governor | Lt. Governor | Secretary and MBTA Chairman | General Manager |

**VIA FACSIMILE AND**
**REGULAR U.S. MAIL**

October 28, 2003

Mr. Charles E. Mandolia
Deputy General Counsel
National Railroad Passenger Corporation
60 Massachusetts Avenue, N.E.
Suite 3E327
Washington, D.C. 20002

RE: James Richard Allen Incident of July 30, 2002

Dear Mr. Mandolia:

I am in receipt of your letter of October 23, 2003.

There is no language in the Operating Agreement making "a showing of good faith" a necessary pre-requisite for the MBTA making a request of Amtrak relative to whether or not it has complied with its contractual obligation.

Section 14(h) states that a failure of a party to "procure or maintain insurance required under this Section constitutes a material breach of the Agreement by that party."

Accordingly, we again request that you provide us with the names of the several different insurers to whom you have referred.

Once again, we emphasize that our intent to pursue arbitration constitute a conflict of interest per se with regard to McCormack and Epstein's continued joint representation of both the MBTA and Amtrak - at your demand, our explanations in prior correspondence, notwithstanding.

Please provide the insurance information within ten days of this letter.

Very truly yours,

William A. Mitchell, Jr.
General Counsel

WAM:kam

Massachusetts Bay Transportation Authority, Ten Park Plaza, Boston, MA 02116-3974

NATIONAL RAILROAD PASSENGER CORPORATION
400 West 31st Street, New York, NY 10001



September 20, 2004

William A. Mitchell, Jr., Esq.
General Counsel
Massachusetts Bay Transportation Authority
10 Park Plaza
Boston, MA 02116-3974

Re: Marlene V. Allen v. MBTA, et al., D/O/I: July 30, 2002

Dear Mr. Mitchell:

Enclosed herewith is the Summons and Complaint and Plaintiff's Discovery Requests in the above-entitled action, which was served on National Railroad Passenger Corporation ("Amtrak") on September 13, 2004. Pursuant to the Operating Agreement between the MBTA and Amtrak, we are tendering Amtrak's defense to the MBTA and request that the MBTA continue to defend and indemnify Amtrak in this action. As you know, the firm of McCormack & Epstein has been representing both Amtrak and the MBTA with respect to the claim arising out of this incident since February 13, 2003. We assume that they will continue to represent Amtrak's interest.

Please let us know if we can be of any assistance to you or your outside counsel in the defense of this lawsuit. We strongly recommend that this action be removed to federal court.

At your earliest convenience, please confirm to us in writing that the MBTA and McCormack & Epstein will continue to represent Amtrak's interest in this matter.

Your continuing cooperation is appreciated.

Sincerely,

Brian J. Fitzpatrick
Sr. Director Claims/Litigation
(212) 630-6190
Enclosure