# EXHIBIT A

10/20/05 17:06 FAX 617 227 0927      SLOANE WALSH                              ☐007
06/20/2005 16:09    617-222-3194     MBTA LAW DEPARTMENT                    PAGE 06



# Massachusetts Bay Transportation Authority

| Mitt Romney | Kerry Healey | Daniel A. Grabauskas | Michael H. Mulhern |
| Governor | Lt. Governor | Secretary and MBTA Chairman | General Manager |

August 4, 2003

Fred Ohly, Esquire
National Railroad Passenger Corporation
60 Massachusetts Avenue, N.E.
Suite 3E327
Washington, D.C. 20002

RE: James Richard Allen Incident of July 30, 2002

Dear Attorney Ohly:

By letter of April 8, 2003, we advised that the MBTA was reserving all of its rights embraced by Section 15(d) of the Operating Agreement dated September 1, 1995.

To more fully explain our position:

The actions of Conductor James Peros, we believe, constituted, under all of the circumstances, despicable conduct carried on with a willful and conscious disregard of the rights and safety of others and/or conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

Such conduct constitutes "malice" under Section 15(d)(1) and/or "oppression" under Section 15(d)(2). Either category would constitute "excluded conduct" thereby obviating any MBTA duty to indemnify or hold harmless Amtrak. Ultimately, arbitration may be necessary to establish our contentions as provided in Section 19 of said Agreement pursuant to the language in Section 15(d).

The MBTA hopes this will not be necessary. However, this letter is to more specifically advise you of the MBTA's position regarding the above-captioned matter.

Very truly yours,

William A. Mitchell, Jr.
General Counsel

WAM:kam

# EXHIBIT B

10/20/05 17:06 FAX 617 227 0927    SLOANE WALSH                  ☒010
05/20/2005  16:08    617-222-3194    MBTA LAW DEPARTMENT         PAGE  03



# Massachusetts Bay Transportation Authority

| Mitt Romney | Kerry Healey | Daniel A. Grabauskas | Michael H. Mulhern |
| --- | --- | --- | --- |
| Governor | Lt. Governor | Secretary and MBTA Chairman | General Manager |

<u>VIA FACSIMILE AND</u>
<u>U.S. MAIL</u>                              October 16, 2003

Fred Ohly, Esquire
National Railroad Passenger Corporation
60 Massachusetts Avenue, N.E.
Suite 3E327
Washington, D.C. 20002

RE:   James Richard Allen Incident of July 30, 2002

Dear Attorney Ohly:

    Attached hereto is a copy of my letter to you of August 4, 2003. It is our intention to rely upon the provisions of Section 15(d) cited therein. Should arbitration confirm our contention that the conduct of Conductor James Peros and other employees of Amtrak are embraced by said Section, any duty of MBTA to indemnify or hold harmless Amtrak would be obviated.

    I again advise that the first mediation session concerning this case is scheduled for 10:00 a.m. on October 22, 2003 at the Office of John P. Fitzgerald, Esquire of the Law Firm of Cogavin and Waystack, 2 Center Plaza, Boston, MA 02108.

    Under the circumstances hereinabove set forth, it would be a conflict of interest for our Counsel to represent both the MBTA and Amtrak at mediation. Accordingly, we shall not do so.

    I again stress the importance of having Amtrak Counsel present in order to maximize efforts to at least explore the possibility of settlement.

    Would you please advise in writing, by Monday, October 20, 2003 as to whether or not Amtrak Counsel shall attend the mediation session of October 22, 2003.

    I am sure you appreciate that this is "a case of substance" and, in the context of our position set forth in our correspondence of October 1, 2002, April 8, August 4, August 6 and October 8, 2003, that your representation by separate Amtrak Counsel is mandated at this first mediation session.

    I await your reply.

                                      Very truly yours,

                                      William A. Mitchell, Jr.
                                      General Counsel

*Massachusetts Bay Transportation Authority, Ten Park Plaza, Boston, MA 02116-3974*

# EXHIBIT C



# Massachusetts Bay Transportation Authority

| Mitt Romney | Kerry Healey | Daniel A. Grabauskas | Michael H. Mulhern |
| Governor | Lt. Governor | Secretary and MBTA Chairman | General Manager |

**VIA FACSIMILE AND**
**REGULAR U.S. MAIL**

October 28, 2003

Mr. Charles E. Mandolia
Deputy General Counsel
National Railroad Passenger Corporation
60 Massachusetts Avenue, N.E.
Suite 3E327
Washington, D.C. 20002

RE: James Richard Allen Incident of July 30, 2002

Dear Mr. Mandolia:

I am in receipt of your letter of October 23, 2003.

There is no language in the Operating Agreement making "a showing of good faith" a necessary pre-requisite for the MBTA making a request of Amtrak relative to whether or not it has complied with its contractual obligation.

Section 14(h) states that a failure of a party to "procure or maintain insurance required under this Section constitutes a material breach of the Agreement by that party."

Accordingly, we again request that you provide us with the names of the several different insurers to whom you have referred.

Once again, we emphasize that our intent to pursue arbitration constitute a conflict of interest per se with regard to McCormack and Epstein's continued joint representation of both the MBTA and Amtrak — at your demand, our explanations in prior correspondence, notwithstanding.

Please provide the insurance information within ten days of this letter.

Very truly yours,

William A. Mitchell, Jr.
General Counsel

WAM:kam

**EXHIBIT D**

10/20/05  17:07 FAX 617 227 0927    SLOANE WALSH                                    ☒013
06/20/2005  15:08    617-222-3194                MBTA LAW DEPARTMENT                PAGE  11

NATIONAL RAILROAD PASSENGER CORPORATION
60 Massachusetts Avenue, NE, Washington, DC 20002

Telephone 202.906.3842
Fax 202.906.2039



**Via Facsimile and Overnight Mail**

October 17, 2003

William A. Mitchell, Jr., Esquire
General Counsel
Massachusetts Bay Transportation Authority
10 Park Plaza
Boston, Massachusetts 02116-3974

Re: James Richard Allen Incident of July 30, 2002

Dear Mr. Mitchell:

This responds to your October 16, 2003 letter regarding Amtrak's representation with respect to the claim arising out of the above-entitled incident.

As you have properly acknowledged, Section 15(a) of the Operating Agreement requires the MBTA to defend Amtrak in this matter and there is no exception for this duty to defend. Pursuant to Section 15(d), the duty to indemnify exists until the MBTA receives a determination, pursuant to arbitration as provided in Section 19, that such liability arose as a result of the Excluded Conduct of Amtrak. We continue to strongly disagree that there is any evidence, let alone "clear and convincing evidence," that the liability for this incident arose out of Excluded Conduct as set forth in the Agreement.

Moreover, separate and apart from its duty to defend and indemnify, pursuant to Section 14(a) of the Agreement, the MBTA was obligated to procure general liability insurance on behalf of Amtrak, covering any claims that would arise against Amtrak for this incident, "including coverage for punitive or exemplary damages, with a combined single limit of $75,000,000 per occurrence."

Please forward to us the name and address of Amtrak's insurer, as secured by the MBTA pursuant to Section 14(a), a copy of your notification letter to this insurer with respect to this incident, and a copy of the insurance policy itself. Please provide the requested insurance information within 10 days.

If the MBTA exercised its right to self-insure for this loss pursuant to Section 14(a), we assume that the McCormack & Epstein firm will continue to represent both the MBTA



and Amtrak as they have been doing since at least prior to February 13, 2003. You will note that Section 14(e) of the Agreement further provides that self-insurance "programs or retentions must provide at least the same protection from liability and defense of suits as would be afforded by 'first dollar' insurance."

Thus, based upon both Sections 14 and 15 of the Agreement, McCormack & Epstein should not have any conflict in representing both the MBTA and Amtrak since the obligation to provide insurance eliminates any possibility of Amtrak ultimately having any liability in this matter. In addition, if McCormack & Epstein did have a conflict regarding its joint representation, it is far too late for you to raise that issue with Amtrak at this point in time, at least 8 months after they commenced representing Amtrak in this matter. We assume, of course, that McCormack & Epstein will take no actions during the course of their handling of this claim or any subsequent litigation, that would be adverse to the interests of Amtrak.

Finally, as a strategic matter in dealing with the claimant's attorney at the upcoming mediation, we believe the MBTA will achieve the most reasonable resolution if it and Amtrak are represented by one firm presenting a united defense.

We will be happy to provide you with any assistance you or McCormack & Epstein require in the defense of this matter.

Sincerely,

Charles E. Mandolia
Deputy General Counsel

cc:   Frederic C. Ohly, Esq.
      Mark S. Landman, Esq.
      Michael J. McCormack, Esq. (via telecopier)
      McCormack & Epstein         (617) 951-2672